Honorable James L. Robart

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

VERIDIAN CREDIT UNION, on behalf of itself and a
class of similarly situated financial institutions,

           Plaintiff,

10

11

    v.

EDDIE BAUER LLC,

12

           Defendant.

13

No. 2:17-cv-00356-JLR

DEFENDANT'S RULE 12(b)(6)
MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM

NOTE ON MOTION
CALENDAR:  May 19, 2017

14

15

## I.    **INTRODUCTION**

16

    Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Eddie Bauer, LLC. ("Eddie Bauer")

17

moves this Court for an order dismissing with prejudice and without leave to amend Plaintiff

18

Veridian Credit Union's ("Veridian") Class Action Complaint ("Complaint") for failure to state a

19

claim upon which relief can be granted.

20

## II.    **BRIEF OVERVIEW**

21

    Veridian is a credit union that is chartered and headquartered in Iowa and restricts

22

membership to persons who live or work in Iowa. Dkt. 1 at ¶ 10. Veridian alleges that as a result

23

of "a security breach from or around January 2, 2016 to July 17, 2016 . . . compromised the

24

names, credit and debit card numbers, card expiration dates, card verification values ('CVVs'),

25

and other credit and debit card information . . . of customers at approximately 350 American and

26

Canadian locations of Defendant's Eddie Bauer's stores[.]" *Id.* at ¶ 1. Veridian's claimed harm is

27

not particularly clear. The Complaint vaguely alleges Veridian was forced to "take *one or more*

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 0

USDC WD WA NO. 2:17-cv-00356-JLR

4811-2069-2359.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1    of the following actions": (a) cancel or reissue credit and debit cards; (b) close and/or open or

2    reopen deposit, transaction, checking or other accounts affected by the breach; (c) refund or

3    credit any cardholder to cover the cost of unauthorized transactions relating to the breach; (d)

4    respond to a higher volume of complaints, confusion and concern; (e) increase fraud monitoring

5    efforts; *and/or* (f) other unidentified lost revenues as a result of the breach.[1] Dkt. 1 at ¶ 2

6    (emphasis added). Based on these allegations, Veridian brings this putative national class action

7    in Washington, pursuing claims for (1) negligence, (2) negligence *per se*, (3) declaratory and

8    injunctive relief, (4) violation of Washington's RCW 19.255.020, and (5) violation of

9    Washington's Consumer Protection Act ("CPA").

10                            III.   **ARGUMENT**

11           A motion to dismiss is appropriate when the plaintiff has "failed to state a claim upon

12   which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations in a complaint must be pled

13   with enough specificity. *Bell Atlantic v. Twombly*, 550 US 544, 555 (2007); *Iqbal v. Ashcroft*,

14   556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a claim must be more

15   than "possible" or "conceivable" and instead must be supported by "factual content that allows

16   the court to draw the reasonable inference that the defendant is liable for the misconduct

17   alleged." *Id.* at 663, 678 (citations omitted). "Threadbare recitals of the elements of a cause of

18   action, supported by mere conclusory statements, do not suffice." *Id.* at 663.

19           Veridian has failed to allege sufficient facts to support its claims. Veridian has filed suit

20   in Washington, apparently in an effort to avoid the effects of the unfavorable law of its home

21   state. But applying Washington choice of law rules, the Court should find Iowa law governs and

---

[1] Veridian should know and thus allege with specificity which of the enumerated actions it took. Veridian would be hard-pressed to justify its claims if, for example, it merely "responded to a higher volume of complaints, confusion and concern" and/or "increase[d] its fraud monitoring" but saw no actual fraudulent charges (and thus *no actual fraud losses*). Veridian goes further by alleging it has been "forced to protect their customers and avoid fraud losses by cancelling and reissuing cards" (Dkt. 1 at ¶ 58) and that the "cancellation and reissuance of cards resulted in significant damages and losses" (*id.* ¶ 59). It may be that Veridian is unable to allege any actual fraud losses and the claim is simply for reimbursement of reissuance costs. But Veridian fails to allege how many cards it re-issued, when, where the customers were located (Veridian does not allege it has any members in Washington or reissued any cards to a resident of Washington), or any other facts showing that it re-issued cards outside the normal course of doing business as a payment card-issuing financial institution.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 1

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1  that Veridian has no remedy under the law of Iowa. Should this Court decline to apply Iowa law

2  and instead apply the law of the forum (i.e. Washington law), Veridian's claims still fail.

### A.   Washington's Choice of Law and Conflict of Law Standards Require Application of Iowa Law to Each of Veridian's Claims.

A federal court sitting in diversity applies the choice of law rules of the forum state.

*Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001). Under Washington law:

> When a party raises a conflict of law issue in a personal injury case, we apply the following analytical framework to determine which law applies: (1) identify an actual conflict of substantive law, (2) if there is an actual conflict of substantive law, apply the most significant relationship test to determine which state's substantive law applies to the case, or, if there is no actual conflict, apply the presumptive law of the forum, (3) then, if applicable, apply the chosen substantive law's statute of limitations according to RCW 4.18.020.

*Woodward v. Taylor, 184 Wn.2d 911, 917 (2016).* This analysis also applies in cases involving

torts other than personal injury claims. *Rice v. Dow Chem. Co.*, 124 Wn.2d 205, 210 (1994).

### 1.   *Actual Conflicts Exist Between Washington and Iowa Law Governing Negligence, Negligence Per Se, Injunctive Relief, and Veridian's Statutory Violation Claims.*

"To engage in a choice of law determination, there must first be an actual conflict

between the laws or interests of Washington and the laws or interests of another state. *Rice*, 124

Wn.2d at 210. *"*An actual conflict of law exists where the result of an issue is different under the

laws of the interested states." *Woodward*, 184 Wn.2d at 918. As to Veridian's negligence,

negligence per se, injunctive relief claims, and claims of statutory violations, there are actual

conflicts between Washington and Iowa law.

**Negligence.** First, in Iowa, "the economic loss rule bars recovery in negligence when the

plaintiff has suffered only economic loss." *Annett Holdings, Inc. v. Kum & Go, L.C.*, 801

N.W.2d 599, 503 (Iowa 2011); *see also* Sec. III.B.1, *infra*. Washington, on the other hand, does

not recognize the economic loss doctrine, but instead recognizes the independent duty doctrine.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 2

USDC WD WA NO. 2:17-cv-00356-JLR
4811 3060 3350 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

*Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 170 Wn.2d 442, 450 (2010). Under the independent duty doctrine, a plaintiff may be allowed to proceed under a negligence theory for purely economic loss, as long as the claim is based on an independent duty the defendant owes plaintiff outside of the context of the contract. *Id.* Therefore, assuming *arguendo* that Veridian can establish Eddie Bauer owed Veridian such an independent duty, under some circumstances Veridian might be permitted to proceed with a negligence claim in Washington. In contrast, under Iowa law, the economic loss rule bars Veridian's negligence claim for purely economic losses. An actual conflict therefore exists.

