The Honorable James L. Robart

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

VERIDIAN CREDIT UNION, on behalf of
itself and a class of similarly situated financial
institutions

10

Plaintiff,

11

v.

12

EDDIE BAUER LLC,

13

Defendant.

NO. 2:17-cv-00356-JLR

**STIPULATED MOTION FOR
PROTECTIVE ORDER**

NOTE ON MOTION CALENDAR:
August 7, 2017

14

15

1.   PURPOSES AND LIMITATIONS

16

   Discovery in this action is likely to involve production of confidential, proprietary, or

17

private information for which special protection, including clawback rights, may be warranted.

18

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

19

Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It

20

does not confer blanket protection on all disclosures or responses to discovery, the protection it

21

affords from public disclosure and use extends only to the limited information or items that are

22

entitled to confidential treatment under the applicable legal principles, and it does not

23

presumptively entitle parties to file confidential information under seal.

24

2.   "CONFIDENTIAL" MATERIAL

25

   "Confidential" material shall include the following documents and tangible things

26

produced or otherwise exchanged:

27

   a.   Trade secrets;

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

b.  Non-privileged materials relating to information governance, information technology architecture and data security;

c.  Non-privileged materials relating to law enforcement investigations into data security incidents;

d.  Payment card industry investigations into data security incidents;

e.  Non-privileged investigations into data security incidents;

f.  Personally identifiable information as defined by various federal and state statutes;

g.  Non-privileged remedial steps taken in response to data security incidents.

3.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied, extracted or derived from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1         (a)     the receiving party's counsel of record in this action, as well as employees

2 of counsel to whom it is reasonably necessary to disclose the information for this litigation;

3         (b)     the officers, directors, and employees (including in house counsel) of the

4 receiving party to whom disclosure is reasonably necessary for this litigation, unless the

5 designating party identifies that a particular document or material produced is for Attorney's Eyes

6 Only and is so designated;

7         (c)     experts and consultants to whom disclosure is reasonably necessary for this

8 litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9         (d)     the court, court personnel, and court reporters and their staff;

10         (e)     copy or imaging services retained by counsel to assist in the duplication of

11 confidential material, provided that counsel for the party retaining the copy or imaging service

12 instructs the service not to disclose any confidential material to third parties, obtains a signed the

13 "Acknowledgment and Agreement to Be Bound" (Exhibit A) and instructs the copy or imaging

14 service to immediately return all originals and copies of any confidential material and to delete

15 any digital copies that may have been made on the service's hardware or software incidental to the

16 copying or imaging processes;;

17         (f)     during their depositions, witnesses in the action to whom disclosure is

18 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court pages of

20 transcribed deposition testimony or exhibits to depositions that reveal confidential material must

21 be separately bound by the court reporter and may not be disclosed to anyone except as permitted

22 under this agreement;

23         (g)     the author or recipient of a document containing the information or a

24 custodian or other person who otherwise possessed or knew the information through means other

25 than participating in this action.

26

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1        (h)    Others by Consent. Other persons only by written consent of the producing

2   party or upon order of the Court and on such conditions in addition to signing the

3   "Acknowledgment and Agreement to be Bound" (Exhibit A) as may be agreed or ordered.

4        4.3    Filing Confidential Material. Before filing confidential material or discussing or

5   referencing such material in court filings, the filing party shall confer with the designating party

6   to determine whether the designating party will remove the confidential designation, whether the

7   document can be redacted, or whether a motion to seal or stipulation and proposed order is

8   warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards

9   that will be applied when a party seeks permission from the court to file material under seal.

10  5.    DESIGNATING PROTECTED MATERIAL

11       5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party

12  or non-party that designates information or items for protection under this agreement must take

13  care to limit any such designation to specific material that qualifies under the appropriate

14  standards. The designating party must designate for protection only those parts of material,

15  documents, items, or oral or written communications that qualify, so that other portions of the

16  material, documents, items, or communications for which protection is not warranted are not swept

17  unjustifiably within the ambit of this Order.

