Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERIDIAN CREDIT UNION, on behalf of itself and a class of similarly situated financial institutions,<br><br>Plaintiff,<br>v.<br>EDDIE BAUER LLC,<br><br>Defendant. | NO. 2:17-cv-00356 (JLR)<br><br>MOTION TO COMPEL DISCOVERY<br><br>**Note on Motion Calendar: May 11, 2018**<br><br>TELEPHONIC ORAL ARGUMENT REQUESTED |

Plaintiff Veridian Credit Union ("Plaintiff" or "Veridian") respectfully moves this Honorable Court for an order compelling Defendant Eddie Bauer LLC ("Defendant" or "Eddie Bauer") to produce documents responsive to Veridian's First Set of Requests for Production of Documents ("Requests for Production") (attached as Ex. 1 to the Declaration of Joseph P. Guglielmo ("Guglielmo Decl.") filed concurrently herewith).  Plaintiff further moves to compel Eddie Bauer to produce a privilege log pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's Order Regarding Discovery of Electronically Stored Information (ECF No. 63) ("ESI Order").  As described below, to date, despite repeated requests by Plaintiff that Eddie Bauer produce the requested documents, Eddie Bauer has failed to respond.  Moreover, despite repeated requests by Plaintiff that Eddie Bauer produce a privilege log, Eddie Bauer has failed to do so.  Plaintiff seeks an order compelling Eddie Bauer to immediately produce a privilege log.  Alternatively, to the extent that the Court deems it appropriate, Plaintiff requests that any privilege associated with any withheld document be waived as Eddie Bauer was required to timely produce its privilege log following the

MOTION TO COMPEL DISCOVERY – 1
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

completion of its document production and has provided no reason for its failure to comply with the Federal Rules of Civil Procedure or the Court's ESI Order.

Plaintiff's requested relief is timely. On January 19, 2018, Defendant represented that it had completed its document production. Pursuant to the Court's February 9, 2018 Stipulation and Order (ECF No. 80) granting the parties' Stipulated Motion to Establish New Class Discovery Deadline and Class Certification Schedule (ECF No. 78), discovery relating to Veridian's class certification motion is to be completed by May 22, 2018 and Veridian is required to file its motion for class certification by June 6, 2018. A privilege log will allow Plaintiff to identify those documents that Plaintiff believes Eddie Bauer is improperly withholding or to confirm that evidence relevant to Plaintiff's claim has been produced.

**Electronically Stored Information**

On February 6, 2018, the parties met and conferred regarding several ongoing discovery disputes, including, but not limited to, deficiencies with the initial search terms. During this call, Defendant agreed it was conceivable that terms may have been missed in its initial search and agreed to run Plaintiff's proposed terms against documents left out of Defendant's initial search. Plaintiff emailed Defendant a list of Supplemental Search Terms on February 16, 2018. *See* Guglielmo Decl., Ex. 2. On February 17, 2018, Plaintiff requested that Defendant confirm receipt of the prior day's email and further requested that it provide the results of the additional search terms. *Id.* Defendant did not respond. Since February 17, 2018, Plaintiff has sent numerous emails requesting information as to the results of these additional searches and the production of such documents. Plaintiff further offered to schedule a follow up meet-and-confer call. Despite these repeated requests, Defendant has failed to respond.

Before moving this Court for relief, Plaintiff summarized its continued efforts to resolve this ongoing discovery dispute in a letter to Defendant on March 22, 2018. *See* Guglielmo Decl., Ex. 3. Again, Plaintiff requested that Defendant "confirm that you have accepted our list of search terms under subpart b" of the Agreement Regarding Discovery of Electronically Stored Information and that "you have or will be applying these terms in accord with subpart d." *Id.* at 2. Plaintiff requested

MOTION TO COMPEL DISCOVERY – 2
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

that Defendant confirm its production before March 28, 2018. Defendant has not responded to Plaintiff's repeated requests. Rule 34(b)(2) states: "*Objections*. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C) (emphasis in original). Given that Eddie Bauer has failed to state in its objections that it was withholding specific information called for by Plaintiff's requests, or provide any basis as to why it did not include certain search terms that would clearly yield responsive documents, Plaintiff believes Eddie Bauer should be compelled to produce the documents responsive to these search terms.

### **Defendant's Instant Messenger Program**

Plaintiff's March 22, 2018 letter to Defendant also requested for Defendant to search for and produce responsive instant messages. *See* Guglielmo Decl., Ex. 3. As Plaintiff's letter explains, "Defendant has produced multiple documents showing an internal chat was used within Defendant's business. Examples of these chats are shown in EB0089209 and EB0108002." *Id.* at 1.

