The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERIDIAN CREDIT UNION, on behalf of itself and a class of similarly situated financial institutions,<br><br>Plaintiff,<br>v.<br><br>EDDIE BAUER LLC,<br><br>Defendant. | NO. 2:17-cv-00356-JLR<br><br>**DECLARATION OF GARY F. LYNCH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

I, Gary F. Lynch, pursuant to 28 U.S.C. § 1746, declare as follows, declare as follows:

1. I am an attorney licensed in Pennsylvania and New York, and have been admitted to practice before the Supreme Court of the United States and numerous federal appellate and district courts, including this Court, *pro hac vice*. I have been involved in all aspects of this litigation since inception. I submit this Declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.[1] The information set forth in this Declaration is based upon my personal knowledge.

2. I am a founding member of the law firm Carlson Lynch, LLP.

3. Carlson Lynch was founded in 2004 as Carlson Lynch LTD. The firm was restructured and renamed Carlson Lynch Sweet & Kilpela, LLP in 2014. An additional named partner was added in 2016 and the firm was renamed Carlson Lynch Sweet Kilpela & Carpenter, LLP. The name was shortened to Carlson Lynch, LLP in 2019.

4. Prior to my involvement in my current firm, I was a partner at Lynch & Kunkel LLP and Gary F. Lynch, P.C. I began my legal career as an associate at Reed Smith, LLP (formerly Reed Smith Shaw & McClay) in 1989, after graduating from the University of Pittsburgh School of Law.

5. Throughout my career (since leaving Reed Smith), my law practice has focused on representing plaintiffs in complex civil litigation. For the last several years, I have spent the bulk of my professional time representing individual and institutional plaintiffs in class action and multi-district litigation throughout the country and am currently serving or have served as lead, co-lead, or in other leadership positions in numerous federal and state class actions and multi-district proceedings, including: *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL 2800 (N.D. Ga.) (appointed co-lead MDL counsel on behalf of financial institution plaintiffs); *In re Home Depot Data Breach Litigation*, 1:14-md-2583 (N.D. Ga.) (appointed co-

---

[1] All Capitalized terms not defined herein have the same meaning as those defined in the Settlement Agreement and Release

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  lead MDL counsel on behalf of financial institution plaintiffs); *In re Target Stores Data Breach Litigation*, 0:14-md-02522 (D. Minn.) (appointed to overall executive committee in a large consolidated MDL stemming from the retailer's 2013 data breach, final approval granted to two settlements); *Dittman et al v. UPMC et al*, 196 A.3d 1096 (Pa. 2018) (Allegheny Cty., Pa. No. GD-14-003285) (lead counsel on behalf of plaintiffs after obtaining reversal in the Pennsylvania Supreme Court); and *In re FedLoan Student Loan Servicing Litigation,* 2:18-md-02833-CDJ (E.D. Pa.) (appointed MDL co-lead counsel).

6. I make this Declaration in support of the proposed Settlement Agreement reached between the parties after extensive arms-length negotiation, a true and accurate copy of which is being filed concurrently herewith. Based upon my experience serving as lead counsel and in other leadership positions in class action litigation, it is my opinion that the proposed settlement in this case is fair, adequate, and reasonable so as to satisfy the requirements for preliminary and, ultimately, final approval pursuant to Fed. R. Civ. P. 23. This opinion is shared by Joseph P. Guglielmo of Scott+Scott Attorneys at Law, LLP, who serves as co-counsel for the Plaintiff. As part of the settlement approval process, Plaintiff is requesting appointment of Mr. Guglielmo and me as Class Counsel.

7. The complaint was filed by Plaintiff Veridian Credit Union on March 7, 2017 and alleged claims of negligence, violations of the Washington Consumer Protection Act ("CPA") and the data breach notification law, Wash. Rev. Code ("RCW") § 19.255.020, and for declaratory and injunctive relief.

8. On June 15, 2017, Eddie Bauer moved to dismiss the Complaint (the "Motion to Dismiss"). (ECF No. 40). On July 24, 2017, Veridian filed its opposition to the Motion to Dismiss. (ECF No. 53). On November 9, 2017, the Court denied Eddie Bauer's Motion to Dismiss ("Order"). (ECF No. 69). On November 27, 2017, Plaintiff filed its Second Amended Class Action Complaint to conform to the Court's Order. (ECF No. 70).

