## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement" or "Settlement Agreement"), dated as of April 26, 2019, is made and entered into by and among the following Parties: (1) Plaintiff Veridian Credit Union ("Veridian" or "Plaintiff"), on behalf of itself and the Settlement Class, by and through Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP and Gary F. Lynch of Carlson Lynch LLP (collectively, "Class Counsel"); and (2) Defendant Eddie Bauer, LLC ("Eddie Bauer" or "Defendant"), by and through its counsel of record, Jon P. Kardassakis of Lewis Brisbois Bisgaard & Smith LLP, and subject to preliminary and final Court approval, as required by Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

## I. RECITALS

A. On March 7, 2017, Veridian filed an action against Eddie Bauer in the U.S. District Court for the Western District of Washington after Eddie Bauer reported third-party criminal cyber-attacks of its stores nationwide involving malware that targeted customers' payment card information. ECF No. 1.

B. On June 5, 2017, Plaintiff filed its Amended Class Action Complaint (the "Amended Complaint"), asserting claims for negligence, negligence *per se*, violation of RCW 19.255.02, violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86, and declaratory and injunctive relief. ECF No. 36.

C. On June 15, 2017, Eddie Bauer moved to dismiss the Complaint (the "Motion to Dismiss"). ECF No. 40. On July 24, 2017, Veridian filed its opposition to the Motion to Dismiss. ECF No. 53. On November 9, 2017, the Court granted in part and denied in part Eddie Bauer's Motion to Dismiss (the "MTD Order"). ECF No. 69. On November 27, 2017, Plaintiff filed its Second Amended Class Action Complaint (the operative "Complaint") to conform to the Court's MTD Order. ECF No. 70.

D. Thereafter, the Parties engaged in significant motion practice and discovery. In particular, Plaintiff served Eddie Bauer with document requests, and Eddie Bauer produced hundreds of thousands of pages of documents, which Plaintiff's counsel reviewed. Plaintiff also deposed Eddie Bauer's corporate representatives pursuant to Fed. R. Civ. P. 30(b)(6) and deposed nine party and non-party fact witnesses. Additionally, Plaintiff obtained and reviewed tens of thousands of pages of documents from numerous third parties in response to subpoenas Plaintiff served, including subpoenas served on the major card brands.

E. Eddie Bauer served Plaintiff with 164 document requests to which Veridian responded with the production of thousands of pages of responsive documents. Eddie Bauer also deposed Veridian's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

F. This Settlement resulted from good faith, arm's-length settlement negotiations, including one full-day mediation before the Honorable Jay C. Gandhi (Ret.). The Parties also participated in numerous direct discussions about possible resolution of the Litigation. The Parties did not discuss with one another or agree upon attorneys' fees, costs, and expenses until after agreeing to the essential terms of the Settlement.

G.     Class Counsel conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of the claims to be resolved in the Settlement and how best to serve the interests of the Settlement Class.  Based on this investigation, and the negotiations described above, Class Counsel have concluded, taking into account the sharply contested issues involved, risks, uncertainty, and cost of further prosecution of the Litigation, and substantial benefits to be received by the Settlement Class pursuant to this Settlement, that a settlement with Eddie Bauer on the terms set forth in this Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

H.     Eddie Bauer denies all material allegations of the Complaint.  Eddie Bauer specifically disputes that it is liable in any way for the third-party criminal cyber-attack and that Plaintiff and putative class members are entitled to any relief from Eddie Bauer.  Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, which is in addition to assessments from payment card brands, Eddie Bauer has agreed to settle the Litigation on the terms as set forth in this Settlement, subject to Court approval.

I.     The Parties now agree to settle the Litigation in its entirety, without any admission of liability, with respect to all Released Claims.  The Parties intend this Settlement to bind the Plaintiff, Eddie Bauer, and all Settlement Class Members who do not timely and validly exclude themselves from the Settlement Class.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Litigation be settled, compromised, and dismissed on the merits and with prejudice, subject to preliminary and final Court approval, as required by Rule 23, on the following terms and conditions:

## II.   DEFINITIONS

In addition to the terms defined at various points within this Settlement, the following defined terms apply throughout this Settlement:

1.     "Alerted on Payment Card" means any payment card (including debit and credit cards) that was identified as having been at risk as a result of the Cyber Attack in an alert or similar document by Visa, MasterCard, Discover, or JCB, including: (i) in an alert in the Visa US-2016-0665 series (e.g., US-2016-0665a-PA, US-2016-0665b-PA, US-2016-0665c-PA, US-2016-0665d-PA, US-2016-0665e-IC, US-2016-0665f-IC, US-2016-0665g-IC, US-2016-0665h-IC); (ii) in an alert in the MasterCard ADC001253-16 series; (iii) in an alert in the Discover DCA-USA-2016-6710 series; or (iv) in an alert or similar document by JCB similar to the foregoing Visa and MasterCard alerts.

2.     "Approved Claim" means a claim for Settlement benefits made by a Settlement Class Member using a Claim Form found to be valid by and in an amount approved by the Settlement Administrator and shall be limited to claims submitted for an Alerted on Payment Card.

3.     "Claims Administration" means the processing of Claim Forms received from Settlement Class Members and payment of Approved Claims by the Settlement Administrator, as

well as any other duties and obligations of the Settlement Administrator, as set forth in the Settlement.

4.    "Claims Deadline" means the deadline by which Settlement Class Members must submit a claim for benefits under this Settlement, which shall be 120 days after entry of the Preliminary Approval Order unless a different deadline is set by the Court.

5.    "Claim Form" shall mean the claim form attached as Attachment A to Exhibit 1 (including an electronic version thereof), or a claim form approved by the Court that is substantially similar to Attachment A to Exhibit 1.

6.    "Class Counsel" means the below counsel of record for Plaintiff in the Litigation:

Gary F. Lynch
CARLSON LYNCH LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

Joseph P. Guglielmo
SCOTT+SCOTT ATTORNEYS AT LAW LLP
230 Park Avenue, 17th Floor
New York, NY 10169

7.    "Complaint" means the operative Second Amended Class Action Complaint (ECF No. 70), filed in the Litigation on November 27, 2017.

8.    "Costs of Settlement Administration" means all actual costs associated with or arising from Claims Administration and the Notice Program and providing the notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715(b).   The Costs of Settlement Administration shall be paid as set forth in this Settlement.

9.    "Court" means the U.S. District Court for the Western District of Washington.

10.    "Cyber Attack" means the third-party criminal cyber-attacks of Eddie Bauer's stores in the United States involving malware targeting customers' payment card data that Eddie Bauer reported in 2016, and that is the subject of the Litigation and Complaint.

11.    "Effective Date" means the first business day after which all of the following events have occurred: (a) Class Counsel and Eddie Bauer's counsel have executed this Settlement; (b) the Court has entered the Final Approval Order and Judgment without material change to either the Parties' Settlement or agreed-upon proposed Final Approval Order and Judgment, as described in this Settlement and attached hereto as Exhibit 5; and (c)(i) the time for seeking rehearing, appellate, or other review of the Final Approval Order and Judgment has expired with no appeal, motion for rehearing, or motion for further review being filed, except as specifically described further in this definition; or (ii) the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.   The Effective Date shall not be altered, precluded, or delayed in the

event the Court declines to approve, in whole or in part, the payment of attorneys' fees, costs, and expenses or Service Award in the amounts that Class Counsel requests. Further, the Effective Date shall not be altered, precluded, or delayed in the event that an appeal is filed, with the sole issues on appeal being the award of attorneys' fees, costs, and/or expenses to Class Counsel and/or Service Award.

12.    "Escrow Account" means the interest bearing account to be established by the Settlement Administrator consistent with the terms and conditions described in the Settlement. All funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. §1.468B-1. Any taxes incurred by the Escrow Account shall be paid out of the account and are not the obligation of Eddie Bauer or Plaintiff.

13.    "Final Approval" means the date that the Court enters an order and judgment granting final approval of the Settlement and determines the amount of fees, costs, and expenses awarded to Class Counsel and the amount of the Service Award. In the event that the Court issues separate orders addressing the foregoing matters, then Final Approval means the date of the last of such orders.

14.    "Final Approval Order and Judgment" means the order and judgment that the Court enters upon Final Approval and in the form of, or materially in the form of, the proposed Final Approval Order and Judgment attached hereto as Exhibit 5. In the event that the Court issues separate orders addressing the matters constituting Final Approval, then the Final Approval Order and Judgment includes all such orders.

15.    "Litigation" means the action styled *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.).

16.    "Notice" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement.

17.    "Notice Deadline" means the date by which the Settlement Administrator is required to send out Mail Notice, which shall be 30 days after entry of the Preliminary Approval Order unless a different deadline is set by the Court.

18.    "Notice Program" means the notice plan and methods provided for in this Settlement and consists of: (a) a direct mail notice to Settlement Class Members ("Mail Notice"); (b) Publication Notice (as described in more detail below); (c) notice posted on the Settlement Website; and (d) such other notice as is required by due process and Rule 23. The Notice Program shall be effected in substantially the manner provided for in this Settlement.

19.    "Objection Deadline" means 114 days after entry of the Preliminary Approval Order unless a different deadline is set by the Court.

20.    "Opt-Out Deadline" means 90 days after entry of the Preliminary Approval Order unless a different deadline is set by the Court.

21.    "Parties" means Eddie Bauer and Plaintiff, individually and on behalf of the Settlement Class.

22.    "Plaintiff" means Veridian Credit Union.

23.    "Plaintiff's Released Persons" means Plaintiff, its current and former parents, subsidiaries, affiliated companies, and divisions and Plaintiff's counsel of record in the Litigation.

24.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and, among other things, ordering that notice be provided to the Settlement Class, and in the form of, or materially in the form of, the proposed Preliminary Approval Order attached hereto as Exhibit 4.

25.    "Defendant's Released Persons" means: (a) Eddie Bauer LLC; (b) each of its or their respective current and former parents, subsidiaries, affiliated companies, and divisions, whether indirect or direct; and (c) the respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, reinsurers, shareholders, members, advisors, consultants, representatives, partners, joint venturers, and assigns of each of the entities and persons listed in sections (a) and (b) of this ¶25.

26.    "Releasing Parties" means Plaintiff and all Settlement Class Members, who do not timely and validly exclude themselves from the Settlement, and each of these entities' current and former parents, subsidiaries, affiliated companies, and divisions, as well as these entities' heirs, assigns, beneficiaries, and successors.

27.    "Service Award" means a payment of up to $10,000 to Plaintiff, subject to Court approval, in compensation for its involvement in this Litigation and service on behalf of other financial institutions. Any Service Award will be paid out of the Settlement Fund.

28.    "Settlement Agreement" or "Settlement" means this settlement agreement and release, including exhibits hereto.

29.    "Settlement Administration Account" means the account established by the Settlement Administrator consistent with the terms and conditions described in the Settlement. Funds in this account will pay the Costs of Settlement Administration; any Court-approved Service Award to Plaintiff; and any Court-approved attorneys' fees, expenses, and costs.

30.    "Settlement Administrator" means the entity to be selected by Class Counsel, subject to approval of Eddie Bauer's counsel, which shall not be unreasonably withheld, and approved by the Court to effectuate the Notice Program and Claims Administration per the terms of this Settlement.

31.    "Settlement Class Members" or "Settlement Class" means all persons and entities that fall within the settlement class definition set forth in this Settlement.

32.    "Settlement Class Representative" means Plaintiff.

33.    "Settlement Consideration" means the following consideration to be paid or provided, or agreed to be paid or provided, by Eddie Bauer in this Settlement Agreement:

a.    Distributions to Settlement Class Members Who Submit Approved Claims. Settlement distributions will total at least $1,000,000 (the Minimum Payment Amount"), but will not exceed $2,800,000 (the "Maximum Class Settlement Amount"). Settlement Class Members, who submit Approved Claims, will receive $2.00 for each Alerted on Payment Card they identify in their Claim Form, subject to a *pro rata* increase if the value of all Approved Claims is less than $1,000,000;

b.    Payments for Costs of Administration of the Settlement. These payments will not exceed $2,000,000 and will cover the Costs of Settlement Administration; any Court-approved Service Award to Plaintiff (not to exceed $10,000); and any Court-approved attorneys' fees, expenses, and costs (the "Administration and Fee Amount"); and

c.    The injunctive relief concerning Eddie Bauer's data security measures set forth in ¶42, for which Eddie Bauer has expended, and expects to expend, approximately $5,000,000.

34.    "Settlement Website" means the website that the Settlement Administrator will establish as soon as practicable following entry of the Preliminary Approval Order, but no later than the Notice Deadline, as a means for Settlement Class Members to obtain notice of and information about the Settlement, through and including hyperlinked access to the Settlement, Notice, Preliminary Approval Order, Claim Form, Complaint, and such other documents as Class Counsel and Eddie Bauer's counsel agree to post, or that the Court orders posted, on the website. These documents shall remain on the Settlement Website at least 60 days after the Effective Date. The URL of the Settlement Website shall be agreed upon by Class Counsel and Eddie Bauer's counsel. Settlement Class Members shall also be able to submit Claim Forms electronically via the Settlement Website. The Settlement Website shall not include any advertising and shall remain operational until at least 60 days after the Effective Date.

