Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERIDIAN CREDIT UNION, on behalf of itself and a class of similarly situated financial institutions,<br><br>　　　　Plaintiff,<br>　v.<br><br>EDDIE BAUER LLC,<br><br>　　　　Defendant. | NO. 2:17-cv-00356-JLR<br><br>PRELIMINARY APPROVAL ORDER |

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement (the "Motion") between Plaintiff Verdian Credit Union ("Plaintiff" or "Veridian"), for itself and on behalf of the Settlement Class, and Eddie Bauer, LLC ("Eddie Bauer" or "Defendant") for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.[1]  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined that the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is preliminarily certified, and the proposed Notice Program is approved. Accordingly, good cause appearing in the record, Plaintiff's Motion is **GRANTED**, and **IT IS HEREBY ORDERED THAT:**

**Provisional Certification of the Settlement Class**

1.　　The Court provisionally certifies the following Settlement Class:

---

[1] Unless otherwise indicated, all capitalized terms used herein have the same meaning as those in the Settlement.

ORDER – 1

> All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Alerted on Payment Cards. Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, Eddie Bauer, and persons who timely and validly request exclusion from the Settlement Class.

This Settlement Class is provisionally certified for purposes of settlement only.

2. The Court determines that for settlement purposes, the proposed Settlement Class meets all the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Plaintiff are typical of absent class members; Plaintiff will fairly and adequately protect the interests of the class, as it has no interests antagonistic to or in conflict with the class, and has retained Class Counsel who are experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

3. Plaintiff is designated and appointed as the Settlement Class Representative.

4. The following lawyers, who were previously appointed by the Court as interim Co-Lead Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP; and Gary F. Lynch of Carlson Lynch LLP. The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement**

5. Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, satisfies Fed. R. Civ. P. 23 ("Rule 23"), otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

6. A Final Approval Hearing shall take place before the Court on October 25, 2019, at 9:00 a.m., in Courtroom Suite 14106, before Judge James L. Robart of the U.S. District Court for the Western District of Washington, United States Courthouse, 700 Stewart Street, Seattle, Washington 98101, to determine, among other things, whether: (a) the proposed Settlement Class should be finally

ORDER – 2

certified for settlement purposes, pursuant to Rule 23; (b) the Settlement should be finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, all claims in the Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; and (f) the application for a Service Award to Plaintiff should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

7. Class Counsel shall submit their application for fees, costs, and expenses and the application for a Service Award **100 days** after entry of this Order.  The deadline to file an objection and any response to Class Counsel's motions is no later than **114 days** after entry of this Order.  By no later than **128 days** after entry of this Order, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for a Service Award shall be filed.

8. Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Administration**

9. Analytics Consulting, LLC ("Analytics") is appointed as the Settlement Administrator, with responsibility for Claims Administration, the Notice Program, and all other obligations of the Claims Administrator, as set forth in the Settlement.  The Settlement

ORDER – 3

Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid by Eddie Bauer, as provided in the Settlement.

### Notice to the Class

10.     The Notice Program set forth in the Settlement, including the forms of Notice and Claim Form attached as exhibits to the Settlement, satisfy the requirements of Rule 23 and due process and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement and to perform all other tasks that the Settlement requires.

11.     The Court finds that the form, content, and method of giving notice to the Settlement Class, as described in the Settlement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Rule 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

12.     Any Settlement Class Member that wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude itself to the Settlement Administrator, Class Counsel, and Eddie Bauer's counsel at the addresses provided in the Notice, postmarked no later than September 10, 2019, (the "Opt-Out Deadline") and sent via first class postage pre-paid U.S. mail. The written notification must include the name of this Litigation (*Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356-JLR (W.D. Wash.)); the full name, address, and telephone number of the Settlement Class Member; the name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; the words "Request for Exclusion" at the top of the document, or a statement in the body of the document

requesting exclusion from the Settlement; and the total number of payment cards issued by the Settlement Class Member that were identified as having been at risk as a result of the Cyber Attack in any alerts or similar documents by Visa, MasterCard, Discover, and JCB. If the Settlement Class Member fails to provide all of the required information on or before the deadlines specified in the Settlement, and fails to cure any deficiency within the time allowed in the Settlement, then its attempt to opt-out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

13. All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement) shall be bound by all subsequent proceedings, orders, and judgments in this matter, the Settlement, including, but not limited to, the releases set forth in the Settlement, and the Final Approval Order and Judgment.

