Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VERIDIAN CREDIT UNION, on behalf of itself and a class of similarly situated financial institutions,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER LLC,<br><br>Defendant. | No. 2:17-cv-00356-JLR<br><br>**PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>NOTE ON MOTION CALENDAR:<br><br>OCTOBER 25, 2019 |

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## I. INTRODUCTION

Plaintiff Veridian Credit Union ("Plaintiff" or "Veridian") moves under Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure for an award of attorneys' fees, reimbursement of expenses, and approval of a Service Fee for Verdian in conjunction with the proposed class action Settlement entered into with Defendant Eddie Bauer LLC ("Defendant" or "Eddie Bauer"), which the Court preliminarily approved on June 12, 2019. ECF No. 165.[1] Contemporaneously with this motion, Plaintiff is filing a motion for Final Approval of the Settlement and certification of the Settlement Class under Rule 23(e).

Counsel for Plaintiff have not received any compensation for their prosecution of this Litigation, which required more than two years of vigorous advocacy, including prevailing, in substantial part, on the motion to dismiss and completing fact discovery through the review of nearly 200,000 pages of party and third-party documents and depositions of 11 party and non-party witnesses and two Eddie Bauer corporate representatives. The Settlement provides up to $2.8 million in cash to Settlement Class Members; $2 million to cover Claims Administration costs, attorneys' fees and expenses, and a Service Award; and injunctive relief that Eddie Bauer expects to spend $5 million to implement and will protect Settlement Class Members from future harm. This is a total value of $9.8 million to Settlement Class Members. Class Counsel[2] respectfully request, on behalf of all Plaintiff's Counsel, that the Court approve an award of $2 million, which would cover approximately $54,000 in Claims Administration costs, $1,738,528 as attorneys' fees, $197,472 as reimbursement of litigation expenses, and $10,000 as a Service Award for Plaintiff. The requested attorneys' fee of $1,738,528 represents 17.7% of the total Settlement value – well below the Ninth Circuit's 25% "benchmark" for contingent fees. *See*, *e.g.*, *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995). The reasonableness of the requested fee is supported by the fact that the fee award, if approved, will provide a significantly negative "multiplier" on Plaintiff's Counsel's lodestar.

As discussed below and in the Joint Declaration, it is respectfully submitted that the requested fee is fair and reasonable when considered under the Ninth Circuit applicable standards, particularly in view

---

[1]   Unless otherwise defined herein, all capitalized terms have the same definitions as those set forth in the Settlement Agreement and Release ("Agreement" or "SA") (ECF No. 164-1).

[2]   Class Counsel was aided in this case by Tousley Brain Stephens PLLC, Lockridge Grindal Nauen, P.L.L.P., Zimmerman Reed LLP, Chestnut Cambronne PA, and Murray Law Firm. Collectively, these law firms are referred to herein as "Plaintiff's Counsel." No other law firms will share in the attorneys' fees awarded by the Court.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES  – 1
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

of the substantial risks of pursuing this Litigation, considerable litigation efforts, and results achieved for the Settlement Class.[3] Moreover, the expenses requested are reasonable in amount and were necessarily incurred for the successful prosecution of this Litigation. Finally, the requested Service Award is customary and warranted to compensate Veridian for its participation in the Litigation on behalf of the Settlement Class. Thus, Class Counsel respectfully request that the Court award $2 million as payment for Claims Administration costs as well as the requested attorneys' fees, expenses, and Service Award.

## II.    ARGUMENT

### A.    Class Counsel's Request for Attorneys' Fees Is Reasonable

It is well settled that attorneys who represent a class and whose efforts achieve a benefit for class members are "entitled to a reasonable attorney's fee from the fund as a whole" as compensation for their services. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Vincent v. Reser*, No. C 11-03572 CRB, 2013 WL 621865, at *4 (N.D. Cal. Feb. 19, 2013). Rule 23 permits a court to award "reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The two methods courts may use to calculate a reasonable fee are the "lodestar method" and "percentage-of-recovery method." *Id.* at 941-42. Although a district court has discretion to award fees in common fund cases based on either the "lodestar method" or "percentage-of-the-fund method," the percentage method has become the prevailing method in this Circuit. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002); *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) ("*WPPSS*"), *aff'd in part*, *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306 (9th Cir. 1994); *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1325 (W.D. Wash. 2009).

