Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERIDIAN CREDIT UNION, on behalf of itself and a class of similarly situated financial institutions,<br><br>Plaintiff,<br>v.<br><br>EDDIE BAUER LLC,<br><br>Defendant. | NO. 2:17-cv-00356-JLR<br><br>~~[PROPOSED]~~ FINAL APPROVAL ORDER AND JUDGMENT |

On June 12, 2019, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 165) of the Settlement between Plaintiff Veridian Credit Union ("Plaintiff" or "Veridian"), on its own behalf and on behalf of the Settlement Class, and Defendant Eddie Bauer LLC ("Eddie Bauer" or "Defendant"), as memorialized in Exhibit A (ECF No. 164-1) to Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement;[1]

On July 12, 2019, pursuant to the notice requirements set forth in the Settlement and Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing;

On September 20, 2019, Plaintiff filed its Motion for Final Approval of the Class Action Settlement (the "Final Approval Motion") and accompanying Joint Declaration of Gary F. Lynch and Joseph P. Guglielmo, along with supporting exhibits; and Class Counsel filed their Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and accompanying declarations from

1 Unless otherwise defined herein, all capitalized terms have the same definitions as those set forth in the Settlement Agreement and Release ("Agreement" or "SA") (ECF No. 164-1).



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

counsel of record in the Litigation setting forth their time and expenses and related exhibits (the "Fee Application");

On October 25, 2019, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator confirming that the Notice Program was completed in accordance with the Parties' instructions and Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of a Service Award.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Eddie Bauer, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, and expenses and a Service Award, and having reviewed the materials in support thereof, and good cause appearing in the record, Plaintiff's Final Approval Motion is **GRANTED** and Class Counsel's Fee Application is **GRANTED**, and:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2. The Settlement was entered into in good faith following arm's-length negotiations before an experienced mediator and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, in the best interests of the Settlement Class, satisfies Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), and therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement, including, but not limited to, the releases in the Settlement and the plans for distribution of the Settlement relief. The Court finds that the Settlement is, in all respects, fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members, who have not opted-out, are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof shall be deemed incorporated herein, as if explicitly set forth herein, and shall have the full force of an order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

**OBJECTIONS AND OPT-OUTS**

7. No objections were filed by Settlement Class Members. ~~The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.~~

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9. A list of those putative Settlement Class Members who have timely and validly elected to opt-out of the Settlement and Settlement Class, in accordance with the requirements in the Settlement (the "Opt-Out Members"), has been submitted to the Court in the Declaration of Christopher D. Amundson, filed in advance of the Final Approval Hearing. Such list is attached as Exhibit A to this Order. The persons and/or entities listed in Exhibit A are not bound by the Settlement, this Final Approval Order and Judgment, and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

**CLASS CERTIFICATION**

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

> All banks, credit unions, financial institutions, and other entities in the United States (including its Territories and the District of Columbia) that issued Alerted on Payment Cards. Excluded from the Settlement Class is the judge presiding over this matter and any members of his judicial staff, Eddie Bauer, and persons who timely and validly request exclusion from the Settlement Class.

11. The Court determines that for settlement purposes, the Settlement Class meets all the requirements of Rule 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Settlement Class Representative are typical of absent Settlement Class Members; the Settlement Class Representative will fairly and adequately protect the interests of the Settlement Class, as it has no interests antagonistic to or in conflict with the Settlement Class, and has retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

12. The Court grants Final Approval to the appointment of Plaintiff as the Settlement Class Representative. The Court concludes that the Settlement Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants Final Approval to the appointment, pursuant to Rule 23(g), of Joseph P. Guglielmo of Scott+Scott Attorneys at Law LLP and Gary F. Lynch of Carlson Lynch LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14. The Court finds that the Notice Program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient Notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the U.S. Constitution, and all other applicable laws.



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

15. The Court finds that Eddie Bauer has fully complied with the Notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

16. The Settlement Administrator's fees, as well as all other costs and expenses associated with Notice and Claims Administration, will continue to be paid by Eddie Bauer as provided in the Settlement.

**AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARD**

17. The Court has considered Class Counsel's Fee Application along with the declarations submitted by Counsel setting forth their time and expenses incurred in connection with this Litigation.

18. Pursuant to Rule 23(h), and relevant Ninth Circuit authority, the Court awards Class Counsel $2 million as an award of reasonable attorneys' fees, costs, and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This amount will also cover the Costs of Settlement Administration, which was previously approved by the Court (ECF No. 165), and the requested Service Award. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid in accordance with the Settlement. This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

19. The Court grants Class Counsel's request for a Service Award and awards $10,000 to Plaintiff. The Court finds that this payment is justified by Plaintiff's service to the Settlement Class. This Service Award shall be paid by Eddie Bauer in accordance with the Settlement.