**Negligence *Per Se.*** In Washington, violation of a statute does not constitute negligence *per se. See* RCW 5.40.050. Rather, such a violation can be used as evidence of the existence and breach of a duty and breach of that duty. *Mathis v. Ammons*, 84 Wn. App. 411, 417-18 (1996); *see also* Sec. III.C.2(b), *infra*. Under Iowa law, violation of a statute may be negligence *per se*, as long as the statute is specific enough to establish a standard of conduct and provides for a private cause of action. *Struve v. Payvandi*, 740 N.W.2d 436, 442-43 (Iowa Ct. App. 2007); *Meinders v. Dunkerton Cmty. Sch. Dist.*, 645 N.W.2d 632, 635 (Iowa 2002); *see also* Sec. III.B.3, *infra*. Again, assuming *arguendo* that Veridian is able to establish a violation of a sufficiently specific statute that also provides for a private cause of action, Veridian would be able to pursue a negligence *per se* claim under Iowa law. Under Washington law, however, that negligence *per se* claim would be disallowed as a standalone claim. The results under the two states' laws differ and, therefore, a conflict exists.

***Injunctive Relief.*** Iowa recognizes a standalone claim for injunctive relief. *See* Sec. III.B.5., *infra*; *see also Cunningham v. PFL Life Ins. Co.*, 42 F. Supp. 2d 872, 891 (N.D. Iowa 1999). Washington, however, has not recognized a standalone injunctive relief claim but clearly

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 3

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

recognizes that some causes of action may permit a party to seek injunctive relief. *Hockley v. Hargitt*, 82 Wn.2d 337, 350 (1973) (distinguishing the difference between the cause of action—the Washington Consumer Protection Act —and the forms of relief—injunctive and damages). Because one state recognizes a claim for injunctive relief and the other merely recognizes it as a form of relief, a conflict exists.

**Violations of the Washington Statutes.** Veridian seeks to pursue two claims alleging violations of Washington statutes. There is no Iowa counterpart to Washington's RCW 19.255.020. Further, unlike in Washington, Iowa's consumer protection statute permits a class action lawsuit only if the attorney general approves the filing of the lawsuit. Iowa Code § 714H. Actual conflicts exist between the substantive laws of the two states as to the statutory claims.

**2.** ***Iowa Has the Most Significant Relationship With Each Conflicting Claim.***

When there is a conflict of substantive law between two potentially applicable states' law, Washington applies the most significant relationship test to determine which law applies. *Woodward*, 184 Wn.2d at 917. The court "must evaluate the contacts both quantitatively and qualitatively, based upon the location of the most significant contacts as they relate to the particular issue at hand." *Martin v. Humbert Constr., Inc.*, 114 Wn. App. 823, 830, 61 P.3d 1196 (2003) (citing *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 581, 555 P.2d 997 (1976)). The analysis is a two-step process. First, the court examines which state has the most significant contacts in light of the following:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 4

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2259.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

Rest. (2d) of Conflicts of Laws, § 145. The court then examines which state has the most significant interest in applying its law on a particular issue in light of the principles stated in section 6 of the Restatement. *Johnson*, 87 Wn.2d at 580-84. "In large part, the answer to this question will depend upon whether some other state has a greater interest in the determination of the particular issue than the state where the injury occurred." *Id.* at 582. Following the two part analysis of the facts in this case results in the finding that Iowa has the most significant relationship to each of Veridian's claims.

The first factor, and the most significant here, is "where the injury occurred." Rest. (2d) of Conflicts of Laws, § 145(2)(a). Veridian is an Iowa-chartered credit union with its principal place of business in Waterloo, Iowa. Dkt. ¶ 10. According to its website, Veridian membership is only open to persons living in or working for a business located in one of sixty-five counties in Iowa or five counties in Nebraska.[2] Veridian's damages allegations are vague (*see* Sec. II n.1, *supra*), but to the extent Veridian suffered any injury at all, the economic loss alleged necessarily occurred in Iowa where Veridian's headquarters and other offices are located. Dkt. 1 at ¶ 10.

The second factor is "the place where the conduct causing the injury occurred." Rest. (2d) of Conflicts of Laws, § 145(2)(b). Veridian alleges a cyber breach by an unidentified attacker. Dkt. 1 at ¶ 1. The location where attack was launched is unknown and, as such, not alleged. Veridian is not able to allege that anything related to the cyber attack occurred in Washington.

---

[2] *Who Can Become a Member of Veridian?*, VeridianCU.org, https://www.veridiancu.org/contact-us/?kbid=8079 (last visited on April 13, 2017). Eddie Bauer requests this Court take judicial notice of the website. Judicial Notice of the website is proper because a "court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). See also Defendant's Request for Judicial Notice and the Declaration of Kathleen A. Nelson filed concurrently. Further, the contents of the website constitute a party admission and therefore are not hearsay. Fed. R. Civ. P. 801(d)(2).

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 5

USDC WD WA NO. 2:17-cv-00356-JLR
4811 2060 2359 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

As to "the domicile, residence, nationality, place of incorporation and place of business of the parties" (Rest. (2d) of Conflicts of Laws, § 145(2)(c)), Veridian is headquartered, chartered and serves customers almost exclusively in Iowa[3] and Eddie Bauer is headquartered in Washington but has retail stores across the United States. Dkt. 1 at ¶¶ 10, 11. This factor does not favor the application of either state's law.

Finally, as to "the place where the relationship, if any, between the parties is centered" (Rest. (2d) of Conflicts of Laws, § 145(2)(d)), the Complaint lacks any averments of a relationship between Veridian and Eddie Bauer.

The Court must next consider each state's interest in applying its law to Veridian's claims, to determine if any of those interests outweigh the significant contacts between Veridian's claims and Iowa, by considering the following:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Rest. (2d) of Conflicts of Laws § 6.

The connection Washington has to the facts of this case is that Washington is Eddie Bauer's home state. The law of Washington seeks to protect Washington citizens. Veridian makes no claim that it or any of its members are Washington residents or that it reissued even one credit or debit card to a Washington resident. Washington has less interest than Iowa in protecting an Iowa-chartered and headquartered credit union whose rules restrict membership to

---

[3] while also allowing persons working in five counties in Nebraska to become members

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 6

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

persons who live or work in Iowa and a few counties in Nebraska and who claims to have

suffered economic loss that, if it was incurred at all, it was in Iowa.

Iowa, on the other hand, has a substantial interest in applying its law to protect its citizens, who Veridian claims have been wronged by Eddie Bauer's conduct. *See* Dkt. 1 at ¶ 1. Further, there is no benefit in applying Washington law over Iowa law when considering Restatement factors (d) through (g). In the interest of applying the law where the injury occurred and allowing Iowa to protect its own citizens, the Court should apply Iowa law, not Washington law, to each of Veridian's claims.