18       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

19  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

20  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

21  and burdens on other parties) expose the designating party to sanctions.

22       If it comes to a designating party's attention that information or items that it designated for

23  protection do not qualify for protection, the designating party must promptly notify all other parties

24  that it is withdrawing the inappropriate designation.

25       5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

26  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

27

STIPULATED MOTION FOR PROTECTIVE ORDER - 4
6308/001/479542.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1 disclosure or discovery material that qualifies for protection under this Order must be clearly so
2 designated before or when the material is disclosed or produced.

3     (a)   Information in documentary form: (*e.g.*, paper or electronic documents and
4 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
5 the designating party must affix the word "CONFIDENTIAL" to each page that contains
6 confidential material. If only a portion or portions of the material on a page qualifies for protection,
7 the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
8 markings in the margins).

9     (b)   Testimony given in deposition or in other pretrial proceedings:

10     Depositions.   Unless all parties agree on the record at the time the deposition
11 testimony is taken, all deposition testimony taken in this case shall be treated as Confidential
12 Information until the expiration of the following: No later than thirty (30) days after the transcript
13 is delivered to any party or the witness, a party may serve a Notice of Designation to all parties of
14 record as to specific portions of the testimony that are designated Confidential Information, and
15 thereafter only those portions identified in the Notice of Designation shall be protected by the
16 terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation
17 of testimony taken in that deposition as Confidential Information, unless otherwise agreed or
18 ordered by the Court. If a party or non-party desires to protect confidential information at trial, the
19 issue should be addressed during the pre-trial conference.

20     (c)   Other tangible items: the producing party must affix in a prominent place
21 on the exterior of the container or containers in which the information or item is stored the word
22 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
23 the producing party, to the extent practicable, shall identify the protected portion(s).

24     5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to
25 designate qualified information or items does not, standing alone, waive the designating party's
26 right to secure protection under this Order for such material. Upon timely correction of a
27 designation, the receiving party must make reasonable efforts to ensure that the material is treated

STIPULATED MOTION FOR PROTECTIVE ORDER - 5
6308/001/479542.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1   in accordance with the provisions of this Order, including, but without limitation, notifying any

2   additional persons or entities who received copies of the inadvertently undesignated documents or

3   other tangible things.

4   6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

5           6.1     Timing of Challenges. Any party or non-party may challenge a designation of

6   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

7   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

8   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

9   challenge a confidentiality designation by electing not to mount a challenge promptly after the

10  original designation is disclosed.

11          6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

12  regarding confidential designations without court involvement. Any motion regarding confidential

13  designations or for a protective order must include a certification, in the motion or in a declaration

14  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

15  affected parties in an effort to resolve the dispute without court action. The certification must list

16  the date, manner, and participants to the conference. A good faith effort to confer requires a face-

17  to-face meeting or a telephone conference.

18          6.3     Judicial Intervention. If the parties cannot resolve a challenge without court

19  intervention, the designating party may file and serve a motion to retain confidentiality under Local

20  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

21  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

22  made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

23  other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

24  the material in question as confidential until the court rules on the challenge.

25

26

27

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
     LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
     MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties   agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  10.    NON TERMINATION AND RETURN OF DOCUMENTS

2           Within 60 days after the termination of this action, including all appeals, each receiving

3 party must return or destroy all confidential material to the producing party, including all copies,

4 extracts and summaries thereof. Notwithstanding this provision, counsel are entitled to retain one

5 archival copy of all documents filed with the court, trial, deposition, and hearing transcripts,

6 correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

7 and expert work product, even if such materials contain confidential material.

8           The confidentiality obligations imposed by this agreement shall remain in effect until a

9 designating party agrees otherwise in writing or a court orders otherwise.