On March 29, 2018, Plaintiff took the deposition of Jeffrey Pillers, Defendant's Director of Technology Operations Support and Security. During that deposition, Mr. Pillers confirmed that Defendant's employees use Skype to communicate internally with one another in real time and that Skype converts these real time conversations into a written format and saves them within, for example, an email. Guglielmo Decl., Ex. 4 at 218:8-219:13.

Plaintiff is entitled to responsive documents formatted as instant messages. Indeed, Plaintiff's Requests for Production specifically define "Communication" to include "instant messages." Guglielmo Decl., Ex. 1 at 2. Defendant's objections did not state, nor has Defendant argued, that instant messages are not relevant or that Eddie Bauer would not produce such relevant responsive documents. On April 4, 2018, Plaintiff again wrote to Eddie Bauer requesting that responsive instant messages be produced and informing Defendant that if such documents were not produced, Plaintiff would move to compel their production. *See* Guglielmo Decl., Ex. 5. Despite these facts, Eddie Bauer has not responded to Plaintiff's letters requesting that it produce the missing

MOTION TO COMPEL DISCOVERY – 3
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1  instant messages, such that Plaintiff has no choice but to seek relief before it is further prejudiced by
2  Defendant's incomplete production.

### 2016 Mandiant Report

4  Mr. Pillers also testified during his deposition that Mandiant performed penetration testing for Defendant in 2016. Guglielmo Decl., Ex. 4 at 193:13-194:5. Mr. Pillers confirmed that a report was generated regarding this testing (*id*. at 193:23-24), that he'd seen it (i*d*. at 194:4-5), and that Defendant's Manager of IT Security, Peter Van Loon, would have a copy of the 2016 Mandiant penetration report (the "2016 Mandiant Report"). *Id.* at 194:25-195:3. Notably, Eddie Bauer produced the 2015 Mandiant penetration testing report, but not the 2016 Mandiant Report, nor has Eddie Bauer stated in its objections or in any correspondence that the 2016 Mandiant Report would be withheld and not produced.

Plaintiff served its discovery requests eight months ago, and Defendant still has not produced the 2016 Mandiant Report. Defendant's nondisclosure has prejudiced Plaintiff, stripping from it the opportunity to meaningfully examine Mr. Pillers about the 2016 Mandiant Report. The relief Plaintiff seeks is necessary, so that it can review the 2016 Mandiant Report and recall Mr. Pillers if necessary before the close of discovery on May 22, 2018.

### Security Logs

Mr. Pillars testified during his deposition that Defendant maintained security logs (*id*. at 162:19-163:11) from its Deep Security and Office Scan programs, which fed into QRadar. *Id*. at 258:4-9. Mr. Pillars testified that these logs were provided to Verizon from the applications that relate to the malware identified on Defendant's systems, including the logs identifying the first occasion that such logs identified the malware on Defendant's systems in January 2016. *Id*. at 256:6-11. Despite the fact that these documents were provided to Verizon in connection with their investigation into the cause of the data breach, Defendant has failed to produce those logs. Defendant has not responded to Plaintiff's numerous requests for responsive documents, including a request sent on April 4, 2018, for these specific logs. *See* Guglielmo Decl., Ex. 5. Defendant has wholly failed to respond to Plaintiff's request that these logs be produced.

MOTION TO COMPEL DISCOVERY – 4
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

**Production of Privilege Log**

Plaintiff's March 22, 2018 letter to Defendant requested that Defendant produce a privilege log. *See* Guglielmo Decl., Ex. 3. The ESI Order requires that Defendant produce a privilege log 30 days after it completes its production. Notwithstanding Plaintiff's position that Defendant's production is deficient, Defendant has previously represented they completed production on January 19, 2018. Defendant should have produced a privilege log to support the objections based upon privilege in their discovery responses by February 18, 2018. Eddie Bauer has offered no reason why it has not produced a privilege log in this case. Rule 26(b)(5) states:

> *Information Withheld*. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii) (emphasis in original). Moreover, "The purpose of Rule 34 is to make relevant and non-privileged documents, electronically stored information, and objects in the possession of one party available to the other, thus eliminating strategic surprise and permitting the issues to be simplified and the trial to be expedited." C. Wright, et al., FEDERAL PRACTICE & PROCEDURE (CIVIL) § 2202 (3d ed. 2014) (footnotes omitted).