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

9. Thereafter, the Parties engaged in significant motion practice and discovery. Plaintiff served Eddie Bauer with document requests, and Eddie Bauer produced hundreds of thousands of pages of documents, which Plaintiff's counsel reviewed. Plaintiff also deposed Eddie Bauer's corporate representatives pursuant to Federal Rule of Civil Procedure 30(b)(6) and deposed nine party and non-party fact witnesses. Plaintiff obtained and reviewed tens of thousands of pages of documents from numerous third parties in response to subpoenas Plaintiff served, including subpoenas served on the major card brands and obtained numerous documents from those third parties. Eddie Bauer served Plaintiff with 164 document requests, to which Veridian responded with the production of thousands of pages of responsive documents. Eddie Bauer also deposed Veridian's corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6).

10. The proposed Settlement Agreement is the result of good faith, arm's-length negotiations. During the course of the litigation, the Parties engaged in multiple direct discussions about possible resolution. The Parties then participated in a full-day, in-person mediation session before Hon. Jay C. Gandhi (Ret.) on February 15, 2019 in Los Angeles. At the mediation, the parties were able to reach agreement on the core terms necessary to resolve the case on a class-wide basis. The parties then formalized the terms of their proposed settlement in a full settlement agreement, which is attached as Exhibit A to this Declaration.

11. The Parties did not discuss with one another, or agree upon, attorneys' fees, costs, and expenses until after agreeing to the essential terms of the Settlement.

12. Under the Settlement Agreement, Eddie Bauer agrees to pay class members a minimum total of $1 million and a maximum total of $2.8 million. Additionally, Eddie Bauer will pay up to $2 million total to cover the costs of settlement administration, any Court-approved service award to the Plaintiff, and any Court-approved attorneys' fees, expenses, and costs. The named Plaintiff has consented to the submission of this proposed settlement for the Court's approval.

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

13.  Based upon discovery conducted by Plaintiff, as well as information exchanged during the mediation process, Plaintiff estimates that approximately 1.4 million payment cards issued by the putative class were "Alerted on,"[2] and will be subject to the Settlement Agreement. Based on documents obtained during the litigation, I estimate that there are approximately 4,000 Class Members (financial institutions that issued Alerted On Payment Cards). Under the proposed Distribution Plan that will govern payments from the Distribution Fund, Settlement Class Members that file an Approved Claim will receive a Cash Payment Award per Claimed-On Card without having to submit documentation or prove their losses. The amount of the cash payments will depend on the total number of Alerted on Payment Cards for which an Approved Claim is submitted by Settlement Class Members, but is guaranteed to be at least $2.00 per card. By way of example, if all Settlement Class Members submit valid claims covering all Alerted on Payment Cards, Settlement Class Members would receive $2.00 per Claimed-On Card. If the total approved Claimed-On Cards is less than 500,000, the per-card Cash Payment Award will be increased *pro rata* until the total Distribution Fund reaches $1 million. For example, if 10% of eligible payment cards are validly Claimed-On (140,000), then Settlement Class Members should receive approximately $7.14 per card ($1,000,000/140,000 ≈ $7.14). If 25% of eligible payment cards are validly Claimed-On (350,000), then Settlement Class Members should receive approximately $2.85 per card ($1,000,000/350,000 ≈ $2.85).

14.  For purposes of effectuating individualized, direct Mail Notice, Class Counsel have arranged for Visa and MasterCard to identify each financial institution that issued an Alerted-on Payment Card and to submit to the Settlement Administrator the legal address of such financial institutions. Additionally, during the discovery and/or mediation process, Class Counsel obtained information sufficient to identify each financial institution that issued an Alerted-on Payment Card for payment cards branded by Discover and JCB. Class Counsel will provide relevant contact information to the Settlement Administrator for financial institutions

---

[2] The term "Alerted on Payment Card" is fully defined within the Settlement Agreement at Paragraph 1.

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  that issued Discover and JCB Alerted on Payment Cards. I believe that the proposed notice plan
2  represents the best practicable notice to the Settlement Class Members.

3       15.   I have reviewed the proposed Claim Form to be used by the Settlement Class
4  Members to submit their claims. The Claim Form is simple and straightforward and requires
5  only the provision of very basic information. Based upon my experience with the settlement of
6  other class action data breach cases on behalf of financial institutions, I believe that the simplicity
7  of the Claim Form will increase participation from Settlement Class Members.