III.    **SETTLEMENT CLASS**

35.    For settlement purposes only, the Parties agree that the Court should certify the following class pursuant to Fed. R. Civ. P. 23(b)(3), defined as:

All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Alerted on Payment Cards. Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, Eddie Bauer, and persons who timely and validly request exclusion from the Settlement Class.

If, for any reason, the Court does not enter the Final Approval Order and Judgment without material change, or if the Court does enter the Final Approval Order and Judgment without material change, but it is appealed or further reviewed and the Final Approval Order and Judgment is not affirmed or it is materially changed, the Settlement Agreement is of no force or

effect and may not be cited or relied upon in any way in support of a motion for class certification or for any other purpose.

36.     For settlement purposes only, Class Counsel shall seek, and Eddie Bauer shall not oppose, the appointment of Class Counsel as settlement class counsel and the appointment of Plaintiff as Settlement Class Representative.  Settlement Class Representative will move for provisional certification of the Settlement Class, for settlement purposes only, contemporaneously with its motion for preliminary approval of the Settlement.  Eddie Bauer agrees not to contest provisional certification of the Settlement Class for settlement purposes only.

## IV.     SETTLEMENT CONSIDERATION

37.     In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases set forth in §IX and the dismissal of the Action upon the Effective Date, Eddie Bauer agrees to pay and provide the Settlement Consideration described in ¶33.

38.     In no event shall Eddie Bauer be required to pay or provide more than the Settlement Consideration in connection with this Settlement.

39.     Eddie Bauer shall fund the following payments of the Settlement Consideration, as set forth below:

        a.     Payment of Approved Claims to the Settlement Class.  Following the Claim Validation Process, as set forth in the Distribution Plan (attached hereto as Exhibit 1), payments to the Settlement Class shall be administered on a "claims made" basis. This means that Eddie Bauer will fund only those Approved Claims submitted by Settlement Class Members in accordance with the Distribution Plan.  Eddie Bauer will not be required to establish a settlement fund.  Instead, the Settlement Administrator will establish an Escrow Account.  Within 15 days of the establishment of the Escrow Account, Eddie Bauer will fund the account with a minimum of $1,000,000 or an amount equal to the aggregate amount of Approved Claims, whichever is more.  The aggregate amount of Approved Claims shall be determined by the Settlement Administrator.  The fund will be used solely for payment of Approved Claims.  The fund shall not exceed an amount equal to the aggregate amount of Approved Claims or $2,800,000, whichever is less.  The fund in this Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. §1.468B-l.  Eddie Bauer will fully satisfy its obligation to fund this account upon depositing the appropriate amount as directed by the Settlement Administrator, and all risk of loss thereafter passes to Plaintiff and the Settlement Class;

        b.     Payment of Costs Associated with Administration of Settlement.  Eddie Bauer will pay no more than $2,000,000.  These costs will be: (i) the Costs of Settlement Administration; (ii) any Court-approved Service Award to Plaintiff (not to exceed $10,000); and (iii) any Court-approved Class Counsel attorneys' fees, costs, and

expenses. These costs will be paid from the Settlement Administration Account as follows:

        i.    Regarding payment of the Costs of Settlement Administration, including Settlement Administrator invoices, these shall be paid by Eddie Bauer. Payment for such costs shall be made to the Settlement Administration Account, by wire transfer, within 15 days of receipt from the Settlement Administrator of an invoice upon entry of the Preliminary Approval Order by the Court. All Costs of Settlement Administration funded by Eddie Bauer, regardless of when they are paid, shall act as a credit and reduce Eddie Bauer's obligation to pay Costs of Settlement Administration;

        ii.    Regarding payment of any Court-approved Service Award to Plaintiff, Eddie Bauer shall fund such payment to the Settlement Administration Account, by wire transfer, within fifteen (15) days of the Effective Date. Any such Service Award will then be paid to Plaintiff by the Settlement Administrator; and

        iii.    Regarding payment of any Court-approved Class Counsel attorneys' fees, costs, and expenses, Eddie Bauer shall fund such payment to the Settlement Administration Account, by wire transfer, within fifteen (15) days of the Effective Date. Any such payment will then be made to Class Counsel by the Settlement Administrator.

    40.    Eddie Bauer shall be under no obligation to fund any other, additional, or greater amount than the Settlement Consideration reflected in ¶39, and may withdraw from the Settlement if an award is made in a greater amount. The attorneys' fees, costs, and expenses and any Service Award awarded by the Court will be funded by Eddie Bauer, not by the Class Members. Class Counsel will not seek attorneys' fees, costs, and expenses or a Service Award other than as provided for in ¶39.

    41.    The funds in the Escrow Account, if any, shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. §1.468B-l, at all times, from the creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon Eddie Bauer, Plaintiff, and/or Class Counsel, with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively, "Taxes"), shall be paid out of the Escrow Account. The Escrow Account shall indemnify and hold Eddie Bauer, Plaintiff, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification) and Eddie Bauer, Plaintiff, and Class Counsel shall have no liability or responsibility for any of the Taxes.

    42.    <u>Injunctive Relief.</u> In partial consideration of the full settlement and release of all Released Claims against Defendant's Released Persons, Eddie Bauer agrees to the following injunctive relief for a period of two years from the Effective Date. Consistent with its

obligations to comply with the Payment Card Industry Data Security Standard ("PCI DSS"), Eddie Bauer will maintain a comprehensive information security program that is reasonably designed to protect the security, integrity, and confidentiality of payment cardholder data. This compliance will continue to contain administrative, technical, and physical safeguards consistent with PCI DSS, which are intended to protect the cardholder data environment. These measures will include the following:

        a.      maintaining properly configured firewalls to protect cardholder data;

        b.      maintaining policies and procedures to not use vendor-supplied defaults for system passwords and other security parameters;

        c.      continuing to protect stored cardholder data, including the segmentation of production and non-production servers and the removal of all internet access for non-production servers;

        d.      continuing to encrypt transmission of cardholder data across open public networks;

        e.      continuing to protect all systems against malware and to regularly update anti-virus software or programs, including the deployment of anti-virus protections on Eddie Bauer's store-based IT assets;

        f.      continuing to maintain secure systems and applications;

        g.      continuing to restrict access to cardholder data to those with a legitimate business need to know, including the maintenance of a privileged user access management solution;

        h.      continuing to identify and authenticate access to system components;

        i.      continuing to restrict physical access to cardholder data;

        j.      continuing to track and monitor all access to network resources and cardholder data, including monitoring, alerting, and logging related to identification of indicators of compromise on computer systems and network endpoints;

        k.      continuing to maintain point-to-point encryption and tokenization across all U.S. stores and on Eddie Bauer's website, including its Order Entry System;

        l.      continuing to maintain EMV capability across all U.S. stores;

        m.      continuing to regularly test security systems and processes and conduct regular penetration testing; and

        n.      maintaining a policy that addresses information security for all personnel. Eddie Bauer will regularly review and revise, as necessary, its information security policies and incident response plan.

The costs associated with maintaining these provisions and compliance with PCI DSS since the Cyber Attack, combined with the costs of these measures for at least two years, exceeds $5,000,000.

43.     The measures set forth above will be materially maintained for at least two years following the Effective Date, subject to any of the following: (a) a determination by the Eddie Bauer officer designated as the head of Eddie Bauer's cyber-security program that the measure is no longer in the best interest of Eddie Bauer, including, but not limited to, due to circumstances making the measure no longer applicable, feasible, or available on commercially reasonable terms; or (b) modifications which Eddie Bauer reasonably believes are required by applicable law or regulation.

## V.    PRELIMINARY APPROVAL

44.     Upon execution of this Settlement, Class Counsel shall promptly move the Court for an order granting the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 4. The motion for preliminary approval shall request that the Court: (a) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (b) provisionally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) and (e) for settlement purposes only; (c) approve the Settlement Administrator, Notice Program set forth herein, form and content of the Notice, and Claim Form; (d) approve the procedures set forth in this Settlement for Settlement Class Members to exclude themselves from the Settlement Class or to object to the Settlement; (e) stay all proceedings in the Litigation unrelated to the Settlement pending Final Approval of the Settlement; (f) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning any Released Claims; (g) appoint Class Counsel and Settlement Class Representative; and (h) schedule a Final Approval hearing at a date that provides sufficient time for the deadlines contemplated by this Settlement and that is convenient for the Court, at which time the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith and should be finally approved, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses and Service Award (the "Final Approval Hearing").

45.     Within 10 days of the filing of the motion for preliminary approval, Eddie Bauer shall serve, or cause to be served, a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under CAFA. Costs of disseminating the notice required under CAFA shall be borne as Costs of Settlement Administration.

## VI.    SETTLEMENT ADMINISTRATOR

46.     The Settlement Administrator shall administer various aspects of the Settlement and perform such other functions as are specified for the Settlement Administrator elsewhere in this Settlement, including, but not limited to, overseeing administration of the Class Settlement Amount; providing Notice to Settlement Class Members, as described in this Settlement; effecting Publication Notice; establishing and operating the Settlement Website and a toll-free number; administering the claims processes; and distributing cash payments according to the processes and criteria established by this Settlement.

47.     The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Settlement, include:

        a.      implementing the Notice Program required by this Settlement;

        b.      establishing and maintaining a post office box for mailed written notifications of exclusion from the Settlement Class;

        c.      establishing and maintaining the Settlement Website;

        d.      establishing and maintaining a toll-free telephone line for Settlement Class Members to call with Settlement Agreement-related inquiries and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries;

        e.      responding to any mailed Settlement Class Member inquiries;

        f.      processing all written notifications of exclusion from the Settlement Class and providing deficiency notices, as set forth herein;

        g.      providing weekly reports and, no later than 10 days after the Opt-Out Deadline, a final report to Class Counsel and Eddie Bauer that summarizes the number of written notifications of exclusion received that week, total number of written notifications of exclusion received to date, and other pertinent information as requested by Class Counsel and Eddie Bauer's counsel;

        h.      in advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of the Notice Program in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and validly provided written notification of exclusion from the Settlement Class;

        i.      reviewing, determining the validity of, and responding to all claims submitted by Settlement Class Members, pursuant to criteria established by this Settlement Agreement;

        j.      after the Effective Date, processing and transmitting distributions to Settlement Class Members that submitted Approved Claims;

        k.      providing weekly reports and a final report to Class Counsel and Eddie Bauer's counsel that summarize the number of claims since the prior reporting period, total number of claims received to date, number of any claims approved and denied since the prior reporting period, total number of claims approved and denied to date, and other pertinent information as requested by Class Counsel and Eddie Bauer's counsel;

        l.      performing any function related to Claims Administration at the agreed-upon instruction of the Parties, including, but not limited to, verifying that cash payments have been distributed in accordance with this Settlement; and

m.     Providing notice pursuant to CAFA, including serving, or causing to be served, a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under CAFA.

48.     Eddie Bauer and Class Counsel shall have the right, to be exercised in their sole discretion, but not the obligation, to advise the Settlement Administrator to waive what Eddie Bauer or Class Counsel reasonably deems to be formal or technical defects in any Claim Forms submitted, including, without limitation, failure to submit a Claim Form by the Claims Deadline, in the interests of achieving substantial justice.

## VII.     NOTICE, OPT-OUTS, AND OBJECTIONS

49.     Upon entry of the Preliminary Approval Order of the Settlement, at the direction of Class Counsel, the Settlement Administrator will begin implementing the Notice Program provided herein, using the forms of Notice approved by the Court in the Preliminary Approval Order. The Notice will include, among other information: a description of the material terms of the Settlement; a date by which Settlement Class Members may object to the Settlement; the date upon which the Final Approval Hearing will occur; and the address of the Settlement Website at which Settlement Class Members may access this Settlement and other related documents and information.

50.     The Notice Program has three components: (1) Mail Notice; (2) Publication Notice; and (3) Notice on the Settlement Website. The Notice Program is to be implemented as follows:

a.     Within 14 days after entry of the Preliminary Approval Order, or as soon as practicable, Class Counsel will provide, or will cause to be provided, available contact information to the Settlement Administrator for banks, credit unions, and other financial institutions that are potentially Settlement Class Members. Based upon information obtained from Class Counsel and from other reasonably available sources, the Settlement Administrator will prepare a final list of potential Settlement Class Members to which Notice will be issued;

b.     Mail Notice will be sent to those on the final list by the Notice Deadline. The Mail Notice shall consist of the long-form notice, in the form attached hereto as Exhibit 2, and Claim Form, in the form attached hereto as Attachment A to Exhibit 1. For any Mail Notices that are returned undeliverable with forwarding address information, the Settlement Administrator shall re-mail the Mail Notice to the updated address as indicated. For any Mail Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and re-mail the Mail Notice to the extent updated addresses are identified. The Settlement Administrator need only make one attempt to re-mail any Mail Notices that are returned as undeliverable;

c.     The Settlement Administrator will cause to be published in the digital edition of the *ABA Banking Journal*, and/or other publications typically read by bank and

credit union executives. the summary notice attached hereto as Exhibit 3. The publications in which the notice will appear and the dates and frequency of the Publication Notice will be determined by the Settlement Administrator in consultation with the Parties. The Settlement Administrator may also utilize other means of Publication Notice in consultation with the Parties;

      d.    The Settlement Administrator will send out at least one reminder mailing during the claims period to those Settlement Class Members that have not yet filed claims;

      e.    The Settlement Administrator will establish a toll-free number to respond to inquiries from Settlement Class Members by the Notice Deadline;

      f.    By the Notice Deadline, the Settlement Administrator will create and maintain the Settlement Website, which will contain the information and documents required by this Settlement. The Settlement Website will be configured so that Settlement Class Members may file claims electronically; and

      g.    The Parties agree to provide any additional notice that the Court determines is necessary to meet the requirements of due process or Rule 23, the cost of which shall be deemed part of the Costs of Settlement Administration and paid from the Class Settlement Amount, as provided for in the Settlement.