14. The Settlement Administrator shall provide the Parties with copies of all opt-out notifications promptly upon receipt, and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement, which Class Counsel may move to file under seal with the Court no later than **10 days** prior to the Final Approval Hearing.

### Objections to the Settlement

15. A Settlement Class Member that complies with the requirements of this Order may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for a Service Award.

16. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is: (a) electronically filed with the Court by the Objection Deadline; or (b) mailed

ORDER – 5

first-class postage prepaid to the Clerk of Court, Class Counsel, and Eddie Bauer's counsel at the addresses listed in the Notice and postmarked by no later than the Objection Deadline, which shall be October 4, 2019, as specified in the Notice. Objections shall not exceed 12 pages. For the objection to be considered by the Court, the objection shall set forth:

      a.    the name of the Litigation (*Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356-JLR (W.D. Wash.));

      b.    the full name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

      c.    an explanation of the basis upon which the objector claims to be a Settlement Class Member;

      d.    whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class;

      e.    all grounds for the objection stated, with specificity, accompanied by any legal support for the objection;

      f.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses, or the application for a Service Award;

      g.    the identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

      h.    the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

      i.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the

objector files the objection, the caption of each case in which counsel or the firm has made such objection, and a copy of any orders related to or ruling upon the counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

j. if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include: (i) a description of the attorney's legal background and prior experience in connection with class action litigation; (ii) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (iii) a statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (iv) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (v) the attorney's hourly rate;

k. any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between the objector or objector's counsel and any other person or entity;

l. a description of all evidence to be presented at the Final Approval Hearing in support of the objection, including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented;

m. a statement identifying whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

n. the objector's signature on the written objection (an attorney's signature is not sufficient).

17. In addition, any Settlement Class Member that objects to the proposed Settlement must make itself available to be deposed regarding the grounds for its objection and must provide, along with its objection, the dates when the objector will be available to be deposed during the period from when the objection is filed through the date **seven days** before the Final Approval Hearing.

ORDER – 7

18. Any Settlement Class Member that fails to comply with the provisions in this Order will waive and forfeit any and all rights it may have to object, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved. Any Settlement Class Member who both objects to the Settlement and opts-out will be deemed to have opted-out and the objection shall be deemed null and void.

**Claims Process and Distribution Plan**

19. The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

20. Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement, but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and Claim Form, shall be forever barred from receiving any such benefit, but will, in all other respects, be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement and Final Approval Order and Judgment.

**Termination of the Settlement and Use of this Order**

21. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

22. If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an

ORDER – 8

admission, concession, or declaration by or against Eddie Bauer of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, and unavailable; and shall not constitute a waiver by any party of any defense (including, without limitation, any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

### Stay of Proceedings

23. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

24. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

25. The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Eddie Bauer in relation to the Cyber Attack.

### Summary of Deadlines

26. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include, but are not limited to, the following:

- Notice Deadline:  July 12, 2019;
- Opt-Out Deadline:  September 10, 2019;
- Claims Deadline:  October 10, 2019;

ORDER – 9

- Application for Attorneys' Fees and Expenses and Service Award ("Fee Application"): September 20, 2019;
- Motion for Final Approval of the Settlement ("Final Approval Motion"): September 20, 2019;
- Objection Deadline: October 4, 2019;
- Replies in Support of Final Approval and Fee Motion: October 18, 2019; and
- Final Approval Hearing: October 25, 2019.

IT IS SO ORDERED.

Dated this 12th day of June, 2019.

*[signature]*

JAMES L. ROBART
United States District Judge