In determining the reasonableness of the attorneys' fee, courts in this District and Circuit have looked at the total value of the monetary and injunctive benefits provided in a settlement when analyzing a fee request. *See Bluetooth*, 654 F.3d at 943 ("'If an agreement is reached on the amount of a settlement

---

[3]    All "Joint Declaration" or "Joint Decl." references are to the Joint Declaration of Gary F. Lynch and Joseph P. Guglielmo concurrently filed in support hereof and in support of Plaintiff's Motion for Final Approval of Class Action Settlement.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 2
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

fund and a separate amount for attorney fees … the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class.'" (ellipsis in original)); *In re Ferrero Litig.*, 583 F. App'x 665, 668 (9th Cir. 2014) (affirming district court's approval of attorneys' fees based, in part, on value of injunctive relief to the class); *Vizcaino v. Microsoft Corp.*, 142 F. Supp. 2d 1299, 1301 (W.D. Wash. 2001) (approving attorneys' fees where calculation of settlement fund included cash and injunctive benefits); *In re Home Depot Inc.*, 931 F.3d 1065, 1080 (11th Cir. 2019) (noting that "constructive common fund" doctrine is applicable when defendant negotiates payments to the class and counsel as a '"package deal"').

District courts also have discretion to determine what portion of the common fund is "for the benefit of the entire class[.]" *Bluetooth*, 654 F.3d at 942; *see Graham v. Capital One Bank (USA), N.A.*, No. SACV 13-00743-JLS (JPRx), 2014 WL 12579806, at *3 (C.D. Cal. Dec. 8, 2014) ("The Settlement . . . must be viewed in the context of the entire benefit achieved for the Class in this action."). Costs of providing notice to the class and other administrative costs and expenses may count as common benefits for purposes of calculating the percentage fund valuation when analyzing an attorney fee request. "Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorneys' fees and expenses, and the expenses of administration." *Bendixen v. Sprint Commc'ns Co. L.P.*, No. 3:11-cv-5274-RBL, 2013 WL 2949569, at *2 (W.D. Wash. June 14, 2013); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 953 (9th Cir. 2015).

The value of injunctive relief may also be included in this calculation. *See, e.g., Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-04936-LB, 2015 WL 758094, at *5 (N.D. Cal. Feb. 20, 2015) ("courts consider both the monetary and nonmonetary benefits that the settlement confers"); *see also Rainbow Bus. Sols. v. MBF Leasing LLC*, No. 10-cv-01993-CW, 2017 WL 6017844, at *1 (N.D. Cal. Dec. 5, 2017) (fund from which fee percentage is calculated includes "the total benefit made available to the settlement class, including costs, fees, and injunctive relief"); *Pokorny v. Quixtar, Inc.*, No. C 07-0201 SC, 2013 WL 3790896, *1 (N.D. Cal. July 18, 2013) ("The court may properly consider the value of injunctive relief obtained as a result of settlement in determining the appropriate fee."); *In re Netflix Privacy Litig.*, No. 5:11-CV-00379 EDJ, 2013 WL 1120801, at *7 (N.D. Cal. Mar. 18, 2013) (settlement value "includes the size of the cash distribution, the *cy pres* method of distribution, and the injunctive relief"). For

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 3
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

nonmonetary relief to count "as part of the value of a common fund for purposes of applying the percentage method of determining fees[,]" the value of the nonmonetary relief to class members must be "accurately ascertained." *Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). If the value cannot be accurately ascertained, the Court may nonetheless consider the value of this nonmonetary relief "as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorneys' fees, rather than as part of the fund itself." *Id.*