**OTHER PROVISIONS**

20. The Parties to the Settlement shall carry out their respective obligations thereunder.

21. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

22. As of the Effective Date, the Releasing Parties, each on behalf of themselves and any predecessors, successors, or assigns, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendant's Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys'



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

fees, losses, and remedies, whether known or unknown (including Unknown Claims (defined below)), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable that result from, arise out of, are based upon, or relate to the Cyber Attack, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (i) Eddie Bauer's information security policies and practices; (ii) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (iii) Eddie Bauer's response to and notices about the Cyber Attack; (iv) the fraudulent use of any Alerted on Payment Cards; (v) the cancellation and reissuance of any Alerted on Payment Cards; and (vi) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted on Payment Cards or information relating to such cards (the "Released Claims").

23. For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were or could have been asserted in the Litigation and also include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation: those arising under state or federal laws of the United States (including, without limitation, any causes of action under the California Business & Professions Code §17200, *et seq.*, California Civil Code §1750, *et seq.*, Cal. Civ. Code §1798.80, *et seq.*, Cal. Civ. Code §56.10, *et seq.*, and any similar statutes or data breach notification statutes in effect in the United States or in any states in the United States); causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal courts of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

24. As of the Effective Date, Defendant's Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiff's Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation. For the avoidance of doubt, Defendant's Released Persons' release, as set forth in this ¶24, does not include entities that do not meet the definition of either Releasing Parties or Plaintiff's Released Persons.

25. The Settlement Class Representative and Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of Defendant's Released Persons or prosecuting any claim based on any actions taken by any of Defendant's Released Persons that are authorized or required by this Settlement or the Final Approval Order and Judgment. It is further agreed that the Settlement and/or this Final Approval Order and Judgment may be pleaded as a complete defense to any proceeding subject to this section.

26. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representative, does not know or suspect to exist in its favor at the time of the release of Defendant's Released Persons that, if known by it, might have affected its settlement with, and release of, Defendant's Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representative expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable and also any and all provisions,



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> ***A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.***

[Emphasis added]. Settlement Class Members, including the Settlement Class Representative, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true, with respect to the subject matter of the Released Claims, but the Settlement Class Representative expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Agreement of which this release is a part.

27. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement, are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Eddie Bauer of any claim, fact alleged in the Litigation, fault, wrongdoing, violation of law, or liability of any kind on the part of Eddie Bauer or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

28. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; ***provided, however,*** that nothing in the foregoing, Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

29. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member, who is not an Opt-Out Member, or any other person subject to the provisions of this Final Approval Order and Judgment.

30. The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and with prejudice, without fees or costs to any party, except as provided in this Final Approval Order and Judgment.

31. Consistent with the Settlement, if the Effective Date, as defined in the Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Litigation, as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

32. Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

33. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties, with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise, relating in any way to and arising from the implementation of the Settlement or this Final Approval Order and Judgment.



TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
206.682.5600

IT IS SO ORDERED.

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2019

Presented by:

TOUSLEY BRAIN STEPHENS PLLC

By: /s/ Kim D. Stephens
Kim D. Stephens, WSBA #11984
Chase C. Alvord, WSBA #26080
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
kstephens@tousley.com
calvord@tousley.com

Joseph P. Guglielmo (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com

Erin G. Comite (*pro hac vice*)
SCOTT+SCOTT ATTORNEYS AT LAW LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
ecomite@scott-scott.com

Gary F. Lynch (*pro hac vice*)
Kevin W. Tucker (*pro hac vice*)
CARLSON LYNCH, LLP
1133 Penn Avenue, 5th floor
Pittsburg, PA 15212
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
glynch@carlsonlynch.com
ktucker@carlsonlynch.com

Karen H. Riebel (*pro hac vice*)
Kate Baxter-Kauf (*pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
khriebel@locklaw.com
kmbaxter@locklaw.com

Arthur M. Murray (*pro hac vice*)
MURRAY LAW FIRM
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 525-8100
Facsimile: (504) 284-5249
amurray@murray-lawfirm.com

Brian C. Gudmundson (*pro hac vice*)
ZIMMERMAN REED, LLP
1100 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0844
brian.gudmundson@zimmreed.com

Bryan L. Bleichner (*pro hac vice*)
CHESTNUT CAMBRONNE PA
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2921
bbleichner@chestnutcambronne.com

***Attorneys for Plaintiff Veridian Credit Union***

**Exhibit ~~B~~ A**




August 1, 2019

Settlement Administrator
Eddie Bauer Data Breach Settlement
c/o Analytics Consulting LLC
Settlement Administrator
P.O. Box 2005
Chanhassen, MN 55317-2005

RE: Request for Exclusion

This letter is in regards to the settlement for Veridian Credit Union v. Eddie Bauer LLC, No. 2:17-cv-00356 (W.D. Wash). Metro Health Services Federal Credit Union located at 14517 F Street STE 211 Omaha, NE 68137 Phone number 402-551-3052. We request to be excluded from the Settlement Class.

VISA alerts US-2016-0665 listed a total of 68 payment cards issued by Metro Health Services that were identified as having been at risk as a result of the Data breach.

I, Nikki Delgado, am acting on behalf of Metro Health Services Federal Credit Union.

Nikki Delgado
nikkid@metrofcu.org
Manager of Cards and Phone Banking
402-552-7127
14517 F Street STE 211
Omaha NE 68137

Sincerely,

Nikki Delgado

Nikki Delgado

-cv-00356-JLR Document 168 Filed 09/20/19 Page