### 3. *Determining Which State's Law Applies at This Stage Conserves Resources and Simplifies the Proceedings.*

The circumstances strongly suggest that filing suit in Washington is the result of forum shopping, specifically because the law of Veridian's home state is not favorable to it. Accordingly, Veridian may oppose application of Iowa law and likely will urge the Court to shy away from even engaging in a conflict of law analysis at the motion dismiss stage. Avoiding the issue now would lead to an inefficient use of judicial resources (and, if Veridian urges discovery, could involve substantial unnecessary costs to the parties). On the other hand, if this Court now addresses which state's law applies, then the claims will naturally be more focused for both the parties and the Court. This Court has not shied away from addressing choice of law issues at the motion to dismiss stage in other actions.[4]

### B. Iowa Law Mandates Dismissal of Veridian's Claims.

#### 1. *Veridian's Negligence Claims Are Barred by the Economic Loss Rule.*

Iowa law "bars recovery in negligence when the plaintiff has suffered only economic loss." *Annett Holdings, Inc. v. Kum & Go, L.C.*, 801 N.W.2d 499, 503 (Iowa 2011) ("*Annett*");

---

[4] *See, e.g.*, *Carideo v. Dell, Inc.*, 706 F. Supp. 2d 1122, 1129 (W.D. Wash. 2010); *Edifecs Inc. v. TIBCO Software, Inc.*, 756 F. Supp. 2d 1313, 1318 (W.D. Wash. 2010)

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 7

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

*see Audio Odyssey Ltd. V. United States*, 243 F. Supp. 2d 951, 961 (S.D. Iowa 2003) ("[T]he 'pure economic loss' doctrine . . . bars recovery in negligence claims absent physical harm.").[5] Because Veridian only alleges pure economic loss in this action,[6] its negligence and negligence *per se* claims should be dismissed under Iowa's economic loss rule.

In *Annett*, plaintiff trucking company had entered into an agreement with a credit card issuer to provide its employees with cards to make fuel purchases. 801 N.W.2d at 501. Plaintiff agreed to assume responsibility for unauthorized or fraudulent use of the credit cards by its employees. *Id.* Defendant gasoline retailer, pursuant to a contract with the issuer, handled transactions involving the issuer's cards and leased one of the issuer's terminals. *Id.* Using one of these credit cards, plaintiff's employee made unauthorized cash withdrawals. *Id.* The employee got caught and was convicted of theft. *Id.* Plaintiff sued, claiming defendant negligently provided money to the trucking employee and thus was liable to plaintiff for its economic losses resulting from the employee's theft. *Id.* at 502. Because plaintiff claimed pure economic loss, the court held the claim was barred by the economic loss rule. *Id.* at 504. Veridian similarly alleges exclusively economic loss. *See* Dkt. 1 at ¶¶ 58-59. Accordingly, its negligence and negligence *per se* claims are precluded.[7]

### 2. *Veridian Fails to Allege Other Elements to State a Claim for Negligence.*

"The elements for a cause of action for negligence are: (1) the existence of a duty to

---

[5] The economic loss rule is not confined to "situations where the defendant was supplying a product." *Annett*, 801 N.W.2d at 506.

[6] Purely economic losses may be recoverable "in actions asserting claims of professional negligence against attorneys and accountants[,] negligent misrepresentation[,] and in actions when the duty of care arises out of a principal-agent relationship." *Annett Holdings*, 801 N.W.2d at 504. Plaintiff does not allege facts demonstrating any of these exceptions apply here, nor could it.

[7] Although there is no direct contractual privity alleged between the parties, Eddie Bauer has a relationship with payment card networks (like Visa and MasterCard) who, in turn, have relationships with card issuing banks or credit unions like Veridian. *See id.* at ¶¶ 18, 41. "When parties enter into a chain of contracts, even if the two parties at issue have not actually entered into an agreement with each other, courts have applied the 'contractual economic loss rule' to bar tort claims for economic loss, on the theory that tort law should not supplant a consensual network of contracts." *Annett*, 801 N.W.2d at 504. Veridian's negligence and negligence *per se* claims must be dismissed.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 8

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

conform to a standard of conduct for the protection of others; (2) failure to conform to that standard; (3) a reasonably close causal connection . . . and (4) damages." *Smith v. Shaffer*, 395 N.W.2d 853, 855 (Iowa 1986).[8] Veridian fails to adequately allege a negligence claim.

### (a)   Eddie Bauer did not owe a duty to Veridian.

"The threshold element for a negligence action is a duty or standard of care owed by the actor to the victim." *Knake*, 492 N.W.2d at 417. Whether a duty exists is a question of law, and courts consider three factors: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person who is injured; and (3) public policy considerations. *Kolbe v. State*, 661 N.W.2d 142, 146 (Iowa 2003).[9] These factors weigh against finding a duty here.

**Relationship between the parties.** Veridian's allegations boil down to its contention that Eddie Bauer had a duty to "use reasonable security measures" to protect and safeguard Veridian's customers' payment card information from unauthorized access by cyber criminals. *See* Dkt. 1 at ¶¶ 75-78. This conclusion, however, is not supported by Iowa law. "The general rule is that a person has no duty to prevent a third person from causing harm to another." *Davis v. Kwik-Shop, Inc.*, 504 N.W.2d 877, 878 (Iowa 1993). A duty may arise under some circumstances if "(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection." *Id.* Neither exception applies in this action.

Veridian has not alleged any facts establishing a relationship between Eddie Bauer and

---

[8] *Knake v. King*, 492 N.W.2d 416, 417 (Iowa 1992) ("Negligence is generally defined as conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm.").
[9] *See DePape v. Trinity Health Sys.*, 242 F. Supp. 2d 585, 605 (N.D. Iowa 2003) ("Ultimately, though, the existence of a duty is a policy decision, based on the relevant circumstances, that the law should protect a particular person from a particular type of harm.").

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 9

USDC WD WA NO. 2:17-cv-00356-JLR
4811 2060 2250 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

the cyber criminal responsible for the cyber attack alleged. *See generally* Complaint.[10] Veridian

also fails to allege facts to demonstrate a special relationship between it and Eddie Bauer.

Veridian describes the "various steps necessary to execute a credit/debit card transaction," a

process involving Eddie Bauer as the merchant and Veridian as the "issuing institution" that

authorizes payment. (Dkt. 1 at ¶ 18). This is insufficient to allege a special relationship existed

between Veridian and Eddie Bauer.

   *Dettmann v. Kruckenberg*, 613 N.W.2d 238 (Iowa 2000), is highly instructive on this

issue. In *Dettmann*, two teenagers stole beer from an unattended beer delivery truck, consumed

the beer and, while driving home, collided with plaintiff's daughter's car, killing her. 613

N.W.2d at 241. Plaintiff claimed the driver of the truck "had a duty to prevent the theft of beer

from the beer truck by [defendants] and [his] failure to properly secure the beer trailer from theft

was negligence that was a proximate cause of the accident." *Id.* at 251. Applying Iowa law, the

court found "no special relationship existed between [the driver] and members of the driving

public," and thus no duty existed, because no similar theft from a truck had ever occurred before,

the theft occurred in a rural, low-crime area, and the driver was "entitled to assume [the

teenagers] would obey the law and not steal beer from the truck." *Id.* The Complaint here is

devoid of facts demonstrating Eddie Bauer had a special relationship with Veridian or any other

financial institution.[11] Veridian does not allege Eddie Bauer has experienced a similar data

---

[10] *See Davis v. Kwik-Shop, Inc.*, 504 N.W.2d 877-79 (Iowa 1993) (finding that a grocery store owner does not owe a duty to a "plaintiff for injuries suffered on an adjoining business' property at the hands of assailants who had earlier been on the grocery store's premises" because no special relationship existed between the grocery store owner and the assailant)