10  11.    INADVERTENT PRODUCTION

11          To the maximum extent permitted by law, the undersigned agree, and the Court orders,

12 that the production of documents by parties and non-parties that produce documents in these

13 actions (each, a "Producing Party") shall be governed by Federal Rule of Civil Procedure

14 26(b)(5)(B) and Federal Rule of Evidence 502 regarding the inadvertent production of material

15 protected by the attorney-client privilege, the work product doctrine, or any other privilege or

16 protection from disclosure recognized under potentially applicable international, federal or state

17 law or regulation, including without limitation, trade secrets and personally identifiable

18 information ("Privileged Material").

19          The procedure set forth below is intended to provide the Producing Party or any other

20 party purporting to hold a privilege or right of confidentiality with an efficient method for

21 retrieving or "clawing back" inadvertently produced Privileged Material, subject to any resolution

22 of any dispute over the privileged or protected status of the Privileged Material, and for

23 foreclosing any arguments of waiver, subject to the procedures outlined below for bringing

24 disputed claims to the Court for resolution.

25          If a Producing Party, or any other party purporting to hold a privilege or right of

26 confidentiality, has a good faith belief that Privileged Material has been inadvertently produced,

27

STIPULATED MOTION FOR PROTECTIVE ORDER - 8
6308/001/479542.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1 | it shall promptly after discovering such inadvertent production notify the receiving parties of its
2 | claim of privilege or protection.

3 |      Upon receipt of any notice claiming that a document is or includes Privileged Material,
4 | all other parties (regardless of whether they agree with the claim of privilege or confidentiality)
5 | shall, within 21 days:

6 |            (a)    use reasonable efforts to destroy or sequester all copies of the inadvertently
7 | produced documents or material in their possession, custody, or control, and notify the Producing
8 | Party, or any other party purporting to hold a privilege, that they have done so;

9 |            (b)    notify the Producing Party that they have taken reasonable steps to retrieve
10 | and destroy or sequester the inadvertently produced documents or material from other persons, if
11 | any, to whom such documents or material have been provided, consistent with Rule 26(b)(5)(B).

12 |      Within 30 days after receiving the notification required by Paragraph 26(b) above, the
13 | Producing Party shall produce a privilege log with respect to the inadvertently produced
14 | documents.

15 |      To the extent a receiving party disputes the claim of privilege or confidentiality
16 | (the "Disputing Party"), the Disputing Party shall notify the Producing Party, or any other
17 | party purporting to hold a privilege, of its position within 10 days of receiving the notice
18 | contemplated in subparagraph (b) of this Paragraph of this Order (the "Dispute
19 | Notification"). Within seven days of receiving the Dispute Notification, the Producing
20 | Party, or any other party purporting to hold a privilege, shall either withdraw its claim of
21 | privilege or confidentiality or confer with the Disputing Party in an effort to resolve their
22 | disagreement. If the disagreement is not resolved, the Producing Party may bring the
23 | issue to the Court's attention pursuant to the Court's discovery procedures and seek an
24 | Order of protection of the inadvertently produced, allegedly privileged or confidential
25 | documents or materials. In arguing issues concerning an asserted protection for Privileged
26 | Material, no party shall claim a waiver by reason of the inadvertent production in this
27 |

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1      Action, a related action, or to a government agency of documents that are the subject of

2  the dispute.

3      Pursuant to Federal Rule of Evidence 502(d) as modified and extended by this Order, the

4  inadvertent production of Privileged Material in this Action shall not constitute a waiver of any

5  applicable privilege, protection or prohibition from disclosure of that Privileged Material in any

6  other federal or state proceeding.