Plaintiff requests that Eddie Bauer be compelled to immediately produce a privilege log. Alternatively, to the extent the Court believes that Eddie Bauer's delay is material and its failure to produce any privilege log is prejudicial, Plaintiff seeks an order that Eddie Bauer has waived any privilege associated with withheld documents that it has failed to identify and produce. *See LifeGoals Corp. v. Advanced Hair Restoration LLC,* No. C16-1733JLR, 2017 WL 6516042, at *3-4 (W.D. Wash. Dec. 19, 2017); *see also Burlington N. & Santa Fe Ry. Co. v. U.S.D.C. for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005); *H.T. Dev., LLC v. Imperial Props., Inc*., No. 2007-CV-0109, 2008 WL 5657594 at *1 (D.V.I. July 29, 2008) ("[I]n the absence of a privilege log, the Court finds that Plaintiff has waived any applicable privilege(s)."); *In re Chevron Corp.*, 749 F. Supp. 2d

MOTION TO COMPEL DISCOVERY – 5
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1   170, 181 (S.D.N.Y. 2010) ("[T]he starting position is that the privilege log must be served with the

2   objections or motion to quash and that the failure to do so may result in waiver of the privilege

3   claims.").

4       Plaintiff moves for an order compelling Defendant to produce: (1) all documents responsive

5   to the list of Supplemental Search Terms Plaintiff provided Defendant on February 16, 2018; (2) all

6   responsive instant messages; (3) the 2016 Mandiant Report; (4) all responsive security logs; and (5)

7   Defendant's privilege log.

8       Plaintiff further requests a telephone conference to discuss this Motion.

9       Respectfully submitted this 26th day of April, 2018.

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephens*
Kim D. Stephens, WSBA #11984
Chase C. Alvord, WSBA #26080
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kstephens@tousley.com
calvord@tousley.com

Joseph P. Guglielmo
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

Erin G. Comite
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
ecomite@scott-scott.com

Gary F. Lynch
Kevin W. Tucker
CARLSON LYNCH SWEET KILPELA
& CARPENTER, LLP

MOTION TO COMPEL DISCOVERY – 6
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1133 Penn Avenue, 5th floor
Pittsburg, PA 15212
Telephone:  (412) 322-9243
Facsimile:   (412) 231-0246
glynch@carlsonlynch.com

Karen H. Riebel
Kate Baxter-Kauf
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:   (612) 339-0981
khriebel@locklaw.com
kmbaxter@locklaw.com

Arthur M. Murray
MURRAY LAW FIRM
650 Poydras St., Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Facsimile: (504) 284-5249
amurray@murray-lawfirm.com

Brian C. Gudmundson
ZIMMERMAN REED, LLP
1100 IDS Center, 80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
brian.gudmundson@zimmreed.com

Bryan L. Bleichner
CHESTNUT CAMBRONNE PA
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2921
bbleichner@chestnutcambronne.com

***Attorneys for Plaintiff Veridian Credit Union***

MOTION TO COMPEL DISCOVERY – 7
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37(a)(1)**

Pursuant to Local Rule 37(a)(1), counsel met and conferred on February 6, 2018, March 22, 2018, and April 4, 2018 in good faith to resolve or narrow the issues raised in this Motion.

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephen*
Kim D. Stephens, WSBA #11984
Chase C. Alvord, WSBA #26080
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone:  (206) 682-5600
kstephens@tousley.com
calvord@tousley.com

MOTION TO COMPEL DISCOVERY – 8
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

# CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2018, I electronically filed the foregoing Motion to Compel Discovery with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Chase C. Alvord
calvordtousley.com

Erin G. Comite
ecomite@scott-scott.com

Gary F. Lynch
glynch@carlsonlynch.com

Kevin W. Tucker
ktucker@carlsonlynch.com

Joseph P. Guglielmo
jguglielmo@scott-scott.com

Karen H. Riebel
khriebel@locklaw.com

Kate M. Baxter-Kauf
kmbaxter-kauf@locklaw.com

Kathleen A. Nelson
kathleen.nelson@lewisbrisbois.com

Sarah E. Demaree
sarah.demaree@lewisbrisbois.com

Dyanne J. Cho
dyanne.cho@lewisbrisbois.com

Jon P. Kardassaki
jon.kardassakis@lewisbrisbois.com

Dated: April 26, 2018                    */s/ Kim D. Stephens*
                                          Kim D. Stephens, WSBA #11984

MOTION TO COMPEL DISCOVERY – 9
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600