8       16.   The lawyers who represented Plaintiff are abundantly qualified and experienced
9  to represent the class, including specifically Joseph P. Guglielmo, my co-lead counsel. The
10 background and firm profiles of both my firm and Mr. Guglielmo's firm, Scott + Scott, are
11 attached to this Declaration as Exhibits B and C. These materials provide additional details
12 regarding our qualifications to serve as co-lead counsel for the class.

13      17.   In this case, Mr. Guglielmo and I, along with our respective law firms, Scott +
14 Scott and Carlson Lynch, have done substantial work in vigorously pursuing the interests of our
15 client and the class it sought to represent throughout the litigation. We were assisted in this effort
16 by two additional law firms representing the Plaintiff which, together with our firms, have
17 extensive experience litigating complex and class actions and have demonstrated particular
18 success in litigating data security breach class actions. We have aggressively litigated this action
19 – briefing numerous substantive issues, taking and defending depositions, managing the review
20 of thousands of pages of documents produced by Defendant and third parties, and making
21 multiple comprehensive assessments of the legal and factual strengths and weaknesses of the
22 case – and thus have adequate information on which to negotiate and evaluate this Settlement.
23 The group of lawyers and law firms representing Plaintiff in this matter are at the forefront of the
24 fast-developing area of data breach law and litigation. Had the action not settled, counsel for
25 Plaintiff were prepared to devote substantial additional time and effort pressing Plaintiff's claims
26 through class certification, trial and any subsequent appeal.

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

18. Plaintiff, the proposed Settlement Class Representative, has demonstrated its adequacy in selecting well-qualified proposed Class Counsel, monitoring the Litigation, and participating in discovery and the mediation process. Plaintiff's employees were highly cooperative in making themselves available for document production and/or deposition testimony. Additionally, Plaintiff actively communicated with Class Counsel for purposes of advising and consulting with regard to the consequences of the Cyber Attack and the resulting damages. These communications were crucial to the development of a workable damage model to facilitate the mediation process. I am not aware of any facts relevant to this litigation that create a conflict of interest between Plaintiff and the Class.

19. Based on my experience and expertise, I believe that the settlement is fair, adequate, reasonable, an excellent result for the class, and represents a desirable resolution of this litigation. Generally speaking, in the still developing area of data breach litigation, there are many impediments to victory for a plaintiff suffering harm in a data breach (or cyber attack), as well as significant impediments to class certification. In this case, all of these uncertainties and impediments are present. Given these litigation risks, this Settlement is a good one for the Settlement Class Members and provides an opportunity for the recoupment of a significant percentage of the losses resulting from the Cyber Attack.

20. Mr. Guglielmo and I solicited, received and reviewed bids from multiple settlement administration firms. Based on our review of the bids and credentials of these firms, and subject to this Court's approval, we believe the firm Analytics Consulting LLC is well-suited to serve as the Settlement Administrator and will provide administration services at a reasonable cost. Analytics is a well-known settlement administration firm that has successfully administrated many class action settlements. I have worked with Analytics in other class action settlements and have always been satisfied with its work.

21. The service award requested for Plaintiff is not predicated on the existence of any special treatment, negotiation, or promise from Class Counsel. The request is being made

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 7

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1  purely as a legitimate consideration to Plaintiff for its efforts in initiating the lawsuit, staying
2  abreast of all aspects of the litigation, cooperating in discovery, and fairly and adequately
3  protecting the interests of the absent class members.

4      22.    The Settlement Agreement includes a provision (¶ 70) granting Eddie Bauer
5  discretion to terminate the Settlement Agreement if Settlement Class Members representing a
6  certain number of Alerted on Payment Cards elect to opt out of the Settlement Class. That
7  number is separately agreed to by the Parties and will be submitted to the Court for *in camera*
8  review if requested. Other than the Settlement Agreement itself and the separate agreement
9  establishing the opt-out threshold referenced in SA ¶ 70, I am aware of no agreements made in
10 connection with this proposed settlement that would need to be disclosed pursuant to Fed. R.
11 Civ. P. 23(e)(3).

12     23.    Because the settlement represents a fair and reasonable recovery on behalf of the
13 Plaintiff and the proposed class, I believe that the Court should approve the settlement and
14 direct notice to be issued to the class.

15     I declare under penalty of perjury that the foregoing is true and correct. This
16 Declaration was executed on April 26, 2019, in Pittsburgh, Pennsylvania.

By: _/s/ Gary F. Lynch_

Gary F. Lynch, *pro hac vice*
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com

DECL. OF GARY F. LYNCH IN SUPP. OF UNOPPOSED MOT. FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT (2:17-cv-00356-JLR) - 8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992