      51.    The Notice shall include a procedure for Settlement Class Members to exclude themselves from the Settlement by notifying, in writing, the Settlement Administrator, Class Counsel, and Eddie Bauer's counsel of their intent to exclude themselves from the Settlement. The notice shall be sent via first class postage prepaid U.S. mail to the addresses provided in the Notice. Such written notification must be postmarked no later than the Opt-Out Deadline, as specified in the Notice. The written notification must include the name of this Litigation (*Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.)); the full name, address, and telephone number of the Settlement Class Member; the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; the words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement; and the total number of payment cards issued by the Settlement Class Member that were identified as having been at risk as a result of the Cyber Attack in any alerts or similar documents by Visa, MasterCard, Discover, and JCB. The Settlement Administrator shall provide the Parties with copies of all opt-out notifications on a weekly basis and a final list of all who have timely and validly excluded themselves from the Settlement, which Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing. Any Settlement Class Member who does not provide a timely notice, or who does not provide all information required by this Settlement to exclude itself, shall be bound by the terms of the Settlement, including all releases in the Settlement.

      52.    In the event that a Settlement Class Member purports to provide notice of its intention to opt-out of the Settlement, but fails to provide all of the information set forth above, including specifically the identification of the number of payment cards issued by the Settlement

Class Member that were identified as having been at risk as a result of the Cyber Attack in an alert or similar document by Visa, MasterCard, Discover, and JCB, the Settlement Administrator shall, within five days of receiving the deficient notice, send the Settlement Class Member a deficiency notice. The deficiency notice shall inform the Settlement Class Member that its attempt to opt-out is deficient, invalid, and without legal effect. The deficiency notice shall be sent by the Settlement Administrator via email, and, if email is not feasible, then by USPS Priority Express mail. The deficiency notice shall also inform the Settlement Class Member that it must re-submit to an email address to be provided by the Claims Administrator a valid notice requesting exclusion that includes all of the required information, including, but not limited to, the number of payment cards identified as at risk, no later than 10 days from the date of the deficiency notice in order for its opt-out to be effective. If the Settlement Class Member fails to provide all of the required information on or before that deadline, then its attempt to opt-out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases.

53.    The Notice shall also include a procedure for Settlement Class Members to object to the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, and/or the application for Service Award. Objections to the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, and/or to the application for Service Award must be filed electronically with the Court, or mailed to the Clerk of the Court, Class Counsel, and Eddie Bauer's counsel. For an objection to be considered by the Court, the objection must be: (a) electronically filed by the Objection Deadline; or (b) mailed first-class postage prepaid to the Clerk of Court, Class Counsel, and Eddie Bauer's counsel at the addresses listed in the Notice and postmarked by no later than the Objection Deadline, as specified in the Notice. For an objection to be considered by the Court, the objection must also set forth:

       a.     the name of the Litigation: *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.);

       b.     the full name of the objector and full name, address, email address, and telephone number of the person acting on its behalf;

       c.     an explanation of the basis upon which the objector claims to be a Settlement Class Member;

       d.     whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class;

       e.     all grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

       f.     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorney's fees, costs, and expenses, or the application for Service Award;

       g.     the identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

      h.     the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

      i.     the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

      j.     if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include: (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

      k.     any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity;

      l.     a description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

      m.     a statement indicating whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

      n.     the objector's signature on the written objection (an attorney's signature is not sufficient).

54.    In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide, along with its objection, the dates when the objector will be available to be deposed during the period from when the objection is filed through the date seven days before the Final Approval Hearing.

55.    Any Settlement Class Member who both objects to the Settlement Agreement and opts-out will be deemed to have opted-out and the objection shall be deemed null and void.

56.     The Mail Notice shall be sent or issued by the Notice Deadline, excluding any re-mails for Mail Notices that are returned undeliverable and any reminder Mail Notices to be sent during the claims period.

57.     At least 10 days before the Final Approval Hearing, the Settlement Administrator shall provide Class Counsel and Eddie Bauer with one or more affidavits confirming that the Notice Program was completed in accordance with the Parties' instructions and the Court's approval.   Class Counsel shall file such affidavit(s) with the Court as an exhibit to, or in conjunction with, Settlement Class Representative's motion for Final Approval of the Settlement.

58.     In the event that the Settlement is not approved, or if Eddie Bauer elects to terminate the Settlement, and the Administration and Fee Amount is not created, Eddie Bauer will not be entitled to a return of any of the monies it has paid to the Settlement Administrator for the Costs of Settlement Administration up to that point.   Class Counsel and the Settlement Administrator will take reasonable steps to ensure that no further Costs of Settlement Administration are incurred thereafter without Eddie Bauer's express written approval.

## VIII.   FINAL APPROVAL ORDER AND JUDGMENT

59.     Settlement Class Representative's motion for preliminary approval of the Settlement will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur, which shall be sufficiently far in advance to allow for the deadlines contemplated by this Settlement. The Final Approval Hearing shall be scheduled no earlier than 90 days after the CAFA notices are mailed to ensure compliance with 28 U.S.C §1715 and no earlier than 135 days after entry of the Preliminary Approval Order in order to afford objectors, if any, sufficient time to review Class Counsel's motion for Final Approval of the Settlement (the "Final Approval Motion") and motion for attorneys' fees, costs, and expenses and a Service Award (the "Fee Application").   By no later than 100 days after entry of the Preliminary Approval Order, unless a different deadline is set by the Court, Class Counsel shall file their Final Approval Motion and Fee Application.   The deadline to file an objection and any response to Class Counsel's Final Approval Motion and Fee Application is no later than 114 days after entry of the Preliminary Approval Order, unless a different deadline is set by the Court (or 14 days after the Final Approval Motion and Fee Application are filed).   By no later than 128 days after entry of the Preliminary Approval Order, unless a different deadline is set by the Court (or 28 days after the Final Approval Motion and Fee Application are filed), responses shall be filed to any filings by objectors, if any, and any replies in support of the Final Approval Motion and Fee Application shall be filed.   At the Final Approval Hearing, the Court will consider the Final Approval Motion and Fee Application.   In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel), who object to the Settlement and/or Class Counsel's Fee Application, provided the objectors filed timely objections that meet all of the requirements listed in this Settlement.

60.     At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment granting Final Approval of the Settlement, and whether to approve Class Counsel's Fee Application.   The proposed Final Approval Order and Judgment that will be filed with the Final Approval Motion shall be in a form agreed upon by

Class Counsel and Eddie Bauer as set forth in Exhibit 5 attached hereto. Such proposed Final Approval Order and Judgment shall, among other things:

       a.     determine that the Settlement is fair, adequate, and reasonable;

       b.     finally certify the Settlement Class for settlement purposes only;

       c.     determine that the Notice provided satisfied Rule 23 and due process requirements;

       d.     dismiss all claims in the Complaint and Litigation with prejudice;

       e.     bar and enjoin the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment;

       f.     release and forever discharge Eddie Bauer and Defendant's Released Persons from the Released Claims and release Plaintiff's Released Persons, as provided in this Settlement Agreement; and

       g.     reserve the Court's continuing and exclusive jurisdiction over Eddie Bauer and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Settlement in accordance with its terms.

## IX.   **RELEASES**

61.    As of the Effective Date, the Releasing Parties, each on behalf of itself and any predecessors, successors, or assigns, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendant's Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Cyber Attack, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) Eddie Bauer's information security policies and practices; (b) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (c) Eddie Bauer's response to and notices about the Cyber Attack; (d) the fraudulent use of any Alerted on Payment Cards; (e) the cancellation and reissuance of any Alerted on Payment Cards; and (f) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted on Payment Cards or information relating to such cards (the "Released Claims").

62.    For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation: any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professions Code §17200, *et seq.*, Cal. Civ. Code §1750, *et seq.*, Cal. Civ. Code

§1798.80, *et seq.*, Cal. Civ. Code §56.10, *et seq.*, and any similar statutes or data security incident notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

63.    As of the Effective Date, Defendant's Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiff's Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation. For the avoidance of doubt, Defendant's Released Persons' release, as set forth in this ¶63, does not include entities that do not meet the definition of either Releasing Parties or Plaintiff's Released Persons.

64.    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representative, does not know or suspect to exist in its favor at the time of the release of Defendant's Released Persons that, if known by it, might have affected its settlement with, and release of, the Defendant's Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representative expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

*A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.*

(Emphasis added.)  Settlement Class Members, including the Settlement Class Representative, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Settlement Class Representative expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

65.    As of the Effective Date, Settlement Class Members shall be enjoined from prosecuting any claim they have released in this Settlement in any proceeding against any of Defendant's Released Persons or based on any actions taken by any of Defendant's Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding or action asserting claims released by this Settlement.

## X.    ATTORNEYS' FEES, COSTS, AND EXPENSES AND SERVICE AWARD

66.    Eddie Bauer agrees to pay to Class Counsel, subject to the Court's approval, Class Counsel's attorneys' fees, costs and expenses as part of its payment of the Administration and Fee Amount described in ¶33 above.

67.    Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the requested Service Award and/or attorneys' fees, costs, and expenses will not prevent the Settlement Agreement from becoming effective, nor will it be grounds for termination. If the Court declines to approve, in whole or in part, the requested Service Award and/or attorneys' fees, costs, and expenses in the amount set forth above, or at all, the remaining provisions of this Settlement Agreement will remain in full force and effect.

68.    Neither Class Counsel's application for nor any individual's entitlement to a Service Award shall be conditioned in any way upon such individual's support for this Settlement.

69.    Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's counsel of record.

## XI.    TERMINATION

70.    Eddie Bauer shall have the sole discretion to terminate the Settlement Agreement if Settlement Class Members representing a certain number of Alerted on Payment Cards elect to opt-out of the Settlement Class. That number is separately agreed to by the Parties and will be submitted to the Court for *in camera* review if requested. If Eddie Bauer elects to terminate the Settlement Agreement, it must notify Class Counsel that it intends to pursue that right pursuant to this provision, if any such right exists, no later than 35 days after the Opt-Out Deadline.

71.     If the requirements to terminate the Settlement Agreement set forth in ¶70 are met, and Eddie Bauer provides Class Counsel with notice of its intent to terminate the Settlement Agreement, Class Counsel will have 60 days from the date of such notice for the purposes of communicating with any Settlement Class Members, who have opted-out, to attempt to have such Settlement Class Members withdraw their opt-outs and remain in the Settlement Class. The Parties will use their best efforts to resolve any issues of Settlement Class Members who have elected to opt-out, and Eddie Bauer agrees to cooperate fully with respect to the handling of opt-outs, including communicating to any would-be opt-outs at Class Counsel's request, to attempt to have such Settlement Class Members revoke their opt-outs and remain in the Settlement Class. Specifically, at the request of Class Counsel, Eddie Bauer agrees to write a pre-prepared letter, subject to approval of Class Counsel, requesting any would-be opt-out to remain in the Settlement Class. This letter will be used only after a Settlement Class Member submits an opt-out notice.

72.     This Settlement Agreement may be terminated by either the Settlement Class Representative or Eddie Bauer by serving on counsel for the opposing Party, and filing with the Court, a written notice of termination within 14 days (or such longer time as may be agreed between Class Counsel and Eddie Bauer) after any of the following occurrences:

    a.      Class Counsel and Eddie Bauer agree to termination before the Effective Date;

    b.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

    c.      an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

    d.      the Court, or any reviewing appellate court, incorporates material terms or provisions into, deletes or strikes material terms or provisions from, or materially modifies, amends, or changes the proposed Preliminary Approval Order, Preliminary Approval Order, proposed Final Approval Order and Judgment, Final Approval Order and Judgment, or Settlement; or

    e.      the Effective Date does not occur.

73.     In the event of a termination, as provided for in the Settlement, the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement shall cease to be of any force and effect, and the Parties shall return to the *status quo ante* in the Litigation, as if the Parties had not entered into this Settlement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including all defenses to class certification.

## XII.    NO ADMISSION OF LIABILITY

74.     Eddie Bauer disputes the claims alleged in the Litigation and does not, by this Settlement or otherwise, admit any liability or wrongdoing of any kind. Eddie Bauer has agreed

to enter into this Settlement solely to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation and to be completely free of any further claims that were asserted, or could have been asserted, in the Litigation.