The Settlement provides relief to the Settlement Class in three ways: (1) guaranteed cash payments to claiming Settlement Class Members, up to $2.8 million; (2) substantial injunctive relief that will cost Eddie Bauer approximately $5 million to implement and maintain for at least two years, and which will inure to the benefit of the Settlement Class by ensuring improved payment card security in Eddie Bauer's cardholder data environment; and (3) a fund of $2 million to cover the costs of Claims Administration, attorneys' fees and expenses, and any approved Service Award to Veridian. In light of the significant value provided to Settlement Class Members, the Court should include each of these three categories of benefits in calculating to the total value of the Settlement, which is $9.8 million. The amount being requested as attorneys' fees is $1,738,528 – that is, $2 million minus: (a) Claims Administration costs, which are estimated at $54,000;[4] (b) Plaintiff's Counsel's expenses, which are $197,472; and (c) Plaintiff's Service Award, which, if approved, is $10,000. Joint Decl. ¶25. The requested fee – which is 17.7% of the settlement fund, or a negative multiplier of 0.59 on Plaintiff's Counsel's total lodestar (*Id.*) – is reasonable under both the percentage-of-the-fund method and lodestar approach, as discussed below.

**B.     Analysis of the *Vizcaino* Factors Justifies the Requested Fee Award**

In evaluating whether a requested fee is reasonable, courts within the Ninth Circuit apply the five factors identified by the court in *Vizcaino*: (1) the result achieved; (2) the risk of litigation; (3) the skill required and quality of the work; (4) awards made in similar cases; and (5) the contingent nature of the fee and financial burden carried by counsel. *See Vizcaino*, 290 F.3d at 1048-50. Counsel's "lodestar may [also] provide a useful perspective on the reasonableness of a given percentage award." *Id.* at 1050. The Ninth Circuit has explained that these factors should not be used as a rigid checklist or weighed

---

[4]     The Court previously approved payment of the Costs of Settlement Administration from the allotted $2 million when it preliminarily approved the Settlement. *See* ECF No. 165 ¶9.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES  – 4
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

individually, but, rather, should be evaluated in light of the totality of the circumstances. *Id.* at 1048-50.

### 1. The Fee Request Is Justified by the Results Achieved

The Settlement provides substantial relief to the Settlement Class and is in line with the per-card amounts obtained for financial institution class members in approved settlements in two other similar cases. Class Members who submit claims will receive no less than $2.00 per-Alerted on Payment Card. SA ¶33a. This relief compares favorably with settlements negotiated by financial institution plaintiffs in the *Target* and *Home Depot* data breach class actions. Those settlements – both of which received final approval – provided financial institutions with $1.50 and $2.00 fixed per-card recovery, respectively, without documentation of loss (with an option to obtain a percentage of documented losses). *See In re: Target Corp. Customer Data Sec. Breach Litig.*, No. 0:14-md-02522, ECF No. 747-1, Ex. A at 4-5 (D. Minn. Apr. 11, 2016); *In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-md-02583, ECF No. 336-1 at 25 (N.D. Ga. Aug. 23, 2017). In light of the 36% claims rate (Amundson Decl. ¶12[5]), the favorable reaction of the Settlement Class supports that the Settlement represents an excellent result.

In addition, Eddie Bauer has agreed to implement certain security enhancements for at least two years, which Eddie Bauer has spent or will spend approximately $5 million to implement and which will benefit Class Members by reducing the risk of a similar security breach in the future. SA ¶¶41-43. The direct beneficiaries of the injunctive relief – improved security measures in Eddie Bauer's cardholder data environment – are card-issuing financial institutions, *i.e.*, Settlement Class Members. The payment-card-using customers of Settlement Class Members are likely to continue using their payment cards at Eddie Bauer, which is a well-known retailer with a national footprint and approximately 370 retail locations in the United States and Canada. Amended Class Action Complaint ("AC") (ECF No. 36) ¶1. As Plaintiff alleged, financial institutions are the primary victims of payment card data breaches because they must reimburse their customers for fraudulent card charges and incur significant administrative and overhead charges in order to reissue new cards to replace the compromised ones. *Id.* ¶97. Thus, the injunctive relief agreed to by Eddie Bauer, which it projects will cost $5 million to implement, should be treated as a Settlement Class benefit for purposes of calculating a reasonable percentage-of-the-fund to award as

---

[5] All "Amundson Decl." references are to the Declaration of Christopher D. Amundson filed in support hereof.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 5
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

attorneys' fees. This factor favors approval of the requested fee.