[11] *See Kelly v. Sinclair Oil Corp.*, 476 N.W.2d 341, 354 (Iowa 1991) (finding a bartender (who ordered a drunk driver to leave the bar's parking lot) owed no duty to plaintiffs' daughters (who were killed and injured when their car was struck by the drunk driver after leaving the parking lot) because "there was no special relationship between [the bartender] and [the driver] which imposed a duty upon [the bartender] to control [the driver's conduct]" and "there was no special relationship between [the bartender] and [plaintiffs' daughters] which gave the latter a right to protection"); *Ewoldt v. City of Iowa City*, 438 N.W.2d 843, 845 (Iowa App. 1989) (holding a police officer has no duty to take a mentally ill person into custody in order to protect either that person or other members of the public

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 10

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2359.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

breach or was a more likely target than any other retailer. Like the driver in *Dettmann*, Eddie Bauer was therefore entitled to assume that others would obey the law and refrain from gaining unauthorized access into its computer system to steal customers' payment card information. "[T]he mere coincidence that [Veridian] shares customers with [Eddie Bauer] is insufficient to infer that a relationship existed between [them]. This is a significant factor that weighs against the existence of a duty." *Citizens Bank of Pa. v. Reimbursement Techs.*, 609 F. App'x 88, 92 (3d Cir. 2015).

**Foreseeability of harm.** In the absence of a relationship with Veridian, Eddie Bauer could not have reasonably foreseen a specific financial institution like Veridian would be harmed by a criminal cyber attack on Eddie Bauer.  Veridian's conclusory claim that the injury it incurred was foreseeable given Eddie Bauer's alleged "failure to use reasonable measures to protect Payment Card Data" (Dkt. 1 at ¶ 77) is unsupported by facts. The Complaint avers that "[o]ver the last several years, numerous data breaches have occurred at large retailers and restaurants nationwide, including Home Depot, Target, Kmart, Wendy's, P.F. Chang's, Neiman Marcus, and many others." Dkt. 1 at ¶ 17. But this is analogous to the *Dettman* plaintiff's contention that "the theft, possession and consumption of beer by minors . . . [was] within the scope of the original risk related to [the defendant']s failure to properly secure the beer trailer from theft." 613 N.W.2d at 251. That crime occurs is not sufficient to make a criminal cyber attack foreseeable as against a particular retailer who has experienced no similar attack and was not on notice that such an attack was imminent. This weighs against a finding of duty.

**Public policy considerations.** Even if the Court finds the harm to Veridian was foreseeable (it was not), public policy considerations militate against imposing a duty on retailers like Eddie Bauer and holding them liable to financial institutions to safeguard electronically

who were endangered by that person).

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 11

USDC WD WA NO. 2:17-cv-00356-JLR
4811-3069-2250.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

stored personal or financial information, "particularly when those [financial] institutions are unrelated third parties that are only derivatively connected to the company suffering the breach through their [relationships with their mutual customers]." *Citizens*, 609 F. App'x at 93.[12] Allocation of losses of this type is better left to contractual risk allocation in agreements between (1) credit unions and card companies like Visa and MasterCard and (2) retailers and those card companies. There is no public policy reason to wade into the pool of commercial relationships among sophisticated financial institutions, card companies, and merchants and impose tort duties. Contractual allocation of the risk of loss fosters predictability and commerce. Imposing a tort duty that would disturb the contractual risk allocation system in place is unwarranted.

Weighing these factors, the Court should rule that Eddie Bauer owed no tort duty to Veridian to protect or safeguard it from the wrongful acts of a cyber criminal and that Veridian's negligence and negligence *per se* claims fail as a matter of law.

**(b)     Veridian fails to adequately allege causation.**

The causation element of a negligence claim requires a plaintiff to prove the defendant's conduct was a substantial factor in bringing about plaintiff's harm. *See Smith*, 395 N.W.2d at 857. "If an actor's conduct . . . is a substantial factor but is superseded by later forces or conduct, then the actor's conduct does not constitute the legal cause of the plaintiff's harm." *Id.* Even if Eddie Bauer had a duty to protect Veridian's customers' payment card information and breached

---

[12] *See also Dittman v. UPMC*, 2017 Pa. Super. LEXIS 13, at *9-10 (Pa. Sup. Ct. Jan. 12, 2017) (holding that finding a legal duty to safeguard confidential employee information is unnecessary because "[t]here are still statutes and safeguards in place to prevent employers from disclosing confidential information," especially "when there is no true way to prevent data breaches altogether."); *Digital Fed. Credit Union v. Hannaford Bros Co.*, 2012 Me. Super. LEXIS 30, at *7 (Me. Super. Ct. Mar. 14, 2012) (imposing "an extra-contractual duty upon merchants to issuing banks participating in the Visa system . . . would impose potentially boundless liability in tort and would fundamentally restructure everyday consumer transactions."); *In re Heartland Payment Sys.*, 2011 U.S. Dist. LEXIS 34953, at *86 (S.D. Tex. Mar. 31, 2011) ("Issuers such as the Financial Institution Plaintiffs, and acquirers, such as KeyBank, are bound through their contracts with Visa and MasterCard. . . . The Visa and MasterCard regulations provide dispute-resolution and compensation rules when data breaches result in losses to insurers. The contractual obligations and compensation system, not tort law, are the Financial Institution Plaintiffs' only means of seeking compensation for economic losses.").

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 12

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

that duty by allegedly failing to implement proper security measures to protect such information from being stolen, it was the independent decision of a third party cyber criminal to attack Eddie Bauer's system in an effort to steal payment card information. *See* Dkt. 1 at ¶¶ 77, 80. The conduct of the cyber attacker supersedes any alleged breach by Eddie Bauer, and therefore the causation element cannot meet. *See Smith v. Shaffer*, 395 N.W.2d 853, 856-57 (Iowa 1986) (where plaintiffs' decedents were traveling in a pickup truck that collided with a car stolen and driven by an intoxicated minor, court held the trial court was correct to dismiss plaintiffs' claim against the minor's parents, noting that "[i]t was not the parents' failure to supervise but rather their children's' independent decision to become intoxicated, steal a car, and recklessly operate it which caused the accident").

### 3. *Veridian's Negligence Per Se Claim Also Fails.*

#### (a) Section 5 of the Federal Trade Commission Act ("FTC Act") does not establish a specific standard of conduct.

Veridian claims Eddie Bauer violated section 5 of the FTC Act, which prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45.  In Iowa, "[g]enerally, violation of a statutory duty is negligence *per se*." *Struve v. Payvandi*, 740 N.W.2d 436, 442-43 (Iowa Ct. App. 2007). But "to establish a violation the statute must have enough specificity to establish a standard of conduct." *Id.* (citing *Griglione v. Martin*, 525 N.W.2d 810, 812 (Iowa 1994)). "The benefit of requiring an absolute and specific standard in a statute before imposing negligence *per se* is that those who have a duty under the statute can conform their behavior accordingly." *Id.* at 443.