7

8              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10  DATED: August 7, 2017             DATED:  August 7, 2017

11  By: */s/ Kim D. Stephens*_____      By:_*/s/ Kathleen A. Nelson*_____
    Kim D. Stephens, WSBA #11984            Kathleen A. Nelson, WSBA No. 22826

12      kstephens@tousley.com                kathleen.nelson@lewisbrisbois.com
By: */s/ Chase C. Alvord*_____

13      Chase C. Alvord, WSBA #26080
    calvord@tousley.com                 By:_*/s/ Sarah E. Demaree*_____

14      TOUSLEY BRAIN STEPHENS PLLC        Sarah E. Demaree, WSBA No. 49624
    1700 Seventh Avenue, Suite 2200         sarah.demaree@lewisbrisbois.com

15      Seattle, Washington  98101
    Telephone:  206.682.5600

16      Fax: 206.682.2992                  By:_*/s/ Jon P. Kardassakis*_____
                                     Jon P. Kardassakis, CSBA No. 90602

17      Joseph P. Guglielmo, *pro hac vice*        jon.kardassakis@lewisbrisbois.com
    Erin G. Comite, *pro hac vice*

18      SCOTT+SCOTT,
    ATTORNEYS AT LAW, LLP           By:_*/s/ Dyanne J. Cho*_____

19      The Helmsley Building               Dyanne J. Cho, CSBA No. 306190
    230 Park Avenue, 17th Floor         dyanne.cho@lewisbrisbois.com

20      New York, NY 10169
    Telephone: (212) 223-6444

21      Facsimile:  (212) 223-6334           LEWIS BRISBOIS BISGAARD &
    jguglielmo@scott-scott.com           SMITH LLP

22                                          1111 Third Avenue, Suite 2700
    Gary F. Lynch, *pro hac vice*          Seattle, Washington 98101

23      Kevin W. Tucker, *pro hac vice*        Phone 206.436.2020
    CARLSON LYNCH SWEET KILPELA    Fax 206.436.2030

24      & CARPENTER, LLP
    1133 Penn Avenue, 5th floor         *Attorneys for Defendant Eddie Bauer LLC*

25      Pittsburg, PA 15212
    Telephone: (412) 322-9243

26      Facsimile:  (412) 231-0246
    glynch@carlsonlynch.com

27

1   Karen H. Riebel, *pro hac vice*
    Kate Baxter-Kauf, *pro hac vice*
2   LOCKRIDGE GRINDAL NAUEN P.L.L.P.
    100 Washington Avenue S., Suite 2200
3   Minneapolis, MN 55401
    Telephone: (612) 339-6900
4   Facsimile:  (612) 339-0981
    khriebel@locklaw.com
5   kmbaxter@locklaw.com

6   Arthur M. Murray
    MURRAY LAW FIRM
7   650 Poydras St., Suite 2150
    New Orleans, LA 70130
8   Telephone: (504) 525-8100
    Facsimile: (504) 284-5249
9   amurray@murray-lawfirm.com

10  Brian C. Gudmundson
    ZIMMERMAN REED, LLP
11  1100 IDS Center, 80 South 8th St.
    Minneapolis, MN 55402
12  Telephone: (612) 341-0400
    Facsimile: (612) 341-0844
13  brian.gudmundson@zimmreed.com

14  Bryan L. Bleichner, *pro hac vice*
    CHESTNUT CAMBRONNE PA
15  17 Washington Avenue North, Suite 300
    Minneapolis, MN 55401
16  Telephone: (612) 339-7300
    Facsimile: (612) 336-2921
17  bbleichner@chestnutcambronne.com

18  *Attorneys for Plaintiff Veridian*
    *Credit Union*
19

20      PURSUANT TO STIPULATION, IT IS SO ORDERED.
21
        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any
22
    documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding
23
    in any other court, constitute a waiver by the producing party of any privilege applicable to those
24
    documents, including the attorney-client privilege, attorney work-product protection, or any other
25
    privilege or protection recognized by law.
26

27

STIPULATED MOTION FOR PROTECTIVE ORDER - 11
6308/001/479542.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  DATED: _August 10, 2017_

2

3                                              Hon. James L. Robart
                                               United States District Court Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATED MOTION FOR PROTECTIVE ORDER - 12
6308/001/479542.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED MOTION FOR PROTECTIVE ORDER - 13
6308/001/479542.1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992