75.     Class Counsel and Settlement Class Representative believe that the claims asserted in the Litigation have merit, and they have examined and considered the benefits to be obtained under the Settlement, risks associated with the continued prosecution of this complex, costly, and time-consuming Litigation, and likelihood of success on the merits of the Litigation. Class Counsel and Settlement Class Representative have concluded that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

76.     The Parties understand and acknowledge that this Settlement constitutes a compromise and settlement of disputed claims. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

77.     Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is, may be deemed to be, or may be used as an admission of, or evidence of, the validity of any claim made by Plaintiff or Settlement Class Members, or of any wrongdoing or liability of the Defendant's Released Persons; or (b) is, may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of the Defendant's Released Persons in the Litigation or in any proceeding in any court, administrative agency, or other tribunal.

## XIII.  MISCELLANEOUS

78.     Singular and Plurals.  As used in this Settlement, all references to the plural shall also mean the singular and all references to the singular shall also mean the plural whenever the context so indicates.

79.     Binding Effect.  This Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasing Parties and Defendant's Released Persons.

80.     Settlement Class Member Communications.   Other than at Class Counsel's request, Eddie Bauer shall not communicate with any Settlement Class Member during the pendency of the Settlement approval process regarding this Litigation, the decision to opt-out, or relief being awarded in the Settlement and represents that it has not previously so communicated with any Settlement Class Members regarding these topics.   For purposes of clarity, this provision restricts only communications regarding the Litigation and/or Settlement; it does not purport to limit any other communications.

81.     Cooperation of Parties.  The Parties to this Settlement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, defend Court approval, and do all things reasonably necessary to complete and effectuate the Settlement, as described herein.

Nothing in this provision is intended to limit any Party's right to terminate the Settlement in accordance with its terms.

82.     Obligation to Meet and Confer.  Before filing any motion in the Court raising a dispute arising out of, or related to, this Settlement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

83.     Entire Agreement.  This Settlement (along with any exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

84.     No Conflict Intended.  Any inconsistency between the headings used in this Settlement and the text of the paragraphs of this Settlement shall be resolved in favor of the text.

85.     Governing Law.  The Settlement shall be construed in accordance with, and be governed by, the laws of the state of Washington, without regard to the principles thereof regarding choice of law.

86.     Counterparts.  This Settlement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts.  Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

87.     Jurisdiction.  The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and Settlement Administration.  As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

88.     Notices.  All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

> Joseph P. Guglielmo
> SCOTT+SCOTT ATTORNEYS AT LAW LLP
> 230 Park Avenue, 17th Floor
> New York, NY 10169
> jguglielmo@scott-scott.com


> Gary F. Lynch
> CARLSON LYNCH LLP

1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
glynch@carlsonlynch.com

All notices to Eddie Bauer provided for herein, shall be sent by overnight mail and email to:

Sean B. Hoar
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204-2025
sean.hoar@lewisbrisbois.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

89.    Authority.  Any person executing this Settlement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement to all of the terms and provisions of this Settlement.

90.    No Construction Against Drafter.  This Settlement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement.

Dated:  April 26, 2019

_____
Joseph P. Guglielmo
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169

_____
Jon Kardassakis
**LEWIS BRISBOIS BISGAARD &**
**SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, CA 90071

*Counsel for Eddie Bauer*

_____
Gary F. Lynch
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222

*Counsel for Plaintiff and Settlement Class*

4833-2193-8069.1                                          23

90.   <u>No Construction Against Drafter.</u>  This Settlement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Settlement.

Dated:  April 26, 2019

Joseph P. Guglielmo
**SCOTT+SCOTT**
**ATTORNEYS AT LAW LLP**
230 Park Avenue, 17th Floor
New York, NY 10169

Jon Kardassakis
**LEWIS BRISBOIS BISGAARD &**
**SMITH LLP**
633 West 5th Street, Suite 4000
Los Angeles, CA 90071

*Counsel for Eddie Bauer*

Gary F. Lynch
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222

*Counsel for Plaintiff and Settlement Class*

# EXHIBIT 1

## EXHIBIT 1 TO THE SETTLEMENT AGREEMENT

### Distribution Plan for Cash Payment Awards to Settlement Class Members

**1.     Definitions.** Terms defined in the Settlement Agreement to which this document is an exhibit are incorporated herein by reference. In addition, as used herein, the terms set forth in this section in boldface type will have the meaning described below. Additional terms are defined at various points in this Distribution Plan.

1.1     **Claim Referee.** This term means a person selected by the Parties to handle certain disputes relating to claims. A Claim Referee need not be selected or approved until and unless a dispute arises that cannot otherwise be resolved pursuant to the procedure set forth in §5 below. Any amounts paid to a Claim Referee will be made from the Settlement Fund.

1.2     **Claimed-On Card.** An Alerted on Payment Card, as defined in the Settlement Agreement, that was issued by a Settlement Class Member and for which the Settlement Class Member seeks compensation under the Settlement.

1.3     **Disputed Claim.** This term has the meaning as set forth in §5.1.

1.4     **Distribution Fund.** This term has the meaning as set forth in §4.1

1.5     **Cash Payment Award.** This term has the meaning as set forth in §2.1.

1.6     **Supplemental Remainder.** This term has the meaning as set forth in §4.3.

**2.     Claims.** All Settlement Class Members that submit a valid, properly completed Claim Form, under penalty of perjury, on or before the Claims Deadline are eligible to receive a Cash Payment Award without proof of documentation, except that which must be asserted in the Claim Form or requested for review by the Settlement Administrator, Claim Referee, or Court.

2.1     **Cash Payment Awards.** A Settlement Class Member can seek a cash payment based on the number of Alerted on Payment Cards that the Settlement Class Member issued. To be eligible to receive a Cash Payment Award, a Settlement Class Member must timely (*i.e.*, on or before the Claims Deadline) submit a valid Claim Form, under penalty of perjury, and properly complete the form, providing all requested information. Settlement Class Members do not need to submit any documentation in order to be eligible to receive a Cash Payment Award, except that which must be asserted in the Claim Form or requested for review by the Settlement Administrator, Claim Referee, or Court. Each Settlement Class Member that timely submits a valid Claim Form and properly completes the form will be eligible for a payment per Claimed-On Card issued by such Settlement Class Member (the "Cash Payment Award"). The amount paid to Settlement Class Members per Claimed-On Card will be $2.00, subject to *pro rata* increase, if the value of all Approved Claims meets the Minimum Payment Amount (defined below).

2.2 **Claim Form.** The Claim Form to be used by Settlement Class Members seeking Cash Payment Awards is attached hereto as Attachment A.  To receive a Cash Payment Award, Settlement Class Members must complete, sign, and timely submit the Claim Form.

**3.     Claim Validation Process.**

3.1 All Claim Forms must be submitted in the manner and by the Claims Deadline specified in the Settlement.

3.2 The Settlement Administrator will begin evaluating timely Claim Forms on or after the Effective Date.  The Settlement Administrator may require supplementation of a Claim Form or additional information necessary to validate or audit a claim.  To the extent that a Settlement Class Member fails to provide any supplementation or additional information so requested, the Settlement Administrator may determine that the Settlement Class Member failed to submit a valid claim and therefore reject that claim.

3.3 The Settlement Administrator, in its discretion to be reasonably exercised, will evaluate claims submitted for Cash Payment Awards to determine whether: (a) the claimant is a Settlement Class Member; (b) the Claim Form is complete and accurate; and (c) the Settlement Class Member signed the Claim Form as required.

**4.     Distribution of the Qualified Settlement Fund.** Following the Claim Validation Process and as soon as practicable, but no later than 90 days from the Effective Date, the Settlement Administrator will distribute the Qualified Settlement Fund, as follows:

4.1 **Funds Available for Distribution to Settlement Class Members.** The amount available for distribution to Settlement Class Members (the "Distribution Fund") shall be equal to the number of the Settlement Class Member's Claimed-On Cards, as submitted in Approved Claims, x $2.00, or $1,000,000 (the "Minimum Payment Amount"), whichever is greater.  In no event shall the Distribution Fund exceed $2,800,000 (the "Maximum Class Settlement Amount").

4.2 **Payment of Cash Payment Awards.** Each Settlement Class Member that submits an Approved Claim will receive a Cash Payment Award per Claimed-On Card. Each Settlement Class Member's Cash Payment Award shall be calculated as follows: the total number of the Settlement Class Member's Claimed-On Cards, as submitted in Approved Claims, x $2.00.  For example, if a Settlement Class Member submits an Approved Claim identifying 100 Claimed-On Cards, the Settlement Class Member's Cash Payment Award would equal $200.00.  If the total value of all Cash Payment Awards to Settlement Class Members that submitted Approved Claims is less than the Minimum Payment Amount of $1,000,000, the amount of each Approved Claim shall be proportionately increased *pro rata* on a per Claimed-On Card basis until the total value of all Cash Payment Awards to Settlement Class Members that submitted Approved Claims is equal to $1,000,000.

2

For the avoidance of doubt, in no event will the total Cash Payment Awards to Settlement Class Members exceed a total of $2,800,000.

4.3  ***Cy Pres* Distribution.** If, after payment of the Cash Payment Awards, any checks distributed to Settlement Class Members that remain uncashed after 180 days, the remaining amounts (the "Supplemental Remainder"), to the extent a second distribution to Settlement Class Members who submitted Approved Claims is not feasible, such Supplemental Remainder will be distributed to *cy pres* entities that will be selected by Class Counsel, subject to Court approval.

**5.  Dispute Resolution.**

5.1  If the Settlement Administrator determines that a Settlement Class Member's number of Claimed-On Cards is fewer than the number claimed by such issuer in its Claim Form (a "Disputed Claim"), the Settlement Administrator will notify the claimant by email to the email address identified in the Claim Form (or a mailing address for those that do not provide an email address).

5.2  Each recipient of any notice pursuant to §5.1 herein will have 10 days from receipt of such notice to respond to the Settlement Administrator by reply email (or regular mail for those that did not provide an email address) by stating whether the claimant accepts or rejects the Settlement Administrator's determination regarding the Disputed Claim. If claimant fails to timely respond to the notice provided pursuant to §5.1, then the Settlement Administrator's determination regarding the Disputed Claim shall be deemed final and accepted by the claimant.

5.2.1  If the claimant rejects the Settlement Administrator's determination regarding the Disputed Claim, the Settlement Administrator will have 10 days to reconsider the original determination, make a final determination, and communicate the final determination to the claimant by email (or regular mail for those that did not provide an email address). The claimant will then have 10 days to reply back to the Settlement Administrator to accept or reject the final determination. If claimant fails to timely respond to the notice provided pursuant to §5.2.1, then the claimant shall be deemed to have accepted the Settlement Administrator's final determination.

5.2.2  If the claimant accepts the final determination, then the Settlement Administrator's final determination regarding the Disputed Claim will be used in calculating the Settlement Class Member's Cash Payment Award. If the final determination regarding the Disputed Claim is timely rejected by the claimant, then the Disputed Claim will be resolved in accordance with the procedures set out in §§5.3 and 5.4.

5.3  After receipt of a claimant's rejection of a final determination regarding a Disputed Claim, the Settlement Administrator will provide Class Counsel and Eddie Bauer's counsel (together, "Counsel") with a copy of the Claim Form and any

3

documentation submitted by the claimant, and the communications between the Settlement Administrator and the claimant (the "Claim File").

5.3.1   Counsel will confer regarding the Disputed Claim.

5.3.2   If Counsel agree, as applicable, that a claimant issued the number of Claimed-On Cards claimed on its Claim Form, Counsel's determination will be final.  Counsel will inform the Settlement Administrator of their determination by email, and the Settlement Administrator will provide notice of the decision to the claimant.

5.3.3   If Counsel agree, as applicable, that a claimant issued fewer than the number of Claimed-On Cards claimed on its Claim Form, then Counsel will notify the Settlement Administrator by email ("Counsel's Notice"), and if the Settlement Class Member continues to dispute Counsel's determination, the Disputed Claim at issue will be submitted to the Claim Referee.  The Parties need not select a Claim Referee unless and until such time as one is needed.

5.3.4   If Counsel disagree, as applicable, during the inquiries described in §§5.3.2 or 5.3.3, the Disputed Claim(s) at issue will be submitted to the Claim Referee.

5.4   After receipt of Counsel's Notice, the Settlement Administrator will provide the Claim Referee with a copy of the Claim File.  The Claim Referee will make a final determination regarding the Disputed Claim.  All such final determinations will be made by the Claim Referee based on whether the number of Claimed-On Cards at issue in the Disputed Claim, or some portion thereof, is reasonably supported in fact.  The Claim Referee's decision will be final.

**ATTACHMENT A**

COMPLETE AND SIGN THIS FORM AND SUBMIT ONLINE NO LATER THAN _____, **2019**, at:

[WEBSITE]

or

SUBMIT BY MAIL POSTMARKED BY _____, **2019**, at:

Eddie Bauer Data Breach Settlement, c/o _____, Settlement Administrator, _____.