### 2. The Significant Risk of Litigation Supports that the Requested Fee Is Reasonable

The risk of further litigation is also an important factor in determining a fair fee award. *See Vizcaino*, 290 F.3d at 1048 (noting "[r]isk is a relevant circumstance" in awarding attorneys' fees); *Pacific Enterprises*, 47 F.3d at 379 (finding that "attorneys' fees [were] justified because of the complexity of the issues and the risks"). As set forth in detail in the Joint Declaration, there is no question that Plaintiff faced, and Class Counsel resisted, vociferous defenses to liability and damages as well as numerous discovery challenges. Joint Decl. ¶¶4-12. Although Plaintiff prevailed at the motion to dismiss stage, Eddie Bauer continues to vehemently deny liability and there was no assurance that Plaintiff's forthcoming motion for class certification would have been granted. Recent precedents in similar cases have had mixed outcomes for plaintiff financial institutions. As mentioned in Plaintiff's motion for final approval, some similar cases have ended in settlements, such as *Target*, *Home Depot*, and *Wendy's*,[6] but others have been dismissed in whole or substantial part, *e.g.*, *Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 817-18 (7th Cir. 2018); *SELCO Cmty. Credit Union v. Noodles & Co.*, 267 F. Supp. 3d 1288 (D. Colo. 2017), and class certification has been denied in others. *E.g.*, *In re TJX Cos. Retail Sec. Breach Litig.*, 246 F.R.D. 389 (D. Mass. 2007) (denying class certification because necessity of individualized inquiries regarding causation, comparative negligence, and damages precluded a finding of predominance). Plaintiff's Counsel worked diligently to achieve a significant result for the Settlement Class in the face of very real litigation risks. As a result, the requested fee is reasonable.

### 3. This Risk of Litigation Required Attorney Skill and High-Quality Work

Courts have recognized that the "'prosecution and management of a complex national class action requires unique legal skills and abilities.'" *In re Heritage Bond Litig.*, No. 02-ML-1475-DT(RCX), 2005 WL 1594389, at *12 (C.D. Cal. June 10, 2005); *see also Vizcaino*, 290 F.3d at 1048. Plaintiff's Counsel have extensive and significant experience in the specialized field of data breach class action litigation. The favorable Settlement is attributable in large part to the diligence, determination, hard work, and skill of

---

[6] *See In re: Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 14-2522(PAM), 2016 WL 2757692 (D. Minn. May 12, 2019); *In re: The Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT, 2016 WL 6902351 (N.D. Ga. Aug. 23, 2016); *First Choice Fed. Credit Union v. Wendy's Co.*, No. 2:16-cv-00506-NBF-MPK, 2019 WL 948400 (W.D. Pa. Feb. 26, 2019).

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES – 6
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Plaintiff's Counsel, who developed, litigated, and successfully settled this Litigation. As set forth in the Joint Declaration, as well as the individual declarations of the additional counsel, Plaintiff's Counsel are highly experienced attorneys in this type of litigation and have a strong track record of leading these relatively unique cases and obtaining favorable results for financial institutions. Joint Decl. ¶18; Lynch Decl., Ex. C; Scott Decl., Ex. D; Riebel Decl., Ex. C; Bleichner Decl., Ex. C; Gudmundson Decl., Ex. C; Murray Decl., Ex. C; Stephens Decl. ¶7 & Ex. C.[7] These skills were put to the test in this Litigation, as it involved novel issues and a defense team led by equally skilled and experienced attorneys. In short, this was not a simple, familiar type of case with a clear path to liability and judgment. This factor therefore supports approval of the attorney fee request.