Such specificity is absent here. "Congress intentionally left development of the term 'unfair' to the [Federal Trade] Commission [("FTC")] rather than attempting to define 'the many and variable unfair practices which prevail in commerce.'" *Atl. Ref. Co. v. FTC*, 381 U.S. 357,

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 13

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

367 (1965) (quoting S. Rep. No. 592, 63d Cong., 2d Sess., 13). Section 5 is inherently vague by

design and does not establish, for purposes of a negligence *per se* claim, a sufficiently "absolute

and specific standard" to which Eddie Bauer was obligated to adhere.

**(b)     Section 5 of the FTC Act does not provide for a private cause of action.**

Even if section 5 of the FTC Act established an "absolute and specific standard," a

negligence *per se* claim based on a violation of that statutory duty is only available when the

statute either explicitly or implicitly provides for a private cause of action. *Meinders v.*

*Dunkerton Cmty. Sch. Dist.*, 645 N.W.2d 632, 635 (Iowa 2002). Section 5 of the FTC Act does

neither. Under section 5, only the FTC is expressly empowered to prevent persons, partnerships,

and corporations from using unfair acts. *See* 15 U.S.C. § 45(a)(2). In the absence of a provision

explicitly creating a *private* cause of action, courts will imply a cause of action from a statute

only if all four of the following factors are satisfied:

> (1) Is the plaintiff a member of the class for whose benefit the statute was
> enacted? (2) Is there any indication of legislative intent, explicit or implicit, to
> either create or deny such a remedy? (3) Would allowing such a cause of action
> be consistent with the underlying purpose of the legislation? (4) Would the private
> cause of action intrude into an area over which the federal government or a state
> administrative agency holds exclusive jurisdiction?

*Kolbe v. State*, 625 N.W.2d 721, 726-27 (Iowa 2001). Veridian is not a member of the class for

whose benefit section 5 of the FTC Act was enacted. In enacting section 5, "Congress . . .

charged the FTC with protecting *consumers* as well as *competitors*." *FTC v. Sperry &*

*Hutchinson Co.*, 405 U.S. 233, 244 (1972) (emphasis added); *see* 15 U.S.C. § 45(n) (an act or

practice cannot be declared unfair unless it "causes or is likely to cause substantial injury to

*consumers*" (emphasis added)). Veridian is a financial institution, not a retailer that competes

with Eddie Bauer or a consumer. Veridian is therefore not a member of the class the FTC Act

was intended to protect. There is no implied private cause of action, and the negligence *per se*

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 14

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

claim fails.

### 4.   *Veridian Fails to State a Claim for Declaratory Relief.*

To state a claim for declaratory relief, Veridian must allege an "actual controversy" by showing "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Adams v. Am. Family Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 187681, at *16-17 (S.D. Iowa July 15, 2014) (citations and internal quotations omitted). The "primary purpose" of declaratory relief is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damages had accrued." *Id.* at *29 (citations and internal quotations omitted).

While Veridian claims its alleged losses (*see* Dkt. 1 at ¶ 59) will "continue to accrue" (*id.* ¶ 60), "any damages payable to [Veridian] would simply be those that were caused by the [data breach]." *Adams*, 2014 U.S. Dist. LEXIS 187681, at *31. The alleged harm to Veridian, which relates to *past conduct*, has already occurred, and no possible declaratory judgment "would enable either party to change its conduct to avoid damages that have not yet accrued." *Id.* at *30. Nor would the relief Veridian seeks "clarify rights in a way that would alter either the parties' relationship or either party's conduct *moving forward*." *Id.* at *32 (emphasis added). "Under such circumstances, the propriety of exercising jurisdiction under the Declaratory Judgment Act is questionable at best." *Id.* Veridian seeks a declaration that "(a) Eddie Bauer continues to owe a legal duty to secure its customers' personal and financial information . . . and to notify financial institutions of a data breach . . . (b) Eddie Bauer continues to breach this legal duty . . . (c) Eddie Bauer's ongoing breaches of its legal duty continue to cause Plaintiff harm." Dkt. 1 at ¶ 94. Veridian essentially seeks a declaration that it has a meritorious negligence claim. This is not a proper exercise of jurisdiction under the Declaratory Judgment Act. *Butler v. Dowd*, 979 F.2d

661, 673 (8th Cir. 1992) ("In this case, there was no actual controversy left to resolve through declaratory relief when that issue was submitted to the district court. The Plaintiffs' only requested declaratory relief mirrored what the jury was told it must find in order to hold the defendant liable."). Veridian's declaratory relief claim must be therefore be dismissed.

### 5.    *Plaintiff's Request for Injunctive Relief Must Be Dismissed.*

To obtain injunctive relief, Veridian must show "some substantial likelihood that past conduct alleged to be illegal will recur." *Butler*, 979 F.2d at 674 (citations omitted). Veridian alleges no facts to support its conclusory allegation that "[t]he risk of another such breach is real, immediate, and substantial" (Dkt. 1 at ¶ 96). It is inherently implausible to suggest that Eddie Bauer has not taken steps to protect itself from another breach. In the absence of allegations demonstrating Eddie Bauer is plausibly and *substantially likely* to suffer from another data breach by a criminal, Veridian's claim for injunctive relief must be dismissed.

### 6.    *Veridian's Claims for Washington Statutory Violations Must Be Dismissed.*

Because Veridian's home state (Iowa) has the most significant relationship to Veridian's claims (*see* Sec. III.A.2, *supra*), Iowa's consumer protection laws apply, not Washington's. *Coe v. Philips Oral Healthcare Inc.*, 2014 U.S. Dist. LEXIS 146469, at *9 (W.D. Wash. Oct. 10, 2014). Application of Washington's law to non-residents like Veridian is therefore inappropriate, and such claims must be dismissed. *Glenn v. Hyundai Motor Am.*, 2016 U.S. Dist. LEXIS 181318, at *27-28 (C.D. Cal. June 24, 2016) (applying California's choice of law rules and finding plaintiffs' claims must be governed by the consumer protection laws of their home states and dismissed plaintiffs' California consumer protection claims); *see also Thornell v. Seattle Serv. Bureau*, 2016 U.S. Dist. LEXIS 76794, at *12 (W.D. Wash. June 13, 2016) (granting motion to dismiss claims based on Washington law because Texas had the most significant

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 16

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

relationship to plaintiff's claims and Texas law did not "recognize a cause of action based on the facts alleged"). There is no Iowa counterpart to Washington's RCW 19.255.020. That claim must be dismissed for the same reasons discussed in Section III.C.3 below.

## C. Applying Washington Law, Veridian's Claims Still Must Be Dismissed.

### 1. *Veridian's Negligence* Per Se *Claim Fails Because It Is Not Permitted Under Washington Law.*

Since 1986, Washington has not recognized a common law action of negligence *per se*, except in specific circumstances that do not apply here. RCW 5.40.050. Under RCW 5.40.050, "[a] breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence." While there are four exceptions[13] under which a violation of a statute may constitute negligence *per se*, none of these exceptions apply here. Washington simply does not permit a negligence *per se* cause of action on these facts.[14] Applying Washington law, Veridian's negligence *per se* action fails.