- Use this form if your financial institution is a Settlement Class Member that is entitled to claim pursuant to the Settlement.  For more information:  [website].

- Fill out this form if your financial institution wants to receive a payment per eligible card.  No documentation is needed.

**Materials to Gather to Complete this Form:** The number of payment card accounts your financial institution issued that were identified as having been at risk as a result of the Eddie Bauer Cyber Attack in an alert or similar document by Visa, MasterCard, Discover, or JCB.

## SETTLEMENT CLASS MEMBER INFORMATION

**Name of Financial Institution / Settlement Class Member**

**Name of Person Filling Out This Form**

**Your Title in the Financial Institution**

**Mailing Address**

**City**                     **State**    **Zip Code**

**Daytime Phone**

**E-Mail Address (if provided, we will communicate primarily by email about your claim)**

**CERTIFICATION OF PAYMENT CARDS:**  Please complete all parts of the question below:

Is your financial institution the issuer of one or more payment cards that were identified in any of the categories of alerts or similar documents below?  (Check All Applicable Boxes Below.)

> If you checked "YES" for any category of alert(s) (or similar documents), indicate how many payment card accounts your financial institution issued that were identified in the referenced alert(s) or similar documents.  For purposes of completing this form, please note that a payment card number can have only one corresponding payment card account, even if your financial institution issued multiple payment cards bearing the card number.

| | | |
|---|---|---|
| (a)  Visa alert(s) in the US-2016-0665 series, | ☐ YES | ☐ NO |
| Number of Issued Accounts Identified: | | |
| (b)  MasterCard alert(s) in the ADC001253-16 series, | ☐ YES | ☐ NO |
| Number of Issued Accounts Identified: | | |
| (c)  Discover cards alert(s) in the DCA-USA-2016-6710 series, | ☐ YES | ☐ NO |
| Number of Issued Accounts Identified: | | |
| (d)  JCB alert(s) or similar documents relating to the Eddie Bauer Cyber Attack, | ☐ YES | ☐ NO |
| Number of Issued Accounts Identified: | | |

**If you are unable to answer YES to any part of Question 1 then your financial institution is not a Settlement Class Member and is not eligible to participate in this Settlement.  Please do not submit a form.**

**SIGN CLAIM FORM**

By submitting this Claim Form, the above-named Settlement Class Member certifies that it is eligible to make a claim in this settlement and that the information provided in this claim form is true and correct.  The Duly Authorized Representative of the Settlement Class Member declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  The above-named Settlement Class Member understands that this claim may be subject to audit, verification, and Court review.

_____                    _____
Signature of Duly Authorized Representative                    Date
of Settlement Class Member


_____                    _____
Print Name                    Title

## CLAIM SUBMISSION REMINDERS

- You may submit your claim by mail or through the website at [WEBSITE].

- Please keep a copy of this claim form if submitting by mail.

- Claims must be submitted through the website by _____, **2019**, or mailed so they are postmarked, by _____, **2019**.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

# If your financial institution issued one or more payment cards identified as having been at risk as a result of the cyber-attack that Eddie Bauer announced in 2016, it could get a payment from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement has been proposed to resolve a lawsuit against Eddie Bauer, LLC ("Eddie Bauer") brought by a financial institution, as a result of third-party criminal cyber-attacks of Eddie Bauer's point-of-sale systems, involving malware targeting customers' payment card information that Eddie Bauer reported in 2016 (the "Cyber Attack").

- The lawsuit, *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.), alleges that Eddie Bauer is legally responsible for the Cyber Attack and asserts claims for negligence and violation of RCW 19.255.020 and the Washington Consumer Protection Act, RCW 19.86.  Eddie Bauer denies these allegations and claims it did not do anything wrong.

- Under the Settlement, Eddie Bauer will pay, on a claims-made basis, at least $1,000,000, and up to $2,800,000, into an Escrow Account out of which the Settlement Administrator will make payments to eligible Settlement Class Members.  A Settlement Class Member, who submits a valid claim, will receive $2.00 for each eligible payment card it issued, subject to a *pro rata* increase if the total value of eligible claims submitted is less than $1,000,000.  In addition, Eddie Bauer agrees to certain injunctive relief and will continue to maintain compliance with the Payment Card Industry Data Security Standards, for which Eddie Bauer has expended, and expects to expend, approximately $5,000,000.  Eddie Bauer also has agreed to pay up to an additional $2,000,000 to cover the Costs of Settlement Administration, which may include any attorneys' fees, costs, and expenses and Service Award payments that are approved by the Court.

***Your financial institution's legal rights are affected whether you act or don't act.  Read this notice carefully.***

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | If eligible, your financial institution will receive a cash payment.  This is the only way to receive compensation from the Settlement. |
| **EXCLUDE YOUR FINANCIAL INSTITUTION** | If you ask to be excluded, you will not receive a cash payment, but you may be able to file your own lawsuit against Eddie Bauer for the same claims.  This is the only option that leaves your financial institution the right to file its own lawsuit against Eddie Bauer and/or Defendant's Released Persons (as defined in the Settlement) for the claims that are being resolved by the Settlement.  In order to be effective, a request to be excluded from the Settlement must include all information required by the Settlement. |
| **OBJECT** | Your financial institution can remain in the Settlement Class and file an objection telling the Court why you do not like the Settlement.  If your objections are overruled, your financial institution will be bound by the Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any cash payment.  If you do nothing, you will also forfeit your right to sue or bring any claim against Eddie Bauer and/or Defendant's Released Persons (as defined in the Settlement) related to the Cyber Attack. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**Questions?  Call 1-XXX-XXX-XXXX toll free, or visit [Website]**

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information** ............................................................................................**Page X**

    1.   Why did my financial institution get this notice package?
    2.   What is this lawsuit about?
    3.   Why is this a class action?
    4.   Why is there a settlement?

**Who is Part of the Settlement**............................................................................**Page X**

    5.   How does a financial institution know if it is part of the Settlement?
    6.   Are there exceptions to being included?
    7.   I am still not sure if my financial institution is included.

**The Settlement Benefits** ....................................................................................**Page X**

    8.   What does the Settlement provide?
    9.   How much will my financial institution's payment be?

**How to Get a Payment – Submitting a Claim Form** ........................................**Page X**

    10.  How can my financial institution get payment?
    11.  When would my financial institution get its payment?
    12.  What is my financial institution giving up to get a payment or remain in the Settlement Class?

**Excluding Your Financial Institution from the Settlement** ..............................**Page X**

    13.  How can my financial institution opt-out of the Settlement?
    14.  If my financial institution doesn't opt-out, can it sue Eddie Bauer for the same thing later?
    15.  If my financial institution excludes itself, can it get money from this Settlement?

**The Lawyers and Financial Institutions Representing You** ..............................**Page X**

    16.  Does my financial institution have a lawyer in the case?
    17.  How will the lawyers and financial institutions representing the class be paid?

**Objecting to the Settlement** ..............................................................................**Page X**

    18.  How does a financial institution tell the Court that it does not like the Settlement?
    19.  What is the difference between objecting and excluding/opting-out?

**The Court's Final Approval Hearing** ................................................................**Page X**

    20.  When and where will the Court decide whether to approve the Settlement?
    21.  Does my financial institution have to attend the hearing?

**If You Do Nothing** .............................................................................................**Page X**

    22.  What happens if my financial institution does nothing at all?

**Getting More Information** .................................................................................**Page X**

    23.  How do I get more information?

## BASIC INFORMATION

| | |
|---|---|
| **1.** | **Why did my financial institution get this notice package?** |

Your financial institution may have issued payment cards identified in one of the alerts (or a similar document) sent out by the card brands (Visa, MasterCard, Discover, or JCB) related to the Cyber Attack.

The Court authorized this notice because you have a right to know about your financial institution's rights under a proposed class action settlement before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the cash payments that the Settlement allows.

This package explains the lawsuit, Settlement, your financial institution's rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the U.S. District Court for the Western District of Washington, and the case is known as *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356.  The financial institution that sued is called the "Plaintiff," and the company it sued, Eddie Bauer, is the "Defendant."

| | |
|---|---|
| **2.** | **What is this lawsuit about?** |

The lawsuit, *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.), alleges that Eddie Bauer is legally responsible for the Cyber Attack and asserts claims for negligence and violation of RCW 19.255.020 and the Washington Consumer Protection Act, RCW 19.86.  The financial institution seeks to recover damages in the lawsuit for the expense of payment card reissuance, amounts paid to cover fraudulent payment card charges, and other costs allegedly incurred as a result of the Cyber Attack.  Eddie Bauer denies any wrongdoing.

| | |
|---|---|
| **3.** | **Why is this a class action?** |

In a class action, one or more entities called "class representatives" sue on behalf of themselves and other entities with similar claims.  All of these entities together are the "class" or "class members."  One court resolves the issues for all class members, except for those who exclude themselves from the settlement class.

| | |
|---|---|
| **4.** | **Why is there a settlement?** |

The Court has not decided in favor of Plaintiff or Eddie Bauer.  Instead, both sides, with the assistance of a mediator, agreed to the Settlement.  The Settlement is not an admission that Eddie Bauer did something wrong, but rather a compromise to end the lawsuit.  By agreeing to settle, both sides avoid the costs, risks, and uncertainties of a trial and related appeals, while providing benefits to members of the Settlement Class.  The Settlement Class Representative and the attorneys for the Settlement Class think the Settlement is best for all class members.

## WHO IS PART OF THE SETTLEMENT

| | |
|---|---|
| **5.** | **How does a financial institution know if it is part of the Settlement?** |

Your financial institution is a member of the Settlement Class and affected by the Settlement if:

- It is a financial institution, bank, credit union, or other entity in the United States (including its Territories and the District of Columbia); and

- It issued one or more payment card (including debit and credit cards) that was identified as having been at risk as a result of the Cyber Attack in an alert or similar document by Visa, MasterCard, Discover, or JCB, including: (i) in an alert in the Visa US-2016-0665 series (*e.g.*, US-2016-0665a-PA, US-2016-0665b-PA, US-2016-0665c-PA, US-2016-0665d-PA, US-2016-0665e-IC, US-2016-0665f-IC, US-2016-0665g-IC, US-2016-0665h-IC); (ii) in an alert in the MasterCard ADC001253-16 series; (iii) in an alert in the Discover DCA-USA-2016-6710 series; or (iv) in an alert or similar document by JCB similar to the foregoing Visa and MasterCard alerts.

3

Specifically **excluded** from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, Eddie Bauer, and persons who timely and validly request exclusion from the Settlement Class.

| | |
|---|---|
| **6.** | **Are there exceptions to being included?** |

If your financial institution excludes itself from the Settlement, it is no longer part of the Settlement Class and will no longer be eligible to receive any of the Settlement benefits.  This process of excluding your financial institution is also referred to as "opting-out" of the Settlement.

| | |
|---|---|
| **7.** | **I am still not sure if my financial institution is included.** |

If you are still not sure whether your financial institution is included, you can ask for free help.  You can call 1-XXX-XXX-XXXX or visit [website] for more information.  Or you can fill out and return the Claim Form described in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS

| | |
|---|---|
| **8.** | **What does the Settlement provide?** |

Eddie Bauer has agreed to pay, on a claims-made basis, at least $1,000,000, and up to $2,800,000, into an Escrow Account out of which the Settlement Administrator will make payments to eligible Settlement Class Members.  A Settlement Class Member who submits a valid claim will receive $2.00 for each eligible payment card it issued, subject to a *pro rata* increase if the total value of eligible claims submitted is less than $1,000,000.  In addition, Eddie Bauer has agreed to continue to maintain compliance with the Payment Card Industry Data Security Standards, for which Eddie Bauer has expended, and expects to expend, approximately $5,000,000.  Eddie Bauer also has agreed to pay up to an additional $2,000,000 to cover the Costs of Settlement Administration, which may include any attorneys' fees, costs, and expenses and Service Award payments that are approved by the Court.

| | |
|---|---|
| **9.** | **How much will my financial institution's payment be?** |

If your financial institution is eligible to participate in the Settlement and does not "opt-out" of the Settlement, it may be eligible for benefits under the Settlement.  If your financial institution issued any payment cards (including debit and credit cards) that were identified as having been at risk as a result of the Cyber Attack in an alert (or similar document) by Visa, MasterCard, Discover, or JCB, it may be eligible for a payment from the Escrow Fund. Eddie Bauer has agreed to pay, on a claims-made basis, at least $1,000,000, and up to $2,800,000, into an Escrow Account out of which the Settlement Administrator will make payments to eligible Settlement Class Members.

All Settlement Class Members who file a valid claim are eligible to receive a cash payment from the Settlement Fund per each payment card (including debit and credit cards) that was identified as having been at risk as a result of the Cyber Attack in an alert (or similar document) by Visa, MasterCard, Discover, or JCB.  You are not required to submit any documentation or evidence of your financial institution's losses to receive a payment.  A Settlement Class Member, who submits a valid claim, will receive $2.00 for each eligible payment card it issued, subject to a *pro rata* increase if the total value of eligible claims submitted is less than $1,000,000.