### 4. The Fee Request Falls Below the 25% Benchmark and Is Comparable to Similar Cases

"In the Ninth Circuit, the benchmark for a fee award in common fund cases is 25% of the recovery obtained." *Tawfilis v. Allergan, Inc.*, No. 8:15-cv-00307-JLS-JCG, 2018 WL 4849716, at *4 (C.D. Cal. Aug. 27, 2018) (citing *Bluetooth*, 654 F.3d at 942). District courts may depart (upward or downward) from the 25% benchmark rate and courts within this Circuit can and do award fees above the benchmark. *See Bluetooth*, 654 F.3d at 942. In each case, "the exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds [the] benchmark'" of 25% set by the Ninth Circuit in *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). *See also In re Atossa Genetics, Inc. Sec. Litig.*, No. 13-cv-01836-RSM, 2018 WL 3546176, at *1 (W.D. Wash. July 20, 2018) (approving fee award of 33% of fund); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (same) (citing *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009)); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 448-55 (E.D. Cal. 2013) (holding "[t]he typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value," and approving fee award of 33% of fund) (citing cases); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, *8 (S.D. Cal. Jun. 1, 2010) (approving an attorneys'

---

[7] All "Lynch Decl.," "Scott Decl.," "Riebel Decl.," "Bleichner Decl.," "Gudmundson Decl.," "Murray Decl.," "Stephens Decl.," and "Slessor Decl." references are to the Declarations of Gary F. Lynch, Daryl F. Scott, Karen H. Riebel, Bryan L. Bleichner, Brian C. Gudmundson, Arthur Murray, Kim D. Stephens, and Gregory Slessor, respectively, which are concurrently filed in support hereof and in support of Plaintiff's Motion for Final Approval of Class Action Settlement.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES  – 7
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

fees award of 33.33% of a common fund, noting that "the request for attorneys' fees in the amount of 33.33% of the common fund falls within the typical range of 20% to 50% awarded in similar cases").

Where the total Settlement value is $9.8 million, Plaintiff's Counsel's fee request of $1,738,528 is 17.7% of the total settlement fund. This request clearly falls below the Ninth Circuit's "benchmark" of 25%. *See* Newberg on Class Actions §15:78. Given the significant recovery for the Settlement Class, challenges and risks facing Class Counsel, and substantial amount of effort necessary to litigate this action, Class Counsel respectfully submit that an award of $1,738,528, representing 17.7% of the total settlement fund, would be appropriate and that courts in this Circuit have granted such awards in similar circumstances. *See*, *e.g.*, *In re Amgen Inc. Sec. Litig.*, No. CV 7-2536 PSG (PLAx), 2016 WL 10571773, at *9-10 (C.D. Cal. Oct. 25, 2016) (awarding 25% of $95 million settlement, plus expenses); *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558, slip op. at 1 (D. Nev. Mar. 1, 2016), *aff'd*, 708 F. App'x 894 (9th Cir. 2017) (awarding 25% of $75 million settlement, plus expenses). As a result, the requested fee is reasonable under the Ninth Circuit precedent and when compared to empirical measurements of approved fees in the Circuit.

**5. The Contingent Nature of the Fee and Financial Burden Carried by Class Counsel Supports the Reasonableness of the Requested Fee**

A determination of a fair fee must include consideration of the contingent nature of the fee. It is an established practice in the private legal market to reward attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases. *See* Richard Posner, Economic Analysis of Law §21.9 (5th ed. 1998). Contingent fees that may exceed the market value of the services, if they had been rendered on a non-contingent basis, are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis. *See WPPSS*, 19 F.3d at 1299. "Courts have long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all for their work." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 WL 1687829, *2 (N.D. Cal. Apr. 22, 2010). There have been numerous class actions in which plaintiffs' counsel took the risks of a case, expended thousands of hours for their clients and absent class members, and yet received no remuneration whatsoever despite their diligence and

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 8
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

expertise. *See*, *e.g.*, *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501 (2d Cir. 2010) (affirming grant of summary judgment in favor of defendants on loss causation grounds after several years of litigation).