### 2. *Veridian's Negligence Claim Cannot Stand Because Veridian Cannot Establish All Necessary Elements.*

To state a claim for negligence, a plaintiff is required to show: "(1) the existence of a duty to the plaintiff, (2) a breach of that duty, (3) a resulting injury, and (4) the breach as the proximate cause of the injury." *Degel v. Majestic Mobile Manor,* 129 Wn.2d 43, 48, 914 P.2d 728 (1996). Veridian's negligence claim should be dismissed because (a) Veridian has failed to establish Eddie Bauer owed Veridian a duty under common law, and (b) Eddie Bauer owes no duty to Veridian evidenced by a statute.

---

[13] (1) [e]lectrical fire safety, (2) the use of smoke alarms, (3) sterilization of needles and instruments used by persons engaged in the practice of body art, body piercing, tattooing, or electrology, or other precaution against the spread of disease. . . or (4) driving while under the influence of intoxicating liquor or any drug"
[14] While Veridian may allege that the violation of a statute constitutes evidence of negligence, it will need to establish the proposed statute satisfies certain elements, as discussed *infra*.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 17

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1

          **(a)**       **Veridian's negligence claim fails to establish Eddie Bauer owed Veridian a duty under common law.**

2

3 Applying Washington law, "[t]he existence of a duty is a question of law and depends on

4 mixed considerations of logic, common sense, justice, policy, and precedent." *Snyder v. Med.*

5 *Serv. Corp.*, 145 Wn.2d 233, 243 (2001) (citation omitted). "The concept of duty is a reflection

6 of all those considerations of public policy which lead the law to conclude that a 'plaintiff's

7 interests are entitled to legal protection against the defendant's conduct.'" *Taylor v. Stevens*

8 *County*, 111 Wn.2d 159, 168 (1988). "Using [its] judgment, [the Court] balance[s] the interests

9 at stake." *Affiliated FM Ins. Co.*, 170 Wn.2d at 450.

10      Veridian merely concludes that it is within the class of people Eddie Bauer must protect

11 against a potential data breach. However, "when a duty arises from statute or the common law of

12 torts, it is usually owed by one class of persons to another class of persons." *Schooley v. Pinch's*

13 *Deli Mkt.*, 80 Wn. App. 862, 867 (1996), *aff'd*, 134 Wn.2d 468 (1998). For example, with respect

14

15 to common law duties:

16      To say that a landowner owes a duty of ordinary care to a business invitee, but not

17      to licensees or trespassers, is to say that one class of people (landowners) owes a
     duty of ordinary care to a second class of people (business invitees), but not to a

18      third or fourth class of people (licensees, trespassers). *See Tincani*, 124 Wn.2d at
     138; *Memel v. Reimer*, 85 Wn.2d 685, 538 P.2d 517 (1975). To say that a social

19      host owes a duty of ordinary care not to serve alcohol to minors, but no duty to

20      adults, is to say that a class of people (social hosts) owes a duty to a second class
     of people (minors), but not to a third class of people (adults). *See Hansen*, 118

21      Wn.2d 476, 824 P.2d 483; *Burkhart v. Harrod*, 110 Wn.2d 381, 755 P.2d 759
     (1988) . . . To say that a common carrier owes the highest degree of care to its

22      passengers is to say that one class of people (common carriers) owes a duty to
     another class of people (passengers). *See Benjamin v. City of Seattle*, 74 Wn.2d

23      832, 447 P.2d 172 (1968); *Murphy v. Montgomery Elevator* Co., 65 Wn. App.
     112, 828 P.2d 584 (1992). *See also* Clarence Morris, *Duty, Negligence and*

24      *Causation*, 100 U. Pa. L. Rev. 189, 200-06 (1952) (discussing "class
     foreseeability" with or without a statute)...

25

26 *Schooley*, 80 Wn. App. at 867 n.13.

27      Veridian is not within the class of people Eddie Bauer owes a duty. A sophisticated

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 18

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2069-2259.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

financial institution, such as Veridian, is aware of the risk of potential fraud losses when it issues credit and debit cards to its members and has the ability to (and undoubtedly did) take into consideration contractual risk allocation in the agreements it entered into with Visa and MasterCard. Indeed, financial institutions, such as Veridian, agree to assume, share, or mitigate various risks through contractual agreements with the other parties involved in the complex financial transaction that occurs when a financial institution's member uses his or her card at a retailer such as Eddie Bauer. See Dkt. 1 at ¶ 18. Veridian's remedy is to take advantage of the loss allocation methods provided for in its contractual relationships. Veridian seeks to ignore the bargained for risk allocation in those contracts[15] and instead seeks to impose tort obligations based on Veridian's contention that Eddie Bauer owed it a duty to protect against the criminal attack of a third-party. The principles of "logic, common sense, justice, policy, and precedent" (*Snyder*, 145 Wn.2d at 243) do not lead to Veridian's desired result, and there are no "considerations of public policy which lead the law to conclude that a plaintiff's interests are entitled to legal protection against the defendant's conduct." *Taylor*, 111 Wn.2d at 168.

Veridian alleges Eddie Bauer's data protection program allowed a third party to gain unauthorized access to customer payment card information. However, "[t]he general rule at common law is that a private person does not have a duty to protect others from the criminal acts of third parties." *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 223 (1991). Washington requires the existence of a "special relationship between the defendant and the plaintiff" in order for a "defendant in a negligence action . . . to owe a duty to protect the plaintiff from foreseeable harm by a third party." *Id.*

Veridian has not alleged any relationship at all, let alone a special relationship, to warrant imposing a duty when a third party has intervened and cause the alleged harm. *See* Sec.

---

[15] indeed, the Complaint fails to even mention its contractual rights and obligations

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 19

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

III.B.2.(a), *supra*. Without a special relationship, Eddie Bauer does not owe Veridian a duty to protect it from the criminal hacker's infiltration and theft of payment card information.

> **(b)    Veridian's negligence claim fails to establish Eddie Bauer owed Veridian a duty based on a violation of the FTC Act.**

Veridian claims Section 5 of the FTC Act imposes a duty on Eddie Bauer.  Veridian fails to allege facts demonstrating that the FTC Act is intended to protect credit unions and other financial institutions from data breaches against retailers. Section 5 of the FTC Act therefore cannot support the existence of a duty owed by Eddie Bauer to Veridian.

Statutory requirements can be considered evidence of a duty, if the statute's:

> purpose is found to be exclusively or in part (a) to protect a class of persons which includes the ones whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results.

*Young v. Caravan Corp.,* 99 Wn.2d 655, 659 (1983).[16]

Veridian fails to allege facts to establish the elements required to impose a duty based on the FTC Act. First, the "unfair…practice" prong of the FTC Act was added to Section 5 to "make it clear that Congress, through § 5, charged the FTC with protecting consumers as well as competitors. *F.T.C. v. Sperry & Hutchinson Co.,* 405 U.S. 233, 244 (1972). Veridian is neither a consumer nor competitor of Eddie Bauer. As discussed above, Veridian is not within the class of people the FTC Act was enacted in part or in whole to protect.