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

| | |
|---|---|
| **10.** | **How can my financial institution get payment?** |

To qualify for a payment, you must validly complete and submit a Claim Form, which is included with this notice.  You may also get this Claim Form on the internet at [Website].  All Settlement Class Members that wish to obtain compensation must complete and submit the Claim Form.  No documentation of losses is required.

To properly complete and timely submit a Claim Form, you should read the instructions carefully, include all information required by the Claim Form, sign it, and either submit the signed Claim Form electronically through [Website] by _____, 2019, or mail it to the Settlement Administrator postmarked no later than _____, 2019, at the following address:

4

[Settlement Administrator Address]

The Settlement Administrator will review your claim to determine the amount of your financial institution's payment.

| **11.    When would my financial institution get its payment?** |
|---|

The Court will hold a hearing on _____ to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved and resolving them takes time, perhaps more than a year.  Payments to Settlement Class Members will be made after the Settlement is finally approved and any appeals, or other required proceedings, have been completed, as set forth in the Settlement.  You may visit [Website] for updates on the progress of the Settlement.  Please be patient.

| **12.    What is my financial institution giving up to get a payment or remain in the Settlement Class?** |
|---|

Unless you exclude your financial institution from the Settlement, your financial institution cannot sue, or be part of any other lawsuit against, Eddie Bauer or Defendant's Released Persons (as defined in the Settlement) relating to the Cyber Attack.  The specific claims your financial institution is giving up against Eddie Bauer are described in the Settlement.  The terms of the release are described in §IX of the Settlement.  Read it carefully.  The Settlement is available at [Website].

If you have any questions, you can talk to the law firms listed in Question 16 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

If your financial institution wants to keep its rights to sue Eddie Bauer based on claims this Settlement resolves, your financial institution must take steps to exclude itself from the Settlement Class (*see* Questions 13-15).

## EXCLUDING YOUR FINANCIAL INSTITUTION FROM THE SETTLEMENT

| **13.    How can my financial institution opt-out of the Settlement?** |
|---|

To exclude your financial institution from the Settlement, or "opt-out," you must send a letter by U.S. mail that includes the information in the bullet points below.  If you fail to include this information, the notice of exclusion will be ineffective and the Settlement Class Member will be bound by the Settlement, including all releases.

- The name of this Litigation: *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.);
- Your financial institution's full name, address, and phone number;
- The words "Request for Exclusion" at the top of the document, or a statement in the body of the document requesting exclusion from the Settlement Class;
- The name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and
- The total number of payment cards issued by your financial institution that were identified as having been at risk as a result of the Cyber Attack in any alerts (or similar documents) by Visa, MasterCard, Discover, and JCB.

You must mail via first class postage prepaid U.S. mail the completed, above-described letter, postmarked no later than _____, 2019, to each of the following addresses:

| Settlement Administrator: | Settlement Class Counsel: | Defense Counsel: |
|---|---|---|
| Eddie Bauer Data Breach Settlement c/o _____ P.O. Box _____ _____ | Joseph P. Guglielmo SCOTT+SCOTT ATTORNEYS AT LAW LLP 230 Park Avenue, 17th Floor New York, NY 10169 | Sean B. Hoar LEWIS BRISBOIS BISGAARD & SMITH LLP 888 SW Fifth Avenue, Suite 900 Portland, OR 97204-2025 |

If you ask to be excluded, your financial institution will not get any payment as part of this Settlement, and you cannot object to this Settlement.  Your financial institution will not be legally bound by anything that happens in the

Settlement and related proceedings.  Your financial institution may be able to sue (or continue to sue) Eddie Bauer in the future.  If you object to the Settlement and seek to exclude your financial institution, you will be deemed to have excluded your financial institution.

| **14.   If my financial institution doesn't opt-out, can it sue Eddie Bauer for the same thing later?** |
| --- |

No.  Unless you exclude your financial institution from the Settlement, your financial institution gives up any right to sue Eddie Bauer (as further detailed in the Settlement) for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  Your financial institution must exclude itself from this Settlement to continue its own lawsuit.  Remember, the exclusion deadline is _____, 2019.

| **15.   If my financial institution excludes itself, can it get money from this Settlement?** |
| --- |

No.  If you exclude your financial institution, do not send in a Claim Form asking for a payment.

## THE LAWYERS AND FINANCIAL INSTITUTIONS REPRESENTING YOU

| **16.   Does my financial institution have a lawyer in the case?** |
| --- |

Yes.  The Court appointed the following law firms to represent your financial institution and other members of the Settlement Class: Carlson Lynch LLP, in Pittsburgh, Pennsylvania; and Scott+Scott Attorneys at Law LLP, in New York, New York.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **17.   How will the lawyers and financial institution representing the Settlement Class be paid?** |
| --- |

The law firms representing Plaintiff and the Settlement Class have not yet received any payment to compensate them for the time and expenses and financial risk that they undertook when they agreed to represent Plaintiff on a contingent basis, which means that they would receive a fee only if the lawsuit was successful.  The lawyers intend to ask the Court to approve an award of up to $2,000,000 to cover: (i) the Costs of Settlement Administration; (ii) reasonable attorneys' fees, costs, and expenses; and (iii) a service award of up to $10,000 to the Settlement Class Representative for the efforts that it has expended on behalf of the Settlement Class (the "Administration and Fee Amount").

Eddie Bauer has agreed not to object to the lawyers' motion to the Court to seek an Administration and Fee Amount of up to $2,000,000, and Eddie Bauer will pay any Court-approved Administration and Fee Amount in addition to any cash distributions that are made to Settlement Class Members.

The Court will determine whether to approve the amount of fees and expenses requested by Plaintiff's lawyers and the proposed Service Award to the Settlement Class Representative at the Final Approval Hearing scheduled for _____, 2019.  Plaintiff's lawyers will file an application for fees, costs, and expenses and a service award no later than _____, 2019.  The application will be available on the Settlement Website ([Website]) or you can request a copy by contacting the Settlement Administrator (*see* Question 23).

## OBJECTING TO THE SETTLEMENT

| **18.   How does my financial institution tell the Court that it does not like the Settlement?** |
| --- |

If your financial institution is a Settlement Class Member, you can object to the Settlement if you do not think it is fair, reasonable, or adequate.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If you object to the Settlement and seek to exclude your financial institution, your financial institution will be deemed to have excluded itself.

Your objection must be in writing, shall not exceed 12 pages, and must include:

- The name of this Litigation: *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.);

- Your financial institution's full name and the full name, address, email address, and telephone number of the person acting on its behalf;
- An explanation of the basis for why your financial institution is a Settlement Class Member;
- Whether the objection applies only to your financial institution, a specific subset of the Settlement Class, or the entire Settlement Class;
- All grounds for the objection stated, with specificity, accompanied by any legal support for the objection;
- A description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;
- ***All other information specified in the Preliminary Approval Order*** (available on the settlement website at [Website]), including, but not limited to, information relating to any objections you or your counsel have filed in other class action litigation; and
- Your signature on the written objection.

Any objection must be either filed electronically with the Court or mailed to the Clerk of the Court, Class Counsel, and Eddie Bauer's counsel at the addresses set forth below.  The objection must be electronically filed or, if mailed, postmarked no later than _____, 2019.

| Court: | Settlement Class Counsel: | Defense Counsel: |
|---|---|---|
| Clerk of the Court<br>U.S.D.C, Western District of Washington<br>United States Courthouse<br>700 Stewart Street<br>Seattle, WA 98101 | Gary F. Lynch<br>CARLSON LYNCH LLP<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br><br>Joseph P. Guglielmo<br>SCOTT+SCOTT<br>ATTORNEYS AT LAW LLP<br>230 Park Avenue, 17th Floor<br>New York, NY 10169 | Sean B. Hoar<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>888 SW Fifth Avenue, Suite 900<br>Portland, OR 97204-2025 |

In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide, along with its objection, the dates when the objector will be available to be deposed during the period from when the objection is filed through the date seven days before the Final Approval Hearing.

| 19. | What is the difference between objecting and excluding/opting-out? |
|---|---|

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object to the benefits provided by the Settlement or other terms of the Settlement only if your financial institution stays in the Settlement Class.  Excluding your financial institution or "opting-out" is telling the Court that you don't want to be included in the Settlement Class.  If your financial institution excludes itself, you have no basis to object to the Settlement and related releases because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

| 20. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing on _____, 2019, in Courtroom Suite 14106 before U.S. District Judge James L. Robart of the U.S. District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Seattle, Washington 98101.  This hearing date and time may be moved.  Please refer to the settlement website ([Website]) for notice of any changes.

By no later than _____, 2019, Class Counsel shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses and a service award.  The deadline to file an objection and any response to Class Counsel's motions is no later than _____, 2019.  By no later than _____, 2019, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the

**Questions?  Call 1-XXX-XXX-XXXX toll free, or visit [Website]**

Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and a service award shall be filed.

At the Final Approval Hearing, the Court will consider, among other things, whether the Settlement is fair, reasonable, and adequate; how much Plaintiff's lawyers will receive for attorneys' fees and expenses; and whether to approve a service award to the Settlement Class Representative. If there are objections, the Court will consider them. The Court will listen to people at the hearing who file in advance a timely notice of their intention to appear (*see* Question 18). At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

| | |
|---|---|
| **21.** | **Does my financial institution have to attend the hearing?** |

No. Class Counsel will answer questions the Court may have. You are welcome, however, to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you submitted your objection timely and in accordance with the requirements for objecting, as outlined in the Settlement (*see* Question 18), the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

| | |
|---|---|
| **22.** | **What happens if my financial institution does nothing at all?** |

If your financial institution is a Settlement Class Member and does nothing, it will remain a part of the Settlement Class, but will not get any payments from the Settlement. And, unless your financial institution excludes itself, it will not be able to sue Eddie Bauer about the claims being resolved through this Settlement ever again. See the Settlement for more details about the releases (available at ([Website])).

## GETTING MORE INFORMATION

| | |
|---|---|
| **23.** | **How do I get more information?** |

This notice summarizes the Settlement. More details are in the Settlement itself. You can get a copy of the Settlement at ([Website]) or from the Settlement Administrator by calling toll-free 1-XXX-XXX-XXXX.

*Please do not contact the Court with questions about the Settlement.*

**Questions?  Call 1-XXX-XXX-XXXX toll free, or visit [Website]**

# EXHIBIT 3

**LEGAL NOTICE**

**If your financial institution issued one or more payment cards that was identified as having been at risk as a result of the cyber-attack that Eddie Bauer announced in 2016, it could get a payment from a class action settlement.**

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

A settlement of a lawsuit against Eddie Bauer, LLC ("Eddie Bauer") has been proposed in which Eddie Bauer has agreed to resolve putative class claims brought by a financial institution, arising from third-party criminal cyber-attacks of Eddie Bauer's point-of-sale systems, involving malware targeting customers' payment card information that Eddie Bauer reported in 2016 (the "Cyber Attack").  If your financial institution ("you") qualifies, you may send in a claim form to get benefits, or you can exclude yourself from the Settlement, or object to it.

The U.S. District Court for the Western District of Washington authorized this notice.  Before any money is paid, the Court will have a hearing to decide whether to approve the Settlement.

## Who Is Included?

You are a member of the Settlement Class and affected by the settlement if:

(1)    You are a financial institution, bank, credit union, or other entity in the United States (including its Territories and the District of Columbia); and

(2)    You issued one or more payment cards (including debit and credit cards) that was identified as having been at risk as a result of the Cyber Attack in an alert or similar document by Visa, MasterCard, Discover, or JCB.  (See the Settlement or Settlement Website for more details as to the payment cards that are included.)

## What Is This Case About?

The lawsuit, *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wash.), was filed by a financial institution and alleges that Eddie Bauer is legally responsible for the Cyber Attack.   The lawsuit asserts claims for negligence and violation of RCW 19.255.020 and the Washington Consumer Protection Act, RCW 19.86.  The lawsuit seeks, among other relief, to recover damages for the expense of payment card reissuance, amounts paid to cover fraudulent payment card charges, and other costs allegedly incurred responding to the Cyber Attack.  Eddie Bauer denies any wrongdoing.

## What Does the Settlement Provide?

Eddie Bauer has agreed to pay, on a claims-made basis, at least $1,000,000, and up to $2,800,000, into an Escrow Account out of which the Settlement Administrator will make payments to eligible Settlement Class Members.  A Settlement Class Member, who submits a valid claim, will receive $2.00

for each eligible payment card it issued, subject to a *pro rata* increase if the total value of eligible claims submitted is less than $1,000,000.  Eddie Bauer has agreed to certain injunctive relief and to continue to maintain compliance with the Payment Card Industry Data Security Standards, for which Eddie Bauer has expended, and expects to expend, approximately $5,000,000.  Eddie Bauer also has agreed to pay up to an additional $2,000,000 to cover the Costs of Settlement Administration, which may include any attorneys' fees, costs, and expenses and Service Award payments that are approved by the Court.

## How Do You Ask for a Payment?

A detailed notice and Claim Form package contains everything you need.  Just call the toll-free number or visit the website below to get one.  To qualify for a payment, you must send in a Claim Form, which can be submitted electronically or by mail.  Claim Forms must be submitted electronically or, if mailed, postmarked by **[Month 00]**, 2019.