Plaintiff's Counsel have received no compensation for their efforts during the course of this Litigation for more than two years and risked non-payment of $197,472 in out-of-pocket expenses and for the 5,300+ hours they worked in this Litigation, knowing that if their efforts were not successful, no fee would be paid. Joint Decl. ¶¶24, 26. The financial risk to Plaintiff's Counsel was significant. As a result, Plaintiff's Counsel should be compensated for the effort and financial burden they have carried. *See WPPSS*, 19 F.3d at 1300-01.

### 6. The Lodestar Cross-Check Confirms the Fee Request Is Reasonable

To determine the reasonableness of a fee award, courts may compare the percentage of the common fund with counsel's lodestar calculations. *See Vizcaino*, 290 F.3d at 1050-51. It is well established, however, that "'[t]he lodestar cross-check calculation need entail neither mathematical precision nor bean counting ... [courts] may rely on summaries submitted by the attorneys and need not review actual billing records.'" *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 264 (N.D. Cal. 2015) (alternations in original). Where, as here, "the Court is not using the lodestar to determine the actual amount of fees to be awarded, but rather merely as a cross-check to the percentage-of-the-fund amount sought[,]" it may accept class counsel's explanation of fees as reasonable when supported by "sworn declarations . . . describing each [counsel's] tasks[.]" *Id*.

Plaintiff's Counsel's combined "lodestar" is $2,945,612 for work through August 31, 2019, meaning that the requested fee, if awarded, would represent a significant negative "multiplier" of approximately 0.59 of Plaintiff's Counsel's combined lodestar. Joint Decl. ¶¶24-25. The Ninth Circuit has recognized that attorneys in common fund cases are frequently awarded a multiple of their lodestar, rewarding them "for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases." *Vizcaino*, 290 F.3d at 1051. For example, the district court in *Vizcaino* approved a fee that reflected a multiplier of 3.65 times counsel's lodestar. *Id*. The Ninth Circuit affirmed, holding that the district court correctly considered the range of multipliers applied in common fund cases and noting that a range of lodestar multipliers from 1.0 to 4.0 are frequently awarded. *Id*. at 1051 n.6; *see also Steiner v. Am. Broad. Co., Inc.*, 248 F. App'x 780, 783 (9th Cir. 2007) (6.85 multiplier

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 9
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

"falls well within the range of multipliers that courts have allowed"). Courts have also noted that a percentage fee that falls below counsel's lodestar supports the reasonableness of the award. *See*, *e.g.*, *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *16 (N.D. Cal. Nov. 26, 2007); *Amgen*, 2016 WL 10571773, at *9. Moreover, a negative multiplier, like the negative multiplier here, means "that Class Counsel is seeking payment for only a portion of the hours that they expended on the action." *Amgen*, 2016 WL 10571773, at *9.

Plaintiff's Counsel's lodestar represents more than 5,300 hours of work at their current hourly rates.[8] Joint Decl. ¶24. Plaintiff's Counsel's rates range from $900 to $425 for partners and $600 to $325 for other attorneys, including staff attorneys. Lynch Decl., Ex. A; Scott Decl., Ex. A; Riebel Decl., Ex. A; Bleichner Decl., Ex. A; Gudmundson Decl., Ex. A; Murray Decl., Ex. A; Stephens Decl., Ex. A. These rates have been approved in other class action cases. *See*, *e.g.*, *Morrow v. Ann, Inc.*, No. 1:16-cv-03340, ECF Nos. 70-71, 94 (S.D.N.Y.) (approving Carlson Lynch and Scott+Scott rates); Scott Decl. ¶6 (cases approving Scott+Scott rates); Stephens Decl. ¶10 (case approving Tousley Brain Stephens PLLC's rates). Given Plaintiff's Counsel's experience, work, and the complex and relatively specialized nature of this Litigation, their rates are reasonable.