Further, the FTC Act is not intended to protect against the data breaches or monetary damages as alleged in the Complaint. Veridian claims Eddie Bauer had a "duty to use reasonable

---

[16] As a threshold issue, Section 5 of the FTC Act plainly provides no private right of action. See Carlson v. Coca-Cola Co., 483 F.2d 279, 280 (9th Cir. 1973); See also Section III.B.3.(b), supra. Veridian cannot bring a claim under the FTC Act, when it has no right to do so, by veiling it as a negligence claim.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 20

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2350.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

data security measures" and that its failure to do so violated the FTC Act. Dkt. 1 at ¶ 79.[17]

However, "Congress enacted § 5 of the Federal Trade Commission Act to combat in their incipiency trade practices that exhibit a strong potential for stifling competition." *FTC v. Texaco*, 393 U.S. 223, 225 (1968). Further, "[t]he purpose of the statute is protection of the public, not punishment of a wrongdoer." *Gimbel Bros., Inc. v. Fed. Trade Com.*, 116 F.2d 578, 579 (2d Cir. 1941). Eddie Bauer's alleged inadequate security is not a trade practice that has a "strong potential for stifling competition." Because the FTC Act is not intended to protect credit unions and other financial institutions from data breaches, a violation of the FTC Act cannot be used as evidence of a duty and breach of duty by Eddie Bauer.

3. ***Veridian Does Not Allege Facts Establishing a Violation of RCW 19.255.020.***

Veridian alleges Eddie Bauer is liable under RCW 19.255.020, which provides in relevant part:

> If a processor or business fails to take reasonable care to guard against unauthorized access to account information that is in the possession or under the control of the business or processor, and the failure is found to be the proximate cause of a breach, the processor or business is liable to a financial institution for reimbursement of reasonable actual costs related to the reissuance of credit cards and debit cards that are incurred by the financial institution to mitigate potential current or future damages <u>to its credit card and debit card holders that reside in the state of Washington</u> as a consequence of the breach. . .

RCW 19.255.020(3)(a). [Emphasis added]. Significantly, Veridian fails to allege that it reissued even a single credit or debit card <u>to a Washington resident</u>.

"When the plain language is unambiguous—that is, when the statutory language admits

---

[17] Further, the Washington CPA, as discussed in Sec. III.C.5., *infra.*, is the Washington counterpart to the FTC Act, and Veridian cannot established any violation of the Washington CPA. Under the same analysis, therefore, Veridian cannot establish a FTC Act violation as a matter of law. Plaintiff also vaguely refers to state "statutes based upon the FTC Act that also create a duty on the part of Eddie Bauer. Dkt. 1 at ¶ 79. Presumably, Plaintiff is arguing the Washington CPA can be the basis of a duty under a negligence claim. For the same reasons the FTC Act does not impose a duty, the Washington CPA does not. Further, as discussed, Eddie Bauer has not violated the Washington CPA, and therefore, it cannot be a basis of imposing a duty on Eddie Bauer.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 21

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2350.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

of only one meaning—the legislative intent is apparent, and [courts] will not construe the statute otherwise." *State v. J.P.*, 149 Wn.2d 444, 450 (2003). Based on the plain language of the statue, liability under this statute can exist only if Veridian can meet at least four elements: (1) a business or processor fails to take reasonable care to guard against a breach, (2) account information was in the possession or under the control of the business or processor, (3) the business or processor's failure is found to be the proximate cause of a breach, and (4) the financial institution reissued cards to credit or debit card holders that reside in the state of Washington as a result of the breach. *See* RCW 19.255.020. At most, Eddie Bauer need only reimburse Veridian for the costs associated with reissuing cards to <u>Washington residents</u>. Not only has Veridian failed to allege it reissued even a single credit or debit card to a resident of Washington, Veridian does not even allege it has any members that reside in Washington. Veridian generically alleges only that it and other class members incurred costs "associated with mitigating against fraud affecting their customers, arising from Defendant's wrongful acts." Dkt. 1 at ¶ 105. Based on Veridian's membership requirements,[18] it likely does not have any members that are Washington residents. Veridian has failed to plead a viable violation of RCW 19.255.020 and the claim should be dismissed.

### 4. *Veridian Cannot Assert an Independent Claim for Injunctive and Declaratory Relief.*

Veridian's claim for injunctive relief fails because, assuming it can state any viable claim, it has adequate remedies at law. Further, Veridian alleges only speculative future harm that does not support a claim for declaratory relief.

---

[18] As a credit union, Veridian can and does specifically limit who is a member—and thus who could potentially have a credit or debit card. Veridian's membership, and thus those who would have access to credit or debit cards, is limited to those who live or work for businesses located in 65 counties in Iowa and five counties in Nebraska. See https://www.veridiancu.org/contact-us/?kbid=8079. Additionally, Veridian allows those who once lived there to maintain their membership even when they move outside of the region, and allows family members of eligible members to join.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 22

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2259.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

Washington has not recognized a standalone injunctive relief claim, but clearly recognizes that some causes of action may permit a party to seek injunctive relief.[19] Injunctive relief is an equitable remedy that "should not be lightly indulged in, but should be used sparingly and only in a clear and plain case." *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 312 (1976). "Accordingly, injunctive relief will not be granted where there is a plain, complete, speedy and adequate remedy at law." *Id.*

Veridian cannot assert a standalone cause of action for injunctive relief. Even in the very unlikely event that Eddie Bauer is the victim of a new data breach, monetary damages afforded under the law would adequately address any potentially viable claim Veridian would be entitled to pursue. Veridian's claim that "monetary damages . . . do not cover the full extent of injuries suffered by Plaintiff and the Class, which include . . . reputational damage" (Dkt. 1 at ¶ 96) is merely conclusory and unsupported by factual allegations. Veridian fails to plausibly explain how it may suffer "reputational damage." Eddie Bauer is at a loss to see how a future cyber attack against Eddie Bauer harm Veridian's reputation, let alone any other financial institution. There is simply no need for injunctive relief in this case, and any claim for injunctive relief should be dismissed because Veridian has adequate remedies in law.

To seek declaratory relief "a plaintiff must establish standing by showing 'that there is a substantial controversy, between parties having adverse interest, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'" *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002). A declaratory judgment is "not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at

---

[19] *Hockley v. Hargitt*, 82 Wn.2d 337, 350 (1973) (holding that injunctive relief, in addition to monetary damages, may be available under the Washington Consumer Protection Act, distinguishing the difference between the cause of action—the Washington Consumer Protection Act —and the forms of relief—injunctive and damages); *Nye v. Univ. of Wash.*, 163 Wn. App. 875, 881 (2011) (plaintiff sought injunctive relief as well as damages as a form of relief under a breach of contract claim and not as a standalone claim).

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 23

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2069-2350.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1    all.'" *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (quoting *Texas v.*

2    *United States*, 523 U.S. 296, 300 (1998)). Declaratory relief is unwarranted here.

3         Veridian seeks a judgment that Eddie Bauer "continues to owe a legal duty" and

4    "continues to breach this legal duty," which "continue to cause Plaintiff harm." Dkt. 1 at ¶ 94.

5    First, as discussed above, under Washington law Eddie Bauer owes no such duty. *See* Sec.

6    III.C.1-2, *supra*. Second, Veridian's claim relies on the premise that, in the future, Eddie Bauer

7    may be liable to Veridian for harm. This is only true if Eddie Bauer is the subject of a successful

8    future cyber attack, Veridian's members were customers at Eddie Bauer who were affected by

9    this hypothetical next attack, and Veridian is harmed as a result of the breach. These are all

10   contingencies not ripe for declaratory judgment. This claim is not viable.