## What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must exclude yourself by **[Month 00]**, 2019, or you will not be able to sue, or continue to sue, Eddie Bauer, or any other Defendant's Released Persons (as defined in the Settlement), for any of the claims resolved by the Settlement.  To exclude yourself, you must provide all required information.  If you exclude yourself, you cannot get money from this Settlement.  If you stay in the Settlement Class, but wish to object, you must do so by **[Month 00]**, 2019.  Details for excluding yourself or objecting to the Settlement can be found in the Settlement and on the Settlement Website.

The Court will hold a hearing in this case on **[Month 00]**, 2019, to consider whether to approve the Settlement.  At the hearing, the Court will also consider a request by the lawyers representing all Settlement Class Members for attorneys' fees, costs, and expenses for investigating the facts, litigating the case, and negotiating the Settlement, as well as for a Service Award to the Plaintiff for its time participating in the case.  You may ask to appear at the hearing, but you do not have to.

## Want More Information?

For more information, call toll free at 1-XXX-XXX-XXXX or visit the website at [Website].

# EXHIBIT 4

Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERIDIAN CREDIT UNION, on behalf of
itself and a class of similarly situated financial
institutions,

        Plaintiff,

   v.

EDDIE BAUER LLC,

        Defendant.

NO. 2:17-cv-00356-JLR

[PROPOSED] PRELIMINARY
APPROVAL ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement (the "Motion") between Plaintiff Verdian Credit Union ("Plaintiff" or "Veridian"), for itself and on behalf of the Settlement Class, and Eddie Bauer, LLC ("Eddie Bauer" or "Defendant") for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.[1]  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is preliminarily certified, and the proposed Notice Program is approved. Accordingly, good cause appearing in the record, Plaintiff's Motion is **GRANTED**, and **IT IS HEREBY ORDERED THAT:**

**Provisional Certification of the Settlement Class**

1.     The Court provisionally certifies the following Settlement Class:

---

[1]     Unless otherwise indicated, all capitalized terms used herein have the same meaning as those in the Settlement.

[PROPOSED] PRELIMINARY APPROVAL ORDER – 1
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1
2
3

> All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Alerted on Payment Cards.  Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, Eddie Bauer, and persons who timely and validly request exclusion from the Settlement Class.

4   This Settlement Class is provisionally certified for purposes of settlement only.

5
6
7
8
9
10
11
12

       2.      The Court determines that for settlement purposes, the proposed Settlement Class meets all the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Plaintiff are typical of absent class members; Plaintiff will fairly and adequately protect the interests of the class, as it has no interests antagonistic to or in conflict with the class, and has retained Class Counsel who are experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

13          3.      Plaintiff is designated and appointed as the Settlement Class Representative.

14
15
16
17

       4.      The following lawyers, who were previously appointed by the Court as interim Co-Lead Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP; and Gary F. Lynch of Carlson Lynch LLP.  The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

18   **Preliminary Approval of the Proposed Settlement**

19
20
21
22

       5.      Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, satisfies Fed. R. Civ. P. 23 ("Rule 23"), otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

23   **Final Approval Hearing**

24
25
26
27

       6.      A Final Approval Hearing shall take place before the Court on _____, 2019, at ___ a.m./p.m., in Courtroom Suite 14106, before Judge James L. Robart of the U.S. District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Seattle, Washington 98101, to determine, among other things, whether: (a) the proposed Settlement Class

[PROPOSED] PRELIMINARY APPROVAL ORDER – 2
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

should be finally certified for settlement purposes, pursuant to Rule 23; (b) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, all claims in the Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for a Service Award to Plaintiff should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

7.     Class Counsel shall submit their application for fees, costs, and expenses and the application for a Service Award **100 days** after entry of this Order.  The deadline to file an objection and any response to Class Counsel's motions is no later than **114 days** after entry of this Order.  By no later than **128 days** after entry of this Order, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for a Service Award shall be filed.

8.     Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

9.     Analytics Consulting, LLC ("Analytics") is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Claims Administrator, as set forth in the Settlement.   The Settlement

[PROPOSED] PRELIMINARY APPROVAL ORDER – 3
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1   Administrator's fees, as well as all other costs and expenses associated with notice and administration,

2   will be paid by Eddie Bauer, as provided in the Settlement.

3                                    **Notice to the Class**

4           10.     The Notice Program set forth in the Settlement, including the forms of Notice and

5   Claim Form attached as exhibits to the Settlement, satisfy the requirements of Rule 23 and due process

6   and thus are approved.  Non-material modifications to the exhibits may be made without further order

7   of the Court.   The Settlement Administrator is directed to carry out the Notice Program in

8   conformance with the Settlement and to perform all other tasks that the Settlement requires.

9           11.     The Court finds that the form, content, and method of giving notice to the Settlement

10  Class, as described in the Settlement and exhibits: (a) constitute the best practicable notice to the

11  Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class

12  Members of the pendency of the action, the terms of the proposed Settlement, and their rights under

13  the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those

14  persons entitled to receive notice; and (d) satisfy the requirements of Rule 23, the constitutional

15  requirement of due process, and any other legal requirements.  The Court further finds that the Notice

16  is written in plain language, uses simple terminology, and is designed to be readily understandable

17  by Settlement Class Members.

18                                **Exclusions from the Class**

19          12.     Any Settlement Class Member that wishes to be excluded from the Settlement Class

20  must mail a written notification of the intent to exclude itself to the Settlement Administrator, Class

21  Counsel, and Eddie Bauer's counsel at the addresses provided in the Notice, postmarked no later than

22  _____ [**90 days** after the date of this Order] (the "Opt-Out Deadline") and sent

23  via first class postage pre-paid U.S. mail.  The written notification must include the name of this

24  Litigation (*Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356-JLR (W.D. Wash.)); the

25  full name, address, and telephone number of the Settlement Class Member; the name, address, email

26  address, telephone number, position, and signature of the individual who is acting on behalf of the

27  Settlement Class Member; the words "Request for Exclusion" at the top of the document, or a

statement in the body of the document requesting exclusion from the Settlement; and the total number of payment cards issued by the Settlement Class Member that were identified as having been at risk as a result of the Cyber Attack in any alerts or similar documents by Visa, MasterCard, Discover, and JCB.  If the Settlement Class Member fails to provide all of the required information on or before the deadlines specified in the Settlement, and fails to cure any deficiency within the time allowed in the Settlement, then its attempt to opt-out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

13.    All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement.  Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement, including, but not limited to, the releases set forth in the Settlement, and the Final Approval Order and Judgment.

14.    The Settlement Administrator shall provide the Parties with copies of all opt-out notifications promptly upon receipt, and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement, which Class Counsel may move to file under seal with the Court no later than **10 days** prior to the Final Approval Hearing.

## Objections to the Settlement

15.    A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for a Service Award.

16.    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is: (a) electronically filed with the Court by the Objection Deadline; or (b) mailed

[PROPOSED] PRELIMINARY APPROVAL ORDER – 5
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

first-class postage prepaid to the Clerk of Court, Class Counsel, and Eddie Bauer's counsel at the addresses listed in the Notice and postmarked by no later than the Objection Deadline, which shall be _____ [**114 days** after the date of this Order], as specified in the Notice. Objections shall not exceed 12 pages.  For the objection to be considered by the Court, the objection shall set forth:

   a.   the name of the Litigation (*Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356-JLR (W.D. Wash.));

   b.   the full name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

   c.   an explanation of the basis upon which the objector claims to be a Settlement Class Member;

   d.   whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class;

   e.   all grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

   f.   the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, or the application for a Service Award;

   g.   the identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

   h.   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

[PROPOSED] PRELIMINARY APPROVAL ORDER – 6
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1          i.      the number of times in which the objector's counsel and/or counsel's law firm

2  have objected to a class action settlement within the five years preceding the date that the

3  objector files the objection, the caption of each case in which counsel or the firm has made

4  such objection, and a copy of any orders related to or ruling upon the counsel's or the firm's

5  prior such objections that were issued by the trial and appellate courts in each listed case;

6          j.      if the objector is represented by an attorney who intends to seek fees and

7  expenses from anyone other than the objectors he or she represents, the objection should also

8  include: (i) a description of the attorney's legal background and prior experience in connection

9  with class action litigation; (ii) the amount of fees sought by the attorney for representing the

10  objector and the factual and legal justification for the fees being sought; (iii) a statement

11  regarding whether the fees being sought are calculated on the basis of a lodestar, contingency,

12  or other method; (iv) the number of hours already spent by the attorney and an estimate of the

13  hours to be spent in the future; and (v) the attorney's hourly rate;

14          k.      any and all agreements that relate to the objection or the process of objecting,

15  whether written or verbal, between the objector or objector's counsel and any other person or

16  entity;

17          l.      a description of all evidence to be presented at the Final Approval Hearing in

18  support of the objection, including a list of any witnesses, a summary of the expected

19  testimony from each witness, and a copy of any documents or other non-oral material to be

20  presented;

21          m.    a statement identifying whether the objector intends to personally appear

22  and/or testify at the Final Approval Hearing; and

23          n.      the objector's signature on the written objection (an attorney's signature is not

24  sufficient).

25         17.    In addition, any Settlement Class Member that objects to the proposed Settlement must

26  make itself available to be deposed regarding the grounds for its objection and must provide, along

27

[PROPOSED] PRELIMINARY APPROVAL ORDER – 7
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1  with its objection, the dates when the objector will be available to be deposed during the period from

2  when the objection is filed through the date **seven days** before the Final Approval Hearing.

3      18.    Any Settlement Class Member that fails to comply with the provisions in this Order

4  will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of

5  the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited

6  to, the releases in the Settlement, if finally approved.  Any Settlement Class Member who both objects

7  to the Settlement and opts-out will be deemed to have opted-out and the objection shall be deemed

8  null and void.

9                          **Claims Process and Distribution Plan**

10     19.    The Settlement establishes a process for assessing and determining the validity and

11 value of claims and a methodology for paying Settlement Class Members that submit a timely, valid

12 Claim Form.  The Court preliminarily approves this process.

13     20.    Settlement Class Members that qualify for and wish to submit a Claim Form shall do

14 so in accordance with the requirements and procedures specified in the Notice and Claim Form.  If

15 the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under

16 the Settlement, but fail to submit a claim in accordance with the requirements and procedures

17 specified in the Notice and Claim Form, shall be forever barred from receiving any such benefit, but

18 will, in all other respects, be subject to and bound by the provisions of the Settlement, including the

19 releases included in the Settlement and Final Approval Order and Judgment.

20                      **Termination of the Settlement and Use of this Order**

21     21.    This Order shall become null and void and shall be without prejudice to the rights of

22 the Parties, all of which shall be restored to their respective positions existing immediately before this

23 Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in

24 accordance with the terms of the Settlement.  In such event, the Settlement shall become null and

25 void and be of no further force and effect, and neither the Settlement (including any Settlement-

26 related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used

27 or referred to for any purpose whatsoever.

[PROPOSED] PRELIMINARY APPROVAL ORDER – 8
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

22.     If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Eddie Bauer of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, and unavailable; and shall not constitute a waiver by any party of any defense (including, without limitation, any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

### Stay of Proceedings

23.     Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

24.     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

25.     The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Eddie Bauer in relation to the Cyber Attack.

### Summary of Deadlines

26.     The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- Notice Deadline: [30 days after entry of this Order];

- Opt-Out Deadline: [90 days after entry of this Order];

[PROPOSED] PRELIMINARY APPROVAL ORDER – 9
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1   • Claims Deadline: [120 days after entry of this Order];

2   • Application for Attorneys' Fees and Expenses and Service Award ("Fee
3   Application"): [100 days after entry of this Order];

4   • Motion for Final Approval of the Settlement ("Final Approval Motion"): [100
5   days after entry of this Order];

6   • Objection Deadline: [14 days after the Fee Application and Final Approval
7   Motion are filed (or 114 days after entry of this Order)];

8   • Replies in Support of Final Approval and Fee Motion: [28 days after the Fee
9   Application and Final Approval Motion are filed (or 128 days after entry of this
10   Order)]; and

11   • Final Approval Hearing: [a date to be set by the Court no earlier than 135 days
12   after entry of this Order].

13   IT IS SO ORDERED.

14

15   _____
   JAMES L. ROBART
16   UNITED STATES DISTRICT JUDGE

17

18   Dated this _____ day of _____, 2019

19

20   Presented by:

21   TOUSLEY BRAIN STEPHENS PLLC

22   By: /s/ Kim D. Stephens
   Kim D. Stephens, WSBA #11984
23   Chase C. Alvord, WSBA #26080
   1700 Seventh Avenue, Suite 2200
24   Seattle, Washington 98101
   Telephone: (206) 682-5600
25   Facsimile: (206) 682-2992
   kstephens@tousley.com
26   calvord@tousley.com

27   Joseph P. Guglielmo (pro hac vice)
   SCOTT+SCOTT ATTORNEYS AT LAW LLP

[PROPOSED] PRELIMINARY APPROVAL ORDER – 10
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

Erin G. Comite (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
ecomite@scott-scott.com

Gary F. Lynch (*pro hac vice*)
Kevin W. Tucker (*pro hac vice*)
CARLSON LYNCH LLP
1133 Penn Avenue, 5th floor
Pittsburg, PA 15212
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com
ktucker@carlsonlynch.com

Karen H. Riebel (*pro hac vice*)
Kate Baxter-Kauf (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
khriebel@locklaw.com
kmbaxter@locklaw.com

Arthur M. Murray (*pro hac vice*)
MURRAY LAW FIRM
650 Poydras St., Suite 2150
New Orleans, LA 70130
Telephone:  (504) 525-8100
Facsimile:   (504) 284-5249
amurray@murray-lawfirm.com

Brian C. Gudmundson (*pro hac vice*)
ZIMMERMAN REED, LLP
1100 IDS Center, 80 South 8th St.
Minneapolis, MN 55402
Telephone:  (612) 341-0400
Facsimile:   (612) 341-0844
brian.gudmundson@zimmreed.com

Bryan L. Bleichner (*pro hac vice*)
CHESTNUT CAMBRONNE PA

[PROPOSED] PRELIMINARY APPROVAL ORDER – 11
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1   17 Washington Avenue North, Suite 300
    Minneapolis, MN 55401
2   Telephone:  (612) 339-7300
    Facsimile:  (612) 336-2921
3   bbleichner@chestnutcambronne.com

4   ***Attorneys for Plaintiff Veridian Credit Union***

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] PRELIMINARY APPROVAL ORDER – 12
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

# EXHIBIT 5

1

Honorable James L. Robart

2

3

4

5                       UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
6                                 AT SEATTLE

7   VERIDIAN CREDIT UNION, on behalf of
    itself and a class of similarly situated financial
8   institutions,                                        NO. 2:17-cv-00356-JLR

9                  Plaintiff,                            [PROPOSED] FINAL APPROVAL
           v.                                            ORDER AND JUDGMENT
10
    EDDIE BAUER LLC,
11
                   Defendant.
12

13          On _____ **[DATE]**, this Court entered an order granting preliminary

14   approval (the "Preliminary Approval Order") (ECF No.___) of the Settlement between Plaintiff

15   Veridian Credit Union ("Plaintiff" or "Veridian"), on its own behalf and on behalf of the Settlement

16   Class, and Defendant Eddie Bauer, LLC ("Eddie Bauer" or "Defendant"), as memorialized in Exhibit

17   XX (ECF No. __) to Plaintiff's Unopposed Motion for Preliminary Approval of Class Action

18   Settlement;[1]

19          On _____ **[DATE]**, pursuant to the notice requirements set forth in the

20   Settlement and Preliminary Approval Order, the Settlement Class was apprised of the nature and

21   pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object,

22   and/or appear at the Final Approval Hearing;

23          On _____ **[DATE]**, Plaintiff filed its Motion for Final Approval of the

24   Class Action Settlement (the "Final Approval Motion") and accompanying Memorandum of Law,

25   with supporting exhibits, and Class Counsel filed their Application for Attorneys' Fees and Expenses

26

27   _____

[1]     The capitalized terms used in this Final Approval Order and Judgment shall have the same
meaning as those defined in the Settlement, except as may otherwise be indicated.

1  and a Service Award and accompanying Memorandum of Law, with supporting exhibits (the "Fee

2  Application");

3      On _____ **[DATE]**, the Court held a Final Approval Hearing to determine,

4  *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment

5  should be entered dismissing all claims in the Complaint with prejudice.  Prior to the Final Approval

6  Hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the

7  Notice Program was completed in accordance with the Parties' instructions and Preliminary Approval

8  Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their

9  right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed

10  Settlement, the award of attorneys' fees, costs, and expenses, and the payment of a Service Award.

11      Having given an opportunity to be heard to all requesting persons in accordance with the

12  Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Eddie

13  Bauer, having reviewed all of the submissions presented with respect to the proposed Settlement,

14  having determined that the Settlement is fair, adequate, and reasonable, having considered the

15  application made by Class Counsel for attorneys' fees, costs, and expenses and a Service Award, and

16  having reviewed the materials in support thereof, and good cause appearing in the record, Plaintiff's

17  Final Approval Motion is **GRANTED** and Class Counsel's Fee Application is **GRANTED**, and:

18      **IT IS HEREBY ORDERED THAT:**

19      1.      The Court has jurisdiction over the subject matter of this action and over all claims

20  raised therein and all Parties thereto, including the Settlement Class.  The Court also has personal

21  jurisdiction over the Parties and the Settlement Class Members.

22      2.      The Settlement was entered into in good faith following arm's-length negotiations

23  before an experienced mediator and is non-collusive.

24      3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests

25  of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and is

26  therefore approved.  The Court finds that the Parties faced significant risks, expenses, delays, and

27  uncertainties, including as to the outcome, of continued litigation of this complex matter, which

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 2
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members.  The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief.  The Court finds that the Settlement is, in all respects, fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members, who have not opted-out, are bound by the Settlement and this Final Approval Order and Judgment.

5.      The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.      _____ objections were filed by Settlement Class Members.  The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.

8.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9.      A list of those putative Settlement Class Members who have timely and validly elected to opt-out of the Settlement and Settlement Class, in accordance with the requirements in the Settlement (the "Opt-Out Members"), has been submitted to the Court in the Declaration of _____, filed in advance of the Final Approval Hearing.  Such list is attached as Exhibit A to this Order.  The persons and/or entities listed in Exhibit A are not bound by the Settlement, this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 3
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1

## CLASS CERTIFICATION

2       10.      For purposes of the Settlement and this Final Approval Order and Judgment, the Court

3   hereby finally certifies for settlement purposes only the following Settlement Class:

4       All banks, credit unions, financial institutions, and other entities in the United States
        (including its Territories and the District of Columbia) that issued Alerted on
5       Payment Cards.  Excluded from the Settlement Class is the judge presiding over this
        matter and any members of his judicial staff, Eddie Bauer, and persons who timely
6       and validly request exclusion from the Settlement Class.

7       11.      The Court determines that for settlement purposes the Settlement Class meets all the

8   requirements of Fed. R. Civ. P. 23(a) and (b)(3), namely that the Settlement Class is so numerous that

9   joinder of all members is impractical; there are common issues of law and fact; the claims of the class

10  representative are typical of absent class members; the Settlement Class Representative will fairly

11  and adequately protect the interests of the class, as they have no interests antagonistic to or in conflict

12  with the class, and have retained experienced and competent counsel to prosecute this matter;

13  common issues predominate over any individual issues; and a class action is the superior means of

14  adjudicating the controversy.

15      12.      The Court grants final approval to the appointment of Plaintiff as the Settlement Class

16  Representative.  The Court concludes that the Settlement Class Representative has fairly and

17  adequately represented the Settlement Class and will continue to do so.

18      13.      The Court grants final approval to the appointment, pursuant to Fed. R. Civ. P. 23(g),

19  of Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP and Gary F. Lynch of Carlson Lynch

20  LLP as Class Counsel.  The Court concludes that Class Counsel have adequately represented the

21  Settlement Class and will continue to do so.

22  ## NOTICE TO THE SETTLEMENT CLASS

23      14.      The Court finds that the Notice Program, as set forth in the Settlement and effectuated

24  pursuant to the Preliminary Approval Order, satisfied Fed. R. Civ. P. 23(c)(2), was the best notice

25  practicable under the circumstances, was reasonably calculated to provide, and did provide, due and

26  sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the

27  Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 4
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.     The Court finds that Eddie Bauer has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

16.     The Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will continue to be paid by Eddie Bauer as provided in the Settlement.

## AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD

17.     The Court has considered Class Counsel's Fee Application.

18.     Pursuant to Fed. R. Civ. P. 23(h), and relevant Ninth Circuit authority, the Court awards Class Counsel $_____ as an award of reasonable attorneys' fees, costs, and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable.  This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid in accordance with the Settlement.  This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

19.     The Court grants Class Counsel's request for a Service Award and awards $10,000 to Plaintiff.  The Court finds that this payment is justified by Plaintiff's service to the Settlement Class.  This Service Award shall be paid by Eddie Bauer in accordance with the Settlement.

## OTHER PROVISIONS

20.     The Parties to the Settlement shall carry out their respective obligations thereunder.

21.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22.     As of the Effective Date, the Releasing Parties, each on behalf of itself and any predecessors, successors, or assigns, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendant's Released Persons of and from any and

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 5
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims (defined below)), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Cyber Attack, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (i) Eddie Bauer's information security policies and practices; (ii) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (iii) Eddie Bauer's response to and notices about the Cyber Attack; (iv) the fraudulent use of any Alerted on Payment Cards; (v) the cancellation and reissuance of any Alerted on Payment Cards; and (vi) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted on Payment Cards or information relating to such cards (the "Released Claims").

23.     For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were or could have been asserted in the Litigation, and also include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation: those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Business & Professions Code §17200, *et seq*., California Civil Code §1750, *et seq*., Cal. Civ. Code §1798.80, *et seq*., Cal. Civ. Code §56.10, *et seq*., and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or any states in the United States; any statutory claims under state or federal law; and also including, but not

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 6
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

24.    As of the Effective Date, Defendant's Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiff's Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation.  For the avoidance of doubt, Defendant's Released Persons' release, as set forth in this ¶24, does not include entities that do not meet the definition of either Releasing Parties or Plaintiff's Released Persons.

25.    The Settlement Class Representative and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of Defendant's Released Persons or prosecuting any claim based on any actions taken by any of Defendant's Released Persons that are authorized or required by this Settlement or the Final Approval Order and Judgment.  It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

26.    "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representative, does not know or suspect to exist in its favor at the time of the release of Defendant's Released Persons that, if known by it, might have affected its settlement with, and release of, Defendant's Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representative

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 7
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> *A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

[Emphasis added.]  Settlement Class Members, including the Settlement Class Representative, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true, with respect to the subject matter of the Released Claims, but the Settlement Class Representative expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.  The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

27.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Eddie Bauer of any claim, fact alleged in the Litigation, fault, wrongdoing, violation of law, or liability of any kind on the part of Eddie Bauer or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 8
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

28.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; *provided, **however,*** that nothing in the foregoing, Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

29.     The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member, who is not an Opt-Out Member, or any other person subject to the provisions of this Final Approval Order and Judgment.

30.     The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any party, except as provided in this Final Approval Order and Judgment.

31.     Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Litigation, as if the Parties had not entered into the Settlement.  In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 9
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

32.    Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

33.    Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties, with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise, relating in any way to and arising from the implementation of the Settlement or this Final Approval Order and Judgment.

IT IS SO ORDERED.

_____
JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Dated this _____ day of _____, 2019

Presented by:

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephens*
    Kim D. Stephens, WSBA #11984
    Chase C. Alvord, WSBA #26080
    1700 Seventh Avenue, Suite 2200
    Seattle, Washington 98101
    Telephone:  (206) 682-5600
    Facsimile:  (206) 682-2992
    kstephens@tousley.com
    calvord@tousley.com

    Joseph P. Guglielmo (*pro hac vice*)
    SCOTT+SCOTT ATTORNEYS AT LAW LLP
    The Helmsley Building
    230 Park Avenue, 17th Floor
    New York, NY 10169
    Telephone: (212) 223-6444
    Facsimile: (212) 223-6334
    jguglielmo@scott-scott.com

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 10
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

1
Erin G. Comite (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
2
156 South Main Street
P.O. Box 192
3
Colchester, CT 06415
Telephone: (860) 537-5537
4
Facsimile: (860) 537-4432
ecomite@scott-scott.com
5

6
Gary F. Lynch (*pro hac vice*)
Kevin W. Tucker (*pro hac vice*)
7
CARLSON LYNCH LLP
1133 Penn Avenue, 5th floor
8
Pittsburg, PA 15212
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
9
glynch@carlsonlynch.com
ktucker@carlsonlynch.com
10

11
Karen H. Riebel (*pro hac vice*)
Kate Baxter-Kauf (*pro hac vice*)
12
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
13
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
14
khriebel@locklaw.com
kmbaxter@locklaw.com
15

16
Arthur M. Murray (*pro hac vice*)
MURRAY LAW FIRM
17
650 Poydras St., Suite 2150
New Orleans, LA 70130
18
Telephone:  (504) 525-8100
Facsimile:  (504) 284-5249
amurray@murray-lawfirm.com
19

20
Brian C. Gudmundson (*pro hac vice*)
ZIMMERMAN REED, LLP
21
1100 IDS Center, 80 South 8th St.
Minneapolis, MN 55402
22
Telephone:  (612) 341-0400
Facsimile:   (612) 341-0844
brian.gudmundson@zimmreed.com
23

24
Bryan L. Bleichner (*pro hac vice*)
CHESTNUT CAMBRONNE PA
25
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
26
Telephone:  (612) 339-7300
Facsimile:   (612) 336-2921
27
bbleichner@chestnutcambronne.com

***Attorneys for Plaintiff Veridian Credit Union***

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT – 11
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600