Plaintiff's Counsel in this Litigation have submitted summaries of the number of hours expended by attorneys and staff and descriptions of the type of work each firm performed. Lynch Decl. ¶4 & Ex. A; Scott Decl. ¶4 & Ex. A; Riebel Decl. ¶4 & Ex. A; Bleichner Decl. ¶4 & Ex. A; Gudmundson Decl. ¶4 & Ex. A; Murray Decl. ¶4 & Ex. A; Stephens Decl. ¶9 & Ex. A. The hours billed were spent drafting pleadings and briefs, litigating numerous discovery disputes, taking and defending depositions, responding to discovery requests and producing documents, reviewing document productions, working with experts, and negotiating the Settlement. *Id.*[9] These tasks are typical in litigation and were necessary to the

---

[8] The Supreme Court and other courts have held that the use of current rates is proper since such rates compensate for inflation and the loss of use of funds. *See Mo. v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *Rutti v. Lojack Corp., Inc.*, No. SACV 06-350 DOC (JCx), 2012 WL 3151077, at *11 (C.D. Cal. July 31, 2012) ("it is well-established that counsel is entitled to current, not historic, hourly rates") (citing *Jenkins*, 491 U.S. at 284).

[9] Moreover, additional work will be required of Class Counsel on an ongoing basis, including: correspondence with Settlement Class Members; preparation for, and participation in, the Final Approval Hearing; supervision of the Claims Administration process conducted by the Settlement Administrator; and supervision of the distribution of the settlement fund to Settlement Class Members who have submitted valid Claim Forms. However, Class Counsel will not seek payment for this additional work.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 10
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

successful prosecution and resolution of the claims against Eddie Bauer.

The requested fees of $1,738,528 represent a multiplier of 0.59 of Class Counsel's lodestar. Given the quality of counsel's work and results achieved in these circumstances, the lodestar comparison supports the reasonableness of the requested fee award.

### C. Plaintiff's Counsel's Request for Reimbursement of Expenses Is Reasonable

"Attorneys who create a common fund are entitled to the reimbursement of expenses they advanced for the benefit of the class." *Vincent*, 2013 WL 621865, at *5. In assessing whether counsel's expenses are compensable in a common fund case, courts look to whether the particular costs are of the type typically billed to paying clients in the marketplace. *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).

Plaintiff's Counsel seek reimbursement of $197,472 for the reasonable expenses incurred to advance this litigation. Joint Decl. ¶¶24, 26. These expenses are outlined in Plaintiff's Counsel's individual fee and expense declarations submitted concurrently herewith and are of the type that counsel normally would charge a fee-paying client. Lynch Decl. ¶¶3, 8 & Ex. B; Scott Decl. ¶¶3, 8 & Ex. B; Riebel Decl. ¶¶3, 8 & Ex. B; Bleichner Decl. ¶¶3, 8 & Ex. B; Gudmundson Decl. ¶¶3, 8 & Ex. B; Murray Decl. ¶¶3, 8 & Ex. B; Stephens Decl. ¶¶8, 12 & Ex. B.

As explained in the Joint Declaration, a vast amount of fact discovery was taken in this Litigation and experts were engaged in preparation for the filing of a motion for class certification that would have been due in short order had the Litigation not settled. Joint Decl. ¶¶4-12. Thus, e-discovery vendor fees represent approximately 20% of the expenses incurred, court reporting fees and transcript costs for 13 depositions represent approximately 16%, travel expenses to attend depositions represent approximately 16%, and expert fees represent approximately 17%. *Id.* ¶26. The remainder of the expenses include online legal and factual research, the mediator's fee, the Special Master's fee, and costs related to duplicating exhibits for 13 depositions. *Id*. In sum, all of Plaintiff's Counsel's expenses, in an aggregate amount of $197,472, are typical in litigation, were necessary to the successful prosecution and resolution of the claims against Eddie Bauer, and should be approved.

---

Plaintiff's Counsel are able to provide itemized billing records setting forth time spent on particular tasks if the Court so requests.

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 11
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**D.      The Requested Service Award to Veridian Is Reasonable**

The Ninth Circuit recognizes that service awards given to named plaintiffs "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). To determine whether a service award is permissible, courts will consider "'the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment.'" *Online DVD-Rental*, 779 F.3d at 947 (quoting *Staton*, 327 F.3d at 977); *see also* Manual for Complex Litigation §21.62 n.971 (2015) (incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

Veridian requests a Service Award of $10,000 for its participation as the Settlement Class Representative. This award is justified by Veridian's extraordinary efforts to pursue this Litigation on behalf of the Settlement Class. Veridian stood alone against Eddie Bauer, and as a result, it was subjected to concentrated discovery in excess of what is typical in similar cases. Joint Decl. ¶¶7-11. Veridian employees devoted approximately 110 hours to this Litigation. Slessor Decl. ¶5. Veridian responded to six sets of requests for the production of documents, amounting to 164 document requests, sat for a full-day deposition, reviewed the complaints and certain briefs, and participated in the Settlement discussions that resulted in the excellent recovery to the Settlement Class. Joint Decl. ¶¶7-11; Slessor Decl. ¶¶2-5. Similar awards for class representatives have been found to be reasonable. *See*, *e.g.*, *Garcia v. Gordon Trucking, Inc.*, No. 1:10-CV-0324 AWI SKO, 2012 WL 5364575, at *11 (E.D. Cal. Oct. 31, 2012) (approving $15,000 class representative stipend from a maximum $3.7 million fund). Because it is of reasonable size and tailored to reward Veridian for exemplary service to the Settlement Class, the requested Service Award should be approved.

**III.    CONCLUSION**

Plaintiff respectfully requests that the Court grant Plaintiff's motion for an award of $2 million as payment for Claims Administration costs, as well as the requested attorneys' fees, expenses, and a Service Award.

Respectfully submitted, this 20th day of September, 2019.

TOUSLEY BRAIN STEPHENS PLLC

By: */s/ Kim D. Stephens*
Kim D. Stephens, WSBA #11984

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 12
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

kstephens@tousley.com

By: /s/ Chase C. Alvord
Chase C. Alvord, WSBA #26080
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 682-5600
Facsimile:  (206) 682-2992
calvord@tousley.com

Joseph P. Guglielmo (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile:  (212) 223-6334
jguglielmo@scott-scott.com

Erin Green Comite (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile:  (860) 537-4432
ecomite@scott-scott.com

Gary F. Lynch (*pro hac vice*)
Kevin W. Tucker (*pro hac vice*)
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile:  (412) 231-0246
glynch@carlsonlynch.com
ktucker@carlsonlynch.com

Karen H. Riebel (*pro hac vice*)
Kate Baxter-Kauf (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile:  (612) 339-0981
khriebel@locklaw.com
kmbaxter@locklaw.com

Arthur M. Murray
MURRAY LAW FIRM
650 Poydras St., Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Facsimile: (504) 284-5249
amurray@murray-lawfirm.com

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES  – 13
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Brian C. Gudmundson
ZIMMERMAN REED, LLP
1100 IDS Center, 80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
brian.gudmundson@zimmreed.com

Bryan L. Bleichner
CHESTNUT CAMBRONNE PA
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2921
bbleichner@chestnutcambronne.com

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 14
USDC WD WA NO. 2:17-cv-00356-JLR

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties registered on the CM/ECF system.  All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED at Seattle, Washington, this 20th day of September, 2019.

> By: */s/ Chase C. Alvord*
> Chase A. Alvord WSBA #26080
> TOUSLEY BRAIN STEPHENS PLLC

6308/001/542730.1

PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
REIMBURSEMENT OF EXPENSES – 15
USDC WD WA NO. 2:17-cv-00356-JLR

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992