11

12              5.   ***Veridian Cannot Establish Its Washington Consumer Protection Act***
13                   ***Cause of Action as a Matter of Law***

14         Veridian fails to allege an unfair or deceptive act, which is required to establish a cause

15   of action under the Washington CPA.

16         Washington's CPA prohibits "[u]nfair methods of competition and unfair or deceptive

17   acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "To prevail in a

18   private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2)

19   occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business

20   or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d

21   885 (2009). Failure to satisfy even one element is fatal to a CPA claim. *Hangman Ridge Training*

22

23   *Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 793, 719 P.2d 531 (1986). "Because the

24   [CPA] does not define 'unfair' or 'deceptive,' [the Washington Supreme Court] has allowed the

25   definitions to evolve through a gradual process of judicial inclusion and exclusion." *Saunders v.*

26   *Lloyd's of London*, 113 Wn.2d 330, 344 (1989)(internal quotations omitted). Generally, "a

27

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 24

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

1  practice is unfair or deceptive if it has the capacity to deceive a substantial portion of the

2  public . . . Neither intent to deceive nor actual deception is required." *Dwyer v. J.I. Kislak*

3  *Mortg.*, 103 Wn. App. 542, 546-47 (2000). "Whether a particular act or practice is 'unfair or

4  deceptive' is a question of law." *Leingang v. Pierce County Med. Bureau*, Inc., 131 Wn.2d 133,

5  150, 930 P.2d 288 (1997). Veridian fails to plead either a qualifying deceptive or unfair practice.

6

7       (a)     **Veridian does not assert Eddie Bauer engaged in a deceptive act that caused Veridian's alleged injury.**

8       "Deception exists if there is a representation, omission or practice that is likely to mislead

9  a reasonable consumer." *Panag*, 166 Wn.2d at 50 (internal quotations omitted). "In determining

10  whether an act is 'deceptive' under the CPA, the court looks not to the defendant's intent, but to

11  whether the act has the capacity to materially deceive a substantial portion of the public." *Smale*

12  *v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1188 (W.D. Wash. 2008). Generally, a "knowing failure

13  to reveal something of material importance is 'deceptive' within the CPA." *Indoor*

14  *Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 75 (2007) (internal

15  quotations omitted). Here, there is no allegation that Eddie Bauer stated, acted, or otherwise

16  publicly represented that it adhered to, complied with, or maintained its customers' data in any

17  specific manner. Veridian does not allege that Eddie Bauer made any express representations, let

18  alone any statements with the potential to deceive the public. Without some outward action there

19  is no deceptive act.[20] Stated another way, the mere act of accepting debit and credit cards is not

20  an affirmation by Eddie Bauer that it would guarantee the protection of its customers' payment

21  card information against all potential threats. There are no facts alleged that demonstrate Eddie

22  Bauer has engaged in a "deceptive" act under the Washington CPA.

23       (b)     **Veridian has not asserted Eddie Bauer Engaged in an unfair act that caused Veridian's alleged injury.**

[20] Veridian's Complaint contains no allegations of an omission as the basis of the alleged deceptive act.

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM- 25

USDC WD WA NO. 2:17-cv-00356-JLR

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

The term "unfair" is not defined in the CPA. Nor has its definition been well-developed in Washington case law. Washington courts generally adopt the FTC Act's interpretation of "unfair." *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013). "Current federal law suggests a 'practice is unfair [if it] causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits.'" *Id.* (quoting 15 U.S.C. § 45(n)). Other factors considered by Washington courts include:

> (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

*Rush v. Blackburn*, 190 Wn. App. 945, 962-63 (2015) (internal quotations omitted). "According to the [FTC], the most important of the above criteria for establishing unfairness is unjustified consumer injury." *Blake v. Fed. Way Cycle Ctr.*, 40 Wn. App. 302, 310 (1985).

Veridian alleges, "Eddie Bauer's policies and practices relating to its sub-standard security measures for the use and retention of its customers' financial information are unfair, deceptive, or both[.]" Dkt. 1 at ¶ 110. Veridian contends Eddie Bauer's alleged failure to "comply with the PCI DSS" and "put a fulsome notification policy in place" constitute violations of the CPA. *Id.* at ¶¶ 111, 112. None of these allegations fit the definition of an "unfair" act.

First, the alleged injury to consumers (i.e. the theft of their financial information by a third party) is a risk consumers can avoid. A consumer can choose to not use a credit or debit card and instead use cash at any Eddie Bauer store to eliminate the risk that their financial information may be vulnerable to a third party. Because a consumer can reasonably avoid the "injury" or risk, there can be no an unfair practice under the CPA.

Further, being the victim of a cyber attack is not "within at least the penumbra of some

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

common-law, statutory, or other established concept of unfairness." There is nothing "immoral, unethical, oppressive, or unscrupulous" about the actions of Eddie Bauer, and Veridian fails to allege Eddie Bauer's actions rise to that level. Assuming for the sake of analysis that Veridian's allegations are true, that Eddie Bauer had an insufficient protection system in place does not, in and of itself, cause "substantial injury to consumers." Rather, only if that allegedly system is attacked and information stolen can an injury occur. The injury Veridian complains of is not the type of injury contemplated by the CPA. Because Veridian has not pled an essential element of a CPA claim—an unfair or deceptive practice—Veridian's claim should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Veridian's case should be dismissed with prejudice and without leave to amend.

DATE: April 27, 2017                    LEWIS BRISBOIS BISGAARD & SMITH LLP


                                        /s/ Kathleen A. Nelson
                                        Kathleen A. Nelson, WSBA No. 22826

                                        /s/ Sarah E. Demaree
                                        Sarah E. Demaree, WSBA No. 49624

                                        /s/ Jon P. Kardassakis
                                        Jon P. Kardassakis, CSBA No. 90602

                                        /s/ Dyanne J. Cho
                                        Dyanne J. Cho, CSBA No. 306190

                                        1111 Third Avenue, Suite 2700
                                        Seattle, Washington 98101
                                        Phone 206.436.2020
                                        Fax 206.436.2030
                                        E-mail: kathleen.nelson@lewisbrisbois.com
                                               sarah.demaree@lewisbrisbois.com
                                               dyanne.cho@lewisbrisbois.com
                                               jon.kardassakis@lewisbrisbois.com
                                        Attorneys for Defendant

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 27

USDC WD WA NO. 2:17-cv-00356-JLR
4811-2060-2250 4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Chase C. Alvord
calvordtousley.com

Kim D. Stephens
kstephens@tousley.com

Erin G. Comite
ecomite@scott-scott.com

Stephen J. Teti
steti@scott-scott.com

Gary F. Lynch
glynch@carlsonlynch.com

Kevin W. Tucker
ktucker@carlsonlynch.com

Joseph P. Guglielmo
jguglielmo@scott-scott.com

Karen H. Riebel
khriebel@locklaw.com

Kate M. Baxter-Kauf
kmbaxter-kauf@locklaw.com

Dated: April 27, 2017

*Vicki Milbrad*
Vicki Milbrad

DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM- 28

USDC WD WA NO. 2:17-cv-00356-JLR
4811-3069-2259